## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| KELLY VRIEZEN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br><br>GROUP HEALTH PLAN, INC., d/b/a HEALTHPARTNERS,<br><br>Defendant. | Case No. 23-cv-00267 (JWB/DJF) |
| KAYE LOCKREM, *et al*., on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br><br>v.<br><br>GROUP HEALTH PLAN, INC., d/b/a HEALTHPARTNERS,<br><br>Defendant. | Case No. 23-cv-00461 (JWB/DJF) |
| SANDRA TAPP, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br><br>GROUP HEALTH PLAN, INC., d/b/a HEALTHPARTNERS,<br><br>Defendant. | Case No. 23-cv-00483 (JWB/DJF) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION UNOPPOSED BY
DEFENDANT FOR APPOINTMENT OF INTERIM CO-LEAD CLASS
COUNSEL UNDER FED. R. CIV. P. 23(g)(3)**

Federal Rule of Civil Procedure 23(g)(3) permits the appointment of interim lead counsel "to act on behalf of a putative class before determining whether to certify the action as a class action." *Moehrl v. Nat'l Assoc. of Realtors*, No. 19-cv-01610, 2020 WL 5260511, at *1 (N.D. Ill. 2020) (quoting Fed. R. Civ. P. 23(g)(3)); *see also In re Mercy Health ERISA Litig.*, No. 1:16-cv-441, 2016 WL 8542891, at *2 (S.D. Ohio Dec. 2, 2016) (same). "Designation of lead counsel now ensures the protection of the interests of the class in making and responding to motions, conducting discovery, and negotiating possible settlements." *Szymczak v. Nissan N. Am., Inc.*, Nos. 10 CV 7493(VB), 12 CV 1495(VB), 12 CV 2149(VB), 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (citing Manual for Complex Litigation ("MCL") § 21.11 (4th ed. 2004)).

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs Kelly Vriezen, Kaye Lockrem, Terri Cassick, and Sandra Tapp ("Plaintiffs") respectfully move for an order appointing Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg") and Bryan L. Bleichner of Chestnut Cambronne PA ("Chestnut") as Interim Co-Lead Class Counsel ("Proposed Interim Class Counsel") to lead this litigation on behalf of the class. Proposed Interim Class Counsel have significant nationwide consumer class action experience, knowledge of the applicable law, and substantial resources that can be used to litigate this matter. They also have a proven track record of success in privacy and data breach cases that will be of great benefit to the proposed

class. Appointment of interim class counsel now will promote efficiency, conserve judicial resources, and create a unified voice for putative class members that will streamline this litigation, with a team capable of taking the case to trial, if necessary.[1]

## BACKGROUND

On February 2, 2023, Kelly Vriezen filed the first case in this District concerning the HealthPartners Pixel in a case captioned as *Kelly Vriezen v. Group Health Plan, Inc., d/b/a HealthPartners,* Case No. 23-cv-00267 (JWB/DF) ("*Vriezen*"). On February 24, 2023, Kaye Lockrem and Terri Cassick filed the second case in this District, captioned *Kaye Lockrem, et al., v. Group Health Plan, Inc., d/b/a HealthPartners,* Case No. 23-cv-00461 (JWB/DF) ("*Lockrem*"). On February 28, 2023, Sandra Tapp filed the third case in this District, captioned *Sandra Tapp v. Group Health Plan, Inc., d/b/a Healthpartners*, Case No. 23-cv-0048 (JWB/DF) ("*Tapp*").

The above-captioned matters are similar class action lawsuits[2] arising out of the alleged transmission of Plaintiffs' and the putative Class Members' personally identifiable information ("PII") and protected health information ("PHI") (collectively referred to as "Private Information" or "PII and PHI") to Meta Platforms, Inc. d/b/a Meta ("Facebook"). In these Complaints, Plaintiffs allege that Defendant Group Health Plan, Inc. d/b/a HealthPartners ("Defendant") knowingly configured and implemented a

---

[1] Prior to filing this Motion, undersigned counsel contacted counsel for Group Health Plan, Inc., Inc. ("HealthPartners" or "Defendant") to discuss the relief sought herein. Counsel for Defendant advised that Defendant takes no position on this Motion.

[2] Plaintiffs previously filed a motion pursuant to Fed. R. Civ. P. 42(a) seeking to consolidate the above captioned actions, ECF No. 20.

tracking Pixel ("Pixel") to collect and transmit information from its website to Facebook, including information communicated in sensitive and presumptively confidential circumstances. *See, e.g., Vriezen* Compl., ¶¶ 3, 43; *Lockrem* Compl., ¶9; *Tapp* Compl., ¶ 55. Defendant serves more than 1.6 million medical and dental health plan members across several states. *See, e.g., Tapp* Compl., ¶ 25.

Shortly after filing, Plaintiffs' Counsel in each of the three filed cases met and conferred. Plaintiffs' Counsel agreed to combine forces, coordinate litigation efforts for the benefit of the class, and now seek appointment of Mr. Klinger and Mr. Bleichner as interim co-lead class counsel pursuant to Fed. R. Civ. P. 23(g)(3).

## APPLICABLE LAW

Rule 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]" MCL§ 21.11; *see also Chen v. Target Corp.,* CV 21-1247 (DWF/DTS), 2021 WL 6063632, at *2 (D. Minn. Dec. 22, 2021) ("the Court finds that appointment at this time will maximize efficiency by ensuring the consolidation of filings by current plaintiffs."); *Roe v. Arch Coal, Inc.*, No. 4:15-cv-910, 2015 WL 6702288, at *3 (E.D. Mo. Nov. 2, 2015) (finding it in the best interests of the class to appoint interim class counsel even when no other counsel competed for appointment); *Syzmczak v. Nissan N. Am., Inc.*, Nos. 10 CV 7493(VB), 12 CV 2149(VB), 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (citing MCL § 21.11 (4th ed. 2004)). Indeed, the Advisory Committee Notes to Rule 23

recognize "that in many cases the need to progress toward the certification determination may *require* designation of interim counsel." Fed. R. Civ. P. 23, advisory committee note to 2003 amendment (emphasis added).

While neither Rule 23 nor the Notes thereto expressly so state, it is generally accepted that the considerations set out in Rule 23(g)(1) governing the appointment of class counsel once a class is certified apply equally to the designation of interim class counsel before certification. *See Walker v. Discover Fin. Services,* 10-CV-6994, 2011 WL 2160889, at *2 (N.D. Ill. May 26, 2011) (quoting *Hill v. The Trib. Co.*, No. 05–cv– 2602, 2005 WL 3299144, at *3 (N.D. Ill. Oct. 13, 2005) ("Rule 23(g) provides criteria to consider when appointing class counsel. No distinction is made regarding appointing interim counsel")). Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

> (i)    the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii)  counsel's knowledge of the applicable law; and
>
> (iv)   the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A); *Adedipe*, *v. U.S. Bank, Nat'l Ass'n*, Nos. 13-2687 (JNE/JJK), 13 22944 (JNE/JKK), 2014 WL 835174, at *2 (D. Minn. Mar. 4, 2014)) (citing Fed. R. Civ. P. 23(g)(1)(A)). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ.

P. 23(g)(1)(B). The purpose of the Court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all the parties on their side, and that their charges will be reasonable." *Manual for Complex Litig* § 10.22. The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221;

## ARGUMENT

## I. PROPOSED INTERIM CLASS COUNSEL HAS THOROUGHLY IDENTIFIED AND INVESTIGATED THE CLAIMS.

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

MOORE'S FEDERAL PRACTICE § 23.120(3)(a) (3d. ed. 2007).

Here, Proposed Interim Class Counsels' work in identifying and investigating the claims in this case demonstrates that they have and will continue to fairly and adequately represent the proposed Class. For example, Proposed Interim Class Counsel have performed (and continue to perform) the following work on behalf of Plaintiffs and Class Members:

a) Investigated potential legal claims arising from Defendant's alleged

implementation of the Pixel on its digital platforms and alleged failure to enact protocols necessary to protect Plaintiffs' and Class Members' Private Information;

b) Analyzed reports and articles discussing and describing Defendant's challenged conduct;

c) Reviewed Defendant's websites and those of its affiliates, including representations concerning patient privacy and the technical aspects of the Pixel;

d) Researched Defendant's corporate structure;

e) Researched the relationship between Defendant and its family of organizations;

f) Investigated the nature of the challenged conduct at issue here by interviewing multiple potential clients who contacted Plaintiffs' counsels' firms;

g) Investigated the adequacy of the named Plaintiffs to represent the putative Class;

h) Drafted and filed separate complaints against Defendant, and effected service of the same;

i) Communicated internally amongst Plaintiffs' counsel regarding the most efficient manner to organize this litigation; and

j) Worked cooperatively, coordinated, and continue to meet and confer with Defendant's counsel regarding this litigation.

These efforts represent a high standard of professionalism, dedication, and thoroughness, which have been marshaled to identify, develop, and demonstrate the claims alleged in the respective complaints. These efforts support Proposed Interim Class Counsel's appointment. *See*, *Walker,* 2011 WL 2160889, at *3.

Indeed, these measures are precisely the type of work that the Advisory Committee Notes to Rule 23 state that the Court should consider in appointing interim class counsel. In particular, the Notes contemplate that the appointment of interim class counsel may be necessary to conduct pre-certification discovery prior to a determination to grant or deny class certification pursuant to Fed. R. Civ. P. 23(c)(1) inasmuch as "some discovery is often necessary for that determination." *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003). The Notes further state, "[o]rdinarily such work is handled by the lawyer who filed the action." *Id*. Here, Proposed Interim Class Counsel expect that a significant amount of discovery and related motion practice will take place prior to class certification. *See id.* (noting that interim class counsel may be necessary to "make or respond to motions before certification"). Moreover, the class certification motion has not yet been scheduled and discovery will be necessary before that motion is filed. Discovery in this matter may be complicated and require negotiations and motions prior to a motion for class certification. Proposed Interim Class Counsel's thorough investigation into the claims will enable them to more than adequately handle this discovery and related motion practice.

## II.    PROPOSED INTERIM CLASS COUNSEL ARE EXPERIENCED IN HANDLING CLASS ACTIONS AND OTHER COMPLEX LITIGATION

The second factor the court must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(ii). Here, Proposed Interim Class Counsel have substantial experience handling consumer class actions involving data privacy issues as well as other complex litigation. The firms' attorneys have represented plaintiffs in hundreds of class action lawsuits in state and federal courts throughout the United States.

Perhaps most importantly, Proposed Interim Class Counsel, and the attorneys at their respective law firms, have substantial experience handling data security and data privacy cases. Mr. Klinger's cases where he was appointed lead or co-lead counsel include *Boone, et al. v. Snap, Inc*., Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (settlement of $35 million privacy class action); *Carrera Aguallo v. Kemper Corp*., Case No. 1:21-cv-01883 (N.D. Ill. Oct. 27, 2021) (settlement of $17.6 million privacy class action); *Jackson-Battle v. Navicent Health, Inc.*, No. 2020-CV-072287 (Ga. Super. Ct. Bibb Cnty.) (data breach case involving 360,000 patients; final approval granted to settlement valued at $72 million); *Karpilovsky v. All Web Leads, Inc.*, No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. June 25, 2018) (a nationwide class action involving more than one million class members; the case ultimately settled for $6.5 million.) *Kim v. A Place for Mom, Inc.*, No. 2:17-cv-01826-TSZ (W.D. Wa.) (nationwide privacy class action settled for $6 million); *In re Herff Jones Data Breach Litig*., No. 1:21-cv-1329-TWP-DLP (S.D. Ind. June 28, 2021) (approved $4.35 million settlement to resolve class

claims against Herff Jones in a data breach case involving more than one million class members). Mr. Bleichner has been appointed to a leadership position in *In re Netgain Technology, LLC, Consumer Data Breach Litigation,* No. 21-cv-1210-SRN-LIB (D. Minn.); *Lutz v. Electromed, Inc.*, No. 21-cv-2198-SRN-DTS (D. Minn.); *DeSue v. 20/20 Eye Care Network, Inc.*, No. 21-cv-61275-RAR (S.D. Fla.); *In re Herff Jones Data Security Breach Litigation*, No. 1:21-cv-01329-TWP-DLP (S.D. Ind.); *In re EyeMed Vision Care, LLC Data Security Breach Litigation*, No. 1:21-cv-00036-DRC (S.D. Ohio); *In re Luxottica of America, Inc. Data Security Breach Litigation*, No. 1:20-cv-00908-MRB (S.D. Ohio); *Greenstate Credit Union v. Hy-Vee, Inc*., No. 20-621-DSD-DTS (D. Minn.); *Village Bank v. Caribou Coffee Co., Inc.*, No. 0:19-cv-01640 (D. Minn.); *In re WaWa, Inc. Data Security Litigation*, No. 19-cv-6019-GEKP (E.D. Pa.); *In re Equifax, Inc., Customer Data Security Breach Litigation*, No. 17-md-2800-TWT (N.D. Ga.); *Midwest American Federal Credit Union v. Arby's Restaurant Group, Inc.*, No. 17-cv-00514-AT (N.D. Ga.); *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1102 (D. Colo); *First Choice Fed. Credit Union v. The Wendy's Company*, No. 2:16-cv-00506 (W.D. Pa.); *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356 (W.D. Wash.); *In re The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 1:14-md-02583 (TWT) (N.D. Ga.); and *In re Target Corporation Customer Data Security Breach Litigation*, No. 0:14-md-02522-PAM-JJK (D. Minn.).

Each of Proposed Interim Class Counsel has had leadership roles in consumer and privacy actions, having been appointed by courts throughout the United States and having collectively recovered millions of dollars on behalf of consumers. The qualifications and

experience of Proposed Interim Class Counsel are detailed in the accompanying firm resumes. *See* Exhibits A and B. An overview of Proposed Interim Class Counsels' backgrounds appears below.

**PROPOSED INTERIM CO-LEAD CLASS COUNSEL**

**GARY M. KLINGER (MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC)[3]**

Mr. Klinger is a Partner at the international plaintiffs' class action firm Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg"). Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[4]  Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court.[5]  The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing.  Milberg has more than 80 attorneys and has offices across the U.S. and the European Union.

At only 37-years-old, Mr. Klinger is one of the most well-known and respected data privacy attorneys in the United States. He is presently pursuing his Masters of Laws (LLM) in Data Privacy and Cybersecurity from the University of Southern California

---

[3] A biography of Mr. Klinger's firm is attached as Exhibit A.

[4] *See, e.g., In re Tyco International Ltd., Securities Litigation*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Insurance Co. Sales Practice Litigation*, No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.

[5] *See* https://milberg.com/precedent-setting-decisions/page/3/.

Gould School of Law. Mr. Klinger has extensive experience serving as leadership in numerous high-stakes consumer class actions. Mr. Klinger has settled more than fifty class actions as lead or co-lead counsel and recovered over $100 million in the process. He is presently litigating more than one hundred class action cases across the country involving privacy violations. Mr. Klinger recently obtained approval of a $35 million privacy class action. *See Boone, et al. v. Snap, Inc.*, Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger obtained a settlement of $35 million for violation of Illinois' Biometric Information Privacy Act). In addition Mr. Klinger has obtained approval of a class-wide settlement valued at $17.6 million for a major data breach class action involving more than six million consumers. *See Carrera Aguallo v. Kemper Corp.*, Case No. 1:21-cv-01883 (N.D. Ill. Oct. 27, 2021) (where Mr. Klinger served with Ms. Martin as two of 3 court appointed co-lead counsel). In addition, Mr. Klinger reached a class-wide settlement for $11 million for a major data breach involving more than 4 million consumers. *See Heath v. Insurance Technologies Corp.*, No. 21-cv-01444 (N.D. Tex.). Mr. Klinger was also appointed Co-Lead Counsel in the data breach case of *In re: Herff Jones Data Breach Litigation*, Master File No. 1:21-cv-1329-TWP-DLP (S.D. Ind.), which involves approximately one million class members and settled on a class-wide basis for $4.35 million. Mr. Klinger further served as co-lead counsel in the consolidated data breach litigation styled *In Re: CaptureRx Data Breach Litigation*, No. 5:21-cv-00523-OLG (W.D. Tex.), which involves more than 2.4 million class members and settled on a class-wide basis for $4.75 million. Mr. Klinger presently serves as court appointed co-lead counsel to more than 2 million class members in the litigation styled

*Sherwood v. Horizon Actuarial Services, LLC*, Case No. 1:22-cv-01495-ELR (N.D. Ga.). Mr. Klinger also serves as appointed co-lead counsel to represent more than 3 million class members in another major data breach class action in the Seventh Circuit. *See In re Arthur J. Gallagher Data Breach Litigation*, No. 1:21-cv-04056 (N.D. Ill.).

Importantly, Mr. Klinger has obtained successful results on behalf of class members in this Court. In September of 2022, Mr. Klinger announced a classwide settlement of $3.7 million for a data breach involving approximately 2 million class members. *See In re Forefront Data Breach Litigation*, Master File No. 1:21-cv-00887-LA (E.D. Wi.). Simply put, Mr. Klinger and the attorneys at his law firm have substantial experience handling data security and data privacy cases like this one, including some of the largest data privacy litigation in the United States. *See, e.g., In re: Blackbaud Data Privacy* MDL No. 2972 (D. S.C.) (where Milberg serves as interim class counsel in a data breach involving millions of consumers); *Jackson-Battle v. Navicent Health, Inc.*, No. 2020-CV-072287 (Ga. Super. Ct. Bibb Cnty. filed Apr. 29, 2020) (Mr. Klinger appointed Class Counsel in data breach case involving 360,000 patients; settlement valued at over $72 million); *Mowery v. Saint Francis Healthcare Sys.*, No. 1:20-cv-00013-SRC (E.D. Mo. Dec. 22, 2020) (Mr. Klinger appointed Class Counsel; settlement value of over $13 million).

Mr. Klinger has also successfully litigated privacy class actions through class certification. In *Karpilovsky v. All Web Leads, Inc*., No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. June 25, 2018), Mr. Klinger certified, over objection, a nationwide privacy class action involving more than one million class members. *Id*. In a recent nationwide

privacy class settlement hearing in the U.S. District Court for the Northern District of California, Judge Richard Seeborg personally commended Mr. Klinger for "quite a substantial recovery for class members." Judge Seeborg further stated he could not recall any class action case where "the amounts going to each class member were as substantial" as that obtained by Mr. Klinger (and his co-counsel).

**BRYAN L. BLEICHNER, CHESTNUT CAMBRONNE PA[6]**

Bryan L. Bleichner is a shareholder at Chestnut Cambronne PA, an officer of the Antitrust Section of the National Federal Bar Association, a featured speaker at the National American Bar Association, and a current member of the Sedona Conference Working Group Series. Mr. Bleichner has extensive experience serving as leadership or class counsel in numerous class action data breach cases including: *Johnson v. Yuma Regional Medical Center*, No. 2:22-cv-01061 (D. Ariz.); *In re Netgain Technology, LLC, Consumer Data Breach Litigation*, No. 21-cv-1210, (D. Minn.); *In re 20/20 Eye Care Network Inc. Data Breach Litigation*, No. 21-cv-61275-RAR (S.D. Fla.); *Baker v. ParkMobile, LLC*, No. 1:21-cv-02182 (N.D. Ga.); *In re Herff Jones Data Security Breach Litigation*, No. 1:21-cv-01329-TWP-DLP (S.D. Ind.); *In re EyeMed Vision Care, LLC Data Security Breach Litigation*, No. 1:21-cv-00036-DRC (S.D. Ohio); *In re Luxottica of America, Inc. Data Security Breach Litigation*, No. 1:20-cv-00908-MRB (S.D. Ohio); *Greenstate Credit Union v. Hy-Vee, Inc.*, No. 20-621-DSD-DTS (D. Minn.); *Village Bank v. Caribou Coffee Co., Inc.*, No. 0:19-cv-01640 (D. Minn.); *In re WaWa, Inc. Data Security Litigation*, No. 19-cv-6019-GEKP (E.D. Pa.); *In re Equifax, Inc., Customer Data*

---

[6] A copy of Mr. Bleichner's firm resume is attached as Exhibit B.

*Security Breach Litigation*, No. 17-md-2800-TWT (N.D. Ga.); *Midwest American Federal Credit Union v. Arby's Restaurant Group, Inc.*, No. 17-cv-00514-AT (N.D. Ga.); *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1102 (D. Colo); *First Choice Fed. Credit Union v. The Wendy's Company*, No. 2:16-cv-00506 (W.D. Pa.); *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356 (W.D. Wash.); *In re The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 1:14-md-02583 (TWT) (N.D. Ga.); and *In re Target Corporation Customer Data Security Breach Litigation*, No. 0:14-md-02522-PAM-JJK (D. Minn.); *Lutz v. Electromed, Inc.*, No. 70-CV-21-11814 (D. Minn.); *Thomas v. Pawn America Minnesota, LLC*, No. 0:21-cv-02554 (D. Minn.); *Seabrian v. St. Joseph's/Candler Health System, Inc.*, No. STCV21-01652 (State Court of Chatham County, Georgia);

Mr. Bleichner also has experience serving as leadership or class counsel in non-data-breach class actions, including: *Walker v. Nautilus, Inc.*, No. 20-cv-3414-EAS-EPD (S.D. Ohio); *Maura Howard v. Life Time Fitness, Inc.*, No. 27-cv-20-10513 (Minn. 2020); *Barclay v. Icon Health & Fitness, Inc.*, No. 19-cv-02970-ECT-DTS (D. Minn.); *In re Resideo Technologies, Inc. Securities Litigation*, No. 19-cv-02863-WMW-KMM (D. Minn.); *In re Pork Antitrust Litigation.*, No. 18-cv-1776-JRT-HB (D. Minn.); *In re DPP Beef Litigation*, No. 20-cv-1319-JRT/HB (D. Minn.); *James Bruner v. Polaris Industries Inc.*, No. 18-cv-00939-WMW-DTS (D. Minn.); *In re FedLoan Student Loan Servicing Litigation*, No. 2:18-md-02833-CDJ (E.D. Pa.); *Marie Travis v. Navient Corp.*, No. 17-cv-04885-JFB-GRB (E.D.N.Y.); *Delamarter v. Supercuts, Inc.*, No. 19-3158-DSD-TNL (D. Minn.); and *Christian v. National Hockey League*, No. 0:14-md-02551-

SRN-JSM (D. Minn.).

### III.   PROPOSED INTERIM CLASS COUNSEL ARE HIGHLY EXPERIENCED AND FAMILIAR WITH THE APPLICABLE LAW

Proposed Interim Class Counsel are well-qualified to lead this case. Each attorney has a track record of successfully litigating and resolving consumer class actions and other complex cases. *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field"). Proposed Interim Class Counsel have ample experience prosecuting class actions, including advancing claims for negligence, consumer fraud, privacy statute violations, and the other typical claims inherent to data privacy and data breach litigation. Proposed Interim Class Counsel are highly knowledgeable about the law applicable to data privacy and data breach litigation, including with respect to the claims advanced in this matter.

As set forth above and in the accompanying firm resumes, Proposed Interim Class Counsel, and the attorneys at their respective law firms, have a long track record of successfully litigating large-scale consumer and complex actions, with extensive experience litigating data breach and data privacy cases in particular. *See* Exs. A & B. As this litigation raises claims based on both common law and state consumer protection and data privacy statutes, it is crucial that appointed leadership have knowledge of the substantive laws at issue and experience litigating these causes of action specifically in the class action context, given the often-complex interplay between substantive law and the dictates of Rule 23.

16

Data breach cases bring their own set of challenges, and litigating them often entails extensive factual discovery, retention of multiple experts, and background knowledge in the technology of cybersecurity. Recurring issues of Article III standing, class certification, damages, and injunctive relief require counsel that have already learned the lessons or achieved legal rulings that facilitate prosecution.

Proposed Interim Class Counsel have extensive experience litigating class actions involving large data breaches, as described above. That experience will allow them to skillfully litigate this specific case in the best interests of Plaintiffs and the putative Class.

## IV.   PROPOSED INTERIM CLASS COUNSEL WILL COMMIT ALL NECESSARY RESOURCES TO REPRESENTING THE CLASS

The final Fed. R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports the appointment of Proposed Interim Class Counsel. Here, Proposed Interim Class Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members.  In fact, Proposed Interim Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to file this leadership proposal.  They are also expected to pay assessments when necessary to ensure that adequate funds are available to prosecute this litigation.  And, as their firm résumés and counsels' experience indicate, Proposed Interim Class Counsel have the resources to see

this litigation through to its conclusion, including trial.

The firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases which will benefit Plaintiffs and the putative Class. Proposed Interim Class Counsel's ability to draw from this well-developed repository of information will also allow them to streamline the litigation.

As interim class counsel, Proposed Interim Class Counsel will continue to commit the same resources and effort to this case as they have committed to their other, successful class action litigations, and are committed to working cooperatively and efficiently for the benefit of the class.

## V.    CONCLUSION

In the interest of judicial economy and for the reasons set forth above, Plaintiffs respectfully request that the Court enter an Order appointing Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC and Bryan L. Bleichner of Chestnut Cambronne PA as Interim Co-Lead Class Counsel.


Respectfully submitted,


Dated: March 20, 2023                    /s/ Bryan L. Bleichner
                                         Bryan L. Bleichner (MN #0326689)
                                         Jeffrey D. Bores (MN #227699)
                                         Philip J. Krzeski (MN #0403291)
                                         **CHESTNUT CAMBRONNE PA**
                                         100 Washington Avenue South, Suite 1700
                                         Minneapolis, MN 55401
                                         Phone: (612) 339-7300
                                         *bbleichner@chestnutcambronne.com*
                                         *jbores@chestnutcambronne.com*

18

*pkrzeski@chestnutcambronne.com*

Gary M. Klinger*
Alexandra M. Honeycutt*
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
*gklinger@milberg.com*
*ahoneycutt@milberg.com*

Terence R. Coates*
Dylan J. Gould*
**MARKOVITS, STOCK & DEMARCO,**
**LLC**
119 E. Court St., Ste. 530
Cincinnati, Ohio 4502
Phone: (513) 651-3700
Fax: (513) 665-0219
*tcoates@msdlegal.com*
*dgould@msdlegal.com*

Joseph M. Lyon*
**LYON LAW FIRM**
2754 Erie Ave.
Cincinnati, Ohio 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
*jlyon@thelyonfirm.com*

*Counsel for Plaintiff Kelly Vriezen and the*
*Putative Classes*

*/s/ Stephen R. Basser*
Stephen R. Basser* (CA Bar No. 121950)
Samuel M. Ward* (CA Bar No. 216562)
**BARRACK RODOS & BACINE**
One America Plaza
600 West Broadway, Suite 900
San Diego, California 92101
Phone: (619) 230-0800
Fax: (619) 230-1874

19

sbasser@barrack.com
sward@barrack.com

John Emerson*
**EMERSON FIRM LLP**
2500 Wilcrest, Ste. 300
Dallas, Texas 77042
Phone: (800) 551-8649
Fax: (501) 286-4659
jemerson@emersonfirm.com

*Counsel for Plaintiffs Kaye Lockrem and Terri
Cassick and the Putative Classes*

*s/ Brian C. Gudmundson*
Brian C. Gudmundson (#336695)
Jason P. Johnston (#0391206)
Michael J. Laird (#398436)
Rachel K. Tack (#0399529)
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
brian.gudmundson@zimmreed.com
jason.johnston@zimmreed.com
michael.laird@zimmreed.com
rachel.tack@zimmreed.com

Hart L. Robinovitch (#0240515)
**ZIMMERMAN REED LLP**
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ 85254
Telephone: (480) 348-6400
hart.robinovitch@zimmreed.com

Daniel E. Gustafson (#202241)
Karla M. Gluek (#238399)
David A. Goodwin (#386715)
Anthony J. Stauber (#401093)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600

20

Minneapolis, MN 55402
Telephone: (612) 333-8844
*dgustafson@gustafsongluek.com*
*kgluek@gustafsongluek.com*
*dgoodwin@gustafsongluek.com*
*tstauber@gustafsongluek.com*

*Counsel for Plaintiff Sandra Tapp and the
Putative Class*

*\* pro hac vice applications forthcoming*