# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: Group Health Plan Litigation | Case No. 23-cv-00267 (JWB/DJF)<br><br>**DECLARATION OF CHRISTOPHER P. RENZ IN SUPPORT OF PLAINTIFFS' UNOPPOSED AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

I, Christopher P. Renz, declare:

1. I am an attorney licensed to practice before the courts of the State of Minnesota and admitted to practice before this Honorable Court. I am privileged to serve as counsel on behalf of the Plaintiffs and the putative class in this litigation. I am a partner in the firm Chestnut Cambronne, PA. I submit this Declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice Plan.

2. On July 30, 2024, Counsel for Plaintiffs and the putative class entered into a Settlement Agreement and Release that was modified by an Addendum dated August 28, 2024 (collectively, the "Settlement Agreement") with Defendant Group Health, Inc. ("Group Health"). A true and correct copy of the Settlement Agreement is attached as Exhibit 1.

3. Plaintiff and Group Health agreed to resolve all claims asserted in the complaint filed in this litigation. Group Health has agreed to fund a Settlement Fund of $6,000,000.00. The Settlement Fund will be distributed to Settlement Class Members

pursuant to the Notice Program (Settlement Agreement, § VII), from which the Settlement Administrator will disburse the Settlement Fund to Settlement Class Members (less any amounts used to pay for Settlement Notice, any incentive awards, and attorneys' fees).

4. The Parties have selected Atticus Administration, LLC ("Atticus") to be the Settlement Administrator from among two competitive bids from class administration firms – Atticus and Analytics Consulting, LLC. Both settlement administrators proposed notice via e-mail to a vast majority of the class based on Defendant's ability to provide that information, in addition to mail notice for those without valid e-mail addresses, and the establishment of a settlement website. Settlement Class Counsel selected Atticus on the basis that its estimate appeared to be the most comprehensive and the most likely to be the price at the end of the process. Over the course of the last two years, Settlement Class Counsel has collectively engaged Atticus to serve as settlement administrator in the following cases:

    a. *Guarino v Radius Financial Group,* No. 2283CV00196 (Sup. Ct. Plymouth County, Mass.);

    b. *Tarrant v Southland Holdings*, Cause No. 067-333679-22 (67th Judicial District, Tarrant County, Texas);

    c. *Coon v. JS Autoworld, Inc.*, No. A-23 869272-C (Eighth Judicial District Court, Clark County, Nevada);

    d. *Fernandez v. AUS Inc.*, No. BURL000674-24 (Superior Court of New Jersey Law Division, Burlington County);

    e. *In re Medical Review Institute of America, LLC, Data Breach Litigation*, Civil No. 2:22CV0082-DAK-DAO (D. Utah);

  f. *McManus v. Gerald O. Dry, P.A.*, 23-CVS-001776 (Sup. Ct. Carbarrus County, NC);

  g. *Kirtley v. Startek*, No. 1:22-cv-00258-RMR-NRN (D. Colo.); and

  h. *Barclay et al v. iFIT Health and Fitness, Inc.*, No. 0:19-cv-02970-ECT-DJF.

5. Settlement Class Counsel has extensive experience representing plaintiffs in data privacy class action cases such as this one, including *In re Novant Health, Inc.*, No. 1:22-cv-00697-CCE-JEP (MD NC) ($6,660,000 non-reversionary common fund settlement for roughly 1,361,159 class members); *John v. Froedtert Health, Inc.*, No. 23-CV-1935 (Circuit Court, Milwaukee County, WI) ($2,000,000 non-reversionary common fund for 459,044 class members); and *In re Advocate Aurora Health Pixel Litig.*, No. 22-CV-1253 (E.D. Wis.) ($12,000,000 non-reversionary common fund for 2,540,567 class members). The costs of settlement administration in *Advocate Aurora* is $2,750,000 equating to a costs of roughly $1.10 per class member. The costs of settlement administration in *Novant* is $602,194.55 equating to roughly $.43 per class member. In comparison to this case, Atticus's settlement administration quote is $312,627.00, equating to roughly $.32 per class member. Settlement Class Counsel considered the settlement administration costs per class member in other similar data privacy settlements in making the informed decision to recommend Atticus to serve as the settlement administrator for this Settlement.

6. Settlement Class Counsel anticipate that this Settlement will more closely align with the claims rate and settlement administration costs in the *Novant* settlement

due to the notice program Atticus will follow in this case including content and form of notices, and the proposed plan for distributing settlement payments to class members (pro rata cash payments). Like *Novant*, the primary notice method in this case will be through email notice to over 99% of class members. The content of the notices are very similar to those utilized in *Novant* and the proposed distribution method for pro rata cash payments to class members submitting valid claims from the net settlement fund is the same as the distribution plan in *Novant*. The claims rate in *Advocate Aurora* is a statistical outlier and not one that Settlement Class Counsel recommends as a predictive guidepost for this case.

7.  Atticus will provide a short-form notice by United States Postal Service mail or e-mail to all valid addresses Defendant provides to it and will make the long-form notice available for review on the Settlement website. Using information provided by Defendant, Atticus will have sufficient information to provide targeted, direct notice to Class Members. The notice clearly and concisely informs Class Members that they may do nothing and be bound by the Settlement, exclude themselves by completing the exclusion form and not be bound by the Settlement, or make a claim by completing and returning a claim form and be bound by the Settlement.

8.  The global resolution achieved by the parties in the Settlement came about through well-informed parties and their counsel. Plaintiffs received and produced hundreds of pages of documents, through informal and formal discovery, which Settlement Class Counsel reviewed and considered.

9. Settlement Class Counsel kept in close contact with Plaintiffs during the litigation through numerous emails and personal telephone calls.

10. Prosecution of this litigation would likely include significant expense, including but not limited to dealing with complex technological issues and large third-parties with a role in the case (*e.g.* Meta), as well as experts for technological liability issues as well as damages. While Plaintiffs are very confident in their claims and damages, preparing them for a contested trial would involve considerable expense.

11. In view of the contested issues involved, the risks, uncertainty, and costs of further prosecution of the litigation, the parties agreed to participate in a settlement conference with the Honorable United States Magistrate Dulce J. Foster, who facilitated rigorous negotiations over the course of an all-day settlement conference. The settlement conference was highly contested, with counsel for each side advancing their respective arguments zealously on behalf of the best interests of their clients while demonstrating their willingness to continue to litigate rather than accept a settlement not in the best interests of their clients. The negotiations were hard-fought throughout and the settlement process was conducted at arm's length and, while conducted in a highly professional and respectful manner, was adversarial.

12. The provisions of the Settlement relating to Group Health's commitment to pay any attorneys' fees and costs approved by the Court were negotiated only after substantive terms of the Settlement were discussed and agreed upon by the parties.

13. Settlement Class Counsel will request up to a $2,500 service award to each of Plaintiffs Kelly Vriezen, Sandra Tapp, and Kaye Lockrem, whose service to the Class

5

included consultation with Plaintiffs' counsel, reviewing documents, and being available for mediation and subsequent settlement discussions.

14. Class Settlement Counsel recommends, for the Court's consideration, preliminary approval of the Settlement because it is well within the range of possible approval and is fair, reasonable, and adequate and in the best interests of the Settlement Class.

15. Class Settlement Counsel is not aware of any cases on similar sets of facts (*i.e.* pixel installation or tracking tools) that has gone to verdict.

16. Class Settlement Counsel has consulted with expert witnesses regarding aspects of this case, but no expert has performed a damage analysis.

17. To my knowledge, no other cases will be affected by the settlement for which we are seeking approval from the Court.

18. To my knowledge, including based on discussions with Defendant's counsel, neither of the parties nor their counsel have any relationship to the Justice & Democracy Centers of Minnesota, other than the undersigned's firm having made a donation to their initial establishment.

19. Class Settlement Counsel currently has $897,810.30 in attorneys' fees, based on 1161.3 hours, and $3,521.07 in expenses. Class Settlement Counsel anticipates it will seek an award of attorneys' fees and costs of $2,000,000.00, which based on fees and expenses to date (and not including the fees and expenses relating to final approval and any other efforts in the settlement approval process) would be a 2.2x multiplier.

20.     Class Settlement Counsel estimates a claims rate in this case based on the current notice plan of 8-14%, which it approximates from comparable settlements in *In re Novant Health, Inc.*, No. 1:22-cv-00697-CCE-JEP (MD NC) (11.7% claims rate) and *John v. Froedtert Health, Inc.,* No. 23-CV-1935 (Circuit Court, Milwaukee County, WI) (10.44% claims rate).  These cases are pixel tracking settlements involving health care providers with comparably sized classes, comparable class demographics, comparable benefits offered, and comparable settlement fund sizes.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of August 2024, in Minneapolis, Minnesota.

*s/ Christopher P. Renz*
Christopher P. Renz