# **EXHIBIT 1**

to Declaration of Christopher P. Renz

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement" or "Settlement Agreement") is entered into by and between Group Health Plan, Inc. d/b/a HealthPartners (the "Defendant" or "Group Health") and Kelly Vriezen, Sandra Tapp, and Kaye Lockrem (the "Plaintiffs" and, together with Defendant, the "Parties"), individually and on behalf of the Settlement Class (as defined below), by and through their respective counsel.

### I.    Recitals

1.    Group Health is an integrated health care organization providing healthcare services and health plan financing and administration headquartered at 8170 33rd Ave. S. Bloomington, MN 55425.

2.    On February 2, 2023, Plaintiff Kelly Vriezen filed a class action complaint in the United States District Court for the District of Minnesota, captioned *Vriezen v. Group Health Plan, Inc., d/b/a Health Partners,* Case No. 23-cv-00267. On February 24, 2023, Plaintiff Kaye Lockrem filed a class action complaint in the United States District Court for the District of Minnesota, captioned *Kaye Lockrem, et al., v. Group Health Plan Inc., d/b/a HealthPartners*, Case No. 23-cv-00461. And, on February 28, 2023, Plaintiff Sandra Tapp filed a class action complaint in the United States District Court for the District of Minnesota, captioned *Tapp v. Group Health Plan, Inc. d/b/a/ HealthPartners*, Case No. 23-cv-00483.  These cases were subsequently consolidated under this case number and retitled *In re: Group Health Plan Litigation,* (the "Litigation") and a consolidated complaint was filed on July 14, 2023 (the "Complaint").

3.    The Litigation arises from Plaintiffs' claim that Defendant used an Internet tracking technology supplied by a third party, called a pixel (referred to as a "Tracking Tool" herein), which Plaintiffs allege may have led to the disclosure of certain personal or health-related information to

1

a vendor or third-party (defined below as the "Pixel Disclosure"). Plaintiffs claim that Defendant's implementation and usage of such Tracking Tools allegedly resulted in the invasion of Plaintiffs' and Settlement Class Members' privacy and other alleged common law and statutory violations.

4.     Defendant denies all claims asserted against it in the Litigation, denies all allegations of wrongdoing and liability, and denies all material allegations of the Complaint.

5.     Class Counsel (defined below) have investigated the facts relating to the claims and defenses alleged and the underlying events in the Litigation, have made a thorough study of the legal principles applicable to the claims and defenses asserted in the Litigation, and have conducted a thorough assessment of the strengths and weaknesses of the Parties' respective positions.

6.     The Parties desire to settle the Litigation and all claims arising out of or related to the allegations or subject matter of the Complaint, the Litigation, the Pixel Disclosure, and/or Defendant's use of any Tracking Tools on the terms and conditions set forth herein for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing the Litigation.

7.     Plaintiffs and Class Counsel, on behalf of the Settlement Class (as defined below), have concluded—based upon their pre-suit investigation, informal discovery for settlement purposes, formal discovery, and taking into account the contested issues involved, the expense and time necessary to prosecute the Litigation through trial, the risks and costs associated with further prosecution of the Litigation, the uncertainties of complex litigation, the desired outcome from continued litigation, and the substantial benefits to be received pursuant to this Settlement Agreement—that a settlement with Defendant on the terms set forth herein is fair and reasonable and in the best interest of Plaintiffs and the Settlement Class. Plaintiffs and Class Counsel believe that the Settlement reflected in this Settlement Agreement confers substantial benefits upon the Settlement Class.

8.      The Settlement Agreement allocates the Settlement Fund as follows:

a.      Settlement Class Representative Service Awards;

b.      the Settlement Administrator's Notice and Settlement Administration Costs;

c.      a *pro rata* cash payment to all Class Members submitting valid Claim Forms under the Settlement;

d.      the Settlement Administrator will reissue a notice via email (or by mail if no email is available) ("*Pro Rata* Payment Reminder Notice") to any Class Member who did not redeem their *pro rata* cash payment within the first seventy-five (75) days after issuance of the *pro rata* cash payment;

e.      any Class Member who requests a replacement *pro rata* cash payment within 120 days from the date of issuance will receive a replacement *pro rata* cash payment that must be redeemed within 60 days;

f.      any uncashed funds that remain after the *Pro Rata* Payment Reminder Notice will be considered Residual Funds and distributed via *cy pres* distribution as designated in Paragraph 14; and

g.      Class Counsel's Attorneys' Fees and Expenses Award.

9.      The Parties agree and understand that neither this Settlement Agreement, nor the Settlement it represents, shall be construed as an admission by Defendant of any wrongdoing whatsoever, including an admission of a violation of any statute or law or of liability on the claims or allegations in the Litigation or any other similar claims in other proceedings, or that any such claims would be suitable for class treatment.

10.      The Settlement Agreement is intended to fully, finally, and forever resolve all claims and causes of action asserted, and that could have been asserted, arising out of or related to the allegations or subject matter of the Complaint and Litigation, against Defendant and the Released Persons, by and on behalf of the Plaintiffs and Settlement Class Members (as defined in Paragraph 12 below).

11.      The Parties, by and through their respective duly authorized counsel of record, and intending to be legally bound hereby, agree that, subject to the approval of the Court as provided

3

for in this Agreement, the Litigation, all matters and claims in the Complaint, and all matters and claims arising out of or related to the allegations or subject matter of the Complaint, the Litigation, the Pixel Disclosure, and/or Defendant's use of any Tracking Tools shall be settled, compromised, and dismissed, on the merits and with prejudice, upon the following terms and conditions.

## II.    Definitions

12.    As used herein and in the related documents attached hereto as exhibits, the following terms have the meanings specified below:

   a.    "**Agreement**" or "**Settlement Agreement**" means this settlement agreement, including all exhibits, which the Parties understand and agree set forth all material terms and conditions of the Settlement of the Litigation between them and which is subject to approval by the Court.

   b.    "**Attorneys' Fees and Expenses Award**" means the amount awarded by the Court to be paid to Class Counsel from the Settlement Fund, such amount to be in full and complete satisfaction of Class Counsel's claim or request (and any request made by any other attorneys) for payment of reasonable attorneys' fees and Litigation Expenses incurred in respect of the Litigation.

   c.    "**Claim Form**" means the claim form that will be mailed and/or emailed to Settlement Class Members whereby they may receive a cash payment under the Settlement, substantially in the form attached hereto as **Exhibit A**.

   d.    "**Claim Deadline**" is the date by which Settlement Class Members must submit a valid Claim Form to receive a cash payment under the Settlement. The Claim Deadline is ninety (90) Days after the Notice Date.

   e.    "**Class Counsel**" shall mean Bryan L. Bleichner and Christopher P. Renz of Chestnut Cambronne PA, and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; and

   f.    "**Class Notice**" means the notice of this Settlement, which shall include the Long-Form Notice and Short-Form or Postcard Notice, substantially in the form attached hereto as **Exhibits B and C**, respectively.

   g.    "**Court**" means the United States District Court for the District of Minnesota.

   h.    "**Day(s)**" means calendar days but does not include the day of the act, event, or default from which the designated period of time begins to run. Further, and notwithstanding the above, when computing any period of time prescribed or allowed by this Settlement Agreement, "Days" includes the last day of the

period unless it is a Saturday, a Sunday, or a federal legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or federal legal holiday.

i.    "**Defendant's Counsel**" means Cynthia A. Bremer and Nathan T. Boone of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. and Elizabeth A. Scully and Paul G. Karlsgodt of Baker & Hostetler, LLP.

j.    "**Effective Date**" means the date defined in Paragraph 89 of this Settlement Agreement.

k.    "**Final**" with respect to a judgment or order means that the following have occurred: (i) the expiration of all deadlines to notice any appeal; (ii) if there is an appeal or appeals, the completion, in a manner that finally affirms and leaves in place the judgment or order without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration, rehearing en banc, or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand).

l.    "**Final Approval Hearing**" means the hearing at which the Court will determine whether the Settlement should be given final approval pursuant to Federal Rule of Civil Procedure 23 and whether any Attorneys' Fees and Expenses Award and Settlement Class Representative Service Awards should be approved.

m.    "**Final Approval Order and Judgment**" means an order and judgment that the Court enters after the Final Approval Hearing which, among other things, finally approves the Settlement, certifies the Settlement Class, dismisses the Litigation with prejudice, and otherwise satisfies the settlement-related provisions of Federal Rule of Civil Procedure 23 in all respects.

n.    "**Litigation Expenses**" means costs and expenses incurred by Class Counsel in connection with commencing, prosecuting, mediating, and settling the Litigation, and obtaining a Final Approval Order and Judgment.

o.    "**Long-Form Notice**" means the written notice substantially in the form of **Exhibit B** to this Settlement Agreement.

p.    "**Notice and Settlement Administration Costs**" means all approved reasonable costs incurred or charged by the Settlement Administrator in connection with providing notice to members of the Settlement Class, processing claims, and otherwise administering the Settlement including issuing any notice required under the Class Action Fairness Act, 28 U.S.C. § 1715. This does not include any separate costs incurred directly by Defendant or any of Defendant's attorneys, agents, or representatives in this Litigation.

5

q.     "**Net Settlement Fund**" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) reasonable Notice and Settlement Administration Costs incurred pursuant to this Settlement Agreement; (ii) any taxes owed by the Settlement Fund; (iii) any Service Awards approved by the Court; and (iv) any Attorneys' Fees and Expenses Award approved by the Court.

r.     "**Notice Date**" means the date, within sixty (60) Days of the entry of the Preliminary Approval Order, when the Settlement Administrator shall email and/or mail by First-Class United States mail the Postcard Notice to all Settlement Class Members for whom Defendant has valid addresses.

s.     "**Notice Program**" means the notice program described in Section VII.

t.     "**Objection Deadline**" shall have the meaning set forth in Paragraph 57 or as otherwise ordered by the Court.

u.     "**Opt-Out**" means a Settlement Class Member (i) who timely submits a properly completed and executed Request for Exclusion, (ii) who does not rescind that Request for Exclusion before the end of the Opt-Out Period, and (iii) as to which there is not a successful challenge to the Request for Exclusion.

v.     "**Opt-Out Date**" means the date by which Settlement Class Members must mail their Request for Exclusion in order to be excluded from the Settlement Class. The postmark date shall constitute evidence of the date of mailing for these purposes. The Opt-Out Date shall be sixty (60) Days after the Notice Date.

w.     "**Opt-Out Period**" means the period commencing on the date of entry of the Preliminary Approval Order and ending on the Opt-Out Date, during which Settlement Class Members may submit a timely Request for Exclusion.

x.     "**Person**" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

y.     "**Pixel Disclosure**" means the alleged disclosure of personal and/or health-related information of Plaintiffs and Settlement Class Members to any third party, including but not limited to Meta (formerly known as Facebook) as a result of any use of Tracking Tools on Defendant's websites and patient portal, including but not limited to www.healthpartners.com, and www.virtuwell.com, between January 1, 2018 and the date this Settlement Agreement is executed.

z.     "**Postcard Notice**" or "**Short-Form Notice**" means the written notice to be sent to Settlement Class Members pursuant to the Preliminary Approval Order substantially in the form attached as **Exhibit C** to this Settlement Agreement.

aa.    "**Preliminary Approval Date**" means the date the Preliminary Approval Order has been executed and entered by the Court.

bb.    "**Preliminary Approval Order**" means the order certifying the proposed Settlement Class for settlement purposes, preliminarily approving this Settlement Agreement, approving the Notice Program, and setting a date for the Final Approval Hearing, entered in a format the same as or substantially similar to that of the Proposed Preliminary Approval Order attached hereto as **Exhibit D**.

cc.    "*Pro Rata* **Payment Reminder Notice**" means the reminder notice that the Settlement Administrator will issue to every Class Member who does not redeem their check within 75 days after receiving the *pro rata* payment.

dd.    "**Related Parties**" means Defendant's past or present parents, subsidiaries, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as each of Defendant's and these entities' respective predecessors, successors, assigns, shareholders, members, trustees, directors, officers, employees, principals, agents, attorneys, representatives, providers, advisors, consultants, contractors, vendors, partners, insurers, reinsurers, and subrogees, and includes, without limitation, any Person related to any such entity who could have been named as a defendant in this Litigation.

ee.    "**Released Claims**" means all claims and other matters released in and by Section XV of this Settlement Agreement. Released Claims do not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement contained in this Agreement.

ff.    "**Released Persons**" means Defendant and the Related Parties.

gg.    "**Releasing Persons**" means Plaintiffs and the Settlement Class Members who do not timely opt out of the Settlement Class, and each of their respective present or past spouses, heirs, estates, trustees, principals, beneficiaries, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, and/or anyone claiming through them or acting or purporting to act for them or on their behalf.

hh.    "**Residual Funds**" means any funds that remain in the Settlement Fund after all deductions from the Settlement Fund and after all settlement payments to Settlement Class Members. Often in class action settlements, some number of class members who submit valid claims and are then issued Settlement Payments fail to cash or deposit their settlement payments. The funds remaining in the Settlement Fund after Settlement Payments have been distributed and the

time for cashing and/or depositing such payments has expired will be Residual Funds. The Residual Funds will be sent to a 501(c)(3) charitable organization to be agreed upon by the Parties and approved by the Court.

ii.    "**Request for Exclusion**" means a fully completed and properly executed written request that is timely submitted to the Settlement Administrator by a Settlement Class Member under Section IX of this Agreement and is postmarked on or before the end of the Opt-Out Period. For a Request for Exclusion to be properly completed and executed, it must: (a) identify the case name and number of the Litigation; (b) state the Settlement Class Member's full name, address and telephone number; (c) contain the Settlement Class Member's personal and original signature; (d) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement; and (e) request exclusion only for that one Settlement Class Member whose personal and original signature appears on the request. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, i.e., one request is required for every Settlement Class Member seeking exclusion.

jj.    "**Settlement**" means the settlement reflected by this Settlement Agreement.

kk.    "**Settlement Administrator**" means the Court-appointed class action settlement administrator retained to carry out the notice plan, issue any required notice under the Class Action Fairness Act, administer the Settlement Fund distribution process, and perform other actions as specified in this Settlement Agreement, as agreed to by the Parties, or as ordered by the Court. The Parties, subject to Court approval, have agreed that Class Counsel will engage Atticus Administration LLC as Settlement Administrator in this matter.

ll.    "**Settlement Agreement**" means this Settlement Agreement, including all exhibits hereto.

mm.    "**Settlement Class**" means all individuals who logged into healthpartners.com or virtuwell.com between January 1, 2018 and November 10, 2023. Excluded from the Class are: (i) the officers and directors of Defendant and its affiliates, parents, and subsidiaries; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; (iii) any individual who timely and validly excludes themselves from the Settlement, and (iv) the successors or assigns of any such excluded persons. This exclusion does not apply, and should not be read to apply, to those employees of Defendant who receive notification from the Settlement Administrator regarding this Settlement Agreement. The Settlement Class consists of approximately 978,305 individuals.

nn.    "**Settlement Class Representatives**" means Plaintiffs who filed the Complaint in the Litigation: Kelly Vriezen, Kaye Lockrem, and Sandra Tapp.

oo.    "**Settlement Fund**" means the non-reversionary sum of six million dollars and zero cents ($6,000,000), to be paid by Defendant as specified in this Agreement, including any interest accrued thereon after payment, which shall be used as the only source of payment for all costs of the Settlement.

pp.    "**Settlement Class Members**" means all Persons who are members of the Settlement Class.

qq.    "**Settlement Website**" means a dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Postcard Notice, and the Long-Form Notice, among other things, as agreed upon by the Parties and approved by the Court.

rr.    "**Tracking Tools**" means any third-party pixels, web analytics, and/or advertising technologies, that allow website owners to track or monitor visitor activity on their websites, including but not limited to the Meta Pixel.

## III.    Certification of the Settlement Class

13.    For settlement purposes only and within the context of the Settlement Agreement only, Plaintiffs will request that the Court certify the Settlement Class.

14.    The Plaintiffs identified in the Complaint will move to be appointed Settlement Class Representatives for settlement purposes only and Class Counsel will move to be appointed as counsel to the Settlement Class for settlement purposes only.

15.    If this Settlement Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then Plaintiffs' request for certification of the Settlement Class will be withdrawn and deemed to be of no force or effect for any purpose in this or any other proceeding. In that event, Defendant reserves the right to assert any and all objections and defenses to certification of a class, and neither the Settlement Agreement nor any order or other action relating to the Settlement Agreement shall be offered by any Person in any litigation or other proceeding against Defendant or any Related Party as evidence in support of a motion to certify any class.

9

## IV.    Settlement Consideration

16.    Defendant agrees to make a payment of six million dollars and zero cents ($6,000,000.00) and deposit that payment into the Settlement Fund within thirty (30) Days after the Court enters a Preliminary Approval Order. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Defendant's liability under this Agreement shall not exceed six million dollars and zero cents ($6,000,000.00), inclusive of Class Counsel's Attorneys' Fees and Litigation Expenses, all Notice and Settlement Administration Costs, any taxes applicable to the Settlement Fund, and any Service Awards. The timing set forth in this provision is contingent upon Defendant's receipt of a Form W-9 and payment instructions from the Settlement Administrator for the Settlement Fund by the date that the Preliminary Approval Order is issued. If Defendant does not receive this information by the date that the Preliminary Approval Order is issued, the payments specified by this paragraph shall be made within thirty (30) Days after Defendant receives this information.

17.    The Settlement Fund shall be deposited in an appropriate qualified settlement fund established by the Settlement Administrator but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Agreement or returned to those who paid the Settlement Fund in the event this Agreement is voided, terminated, or cancelled.

18.    In the event this Agreement is voided, terminated, or cancelled due to lack of approval from the Court or any other reason: (i) the Settlement Class Representatives and Class Counsel shall have no obligation to repay any of the Notice and Settlement Administration Costs that have been paid or incurred in accordance with the terms and conditions of this Agreement; (ii) any amounts remaining in the Settlement Fund (after payment of Notice and Settlement

Administration Costs already paid or incurred in accordance with the terms and conditions of this Agreement), including all interest earned on the Settlement Fund net of any taxes, shall be returned to Defendant; and (iii) no other person or entity shall have any further claim whatsoever to such amounts.

19.     This Settlement is non-reversionary. As of the Effective Date, all rights of Defendant in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is voided, cancelled, or terminated, as described in Section XIV of this Agreement. In the event the Effective Date occurs, no portion of the Settlement Fund shall be returned to Defendant.

20.     As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for: (i) reasonable Notice and Settlement Administration Costs incurred pursuant to this Settlement Agreement as approved by Class Counsel and approved by the Court; (ii) any taxes owed by the Settlement Fund; (iii) any Service Awards approved by the Court; (iv) any Attorneys' Fees and Expenses Award as approved by the Court; and (v) any *cy pres* payment to an agreed upon and court-approved charitable organization unaffiliated with the Parties. The Settlement Administrator will maintain control over the Settlement Fund and shall be responsible for all disbursements, including payment of any applicable taxes.

21.     No amounts may be withdrawn from the Settlement Fund unless (i) expressly authorized by the Settlement Agreement, or as may be (ii) approved by the Court. Class Counsel may authorize the periodic payment of actual reasonable Notice and Settlement Administration Costs from the Settlement Fund as such expenses are invoiced without further order of the Court. The Settlement Administrator shall provide Class Counsel and Defendant with notice of any withdrawal or other payment the Settlement Administrator proposes to make from the Settlement

Fund before the Effective Date at least seven (7) business days prior to making such withdrawal or payment.

22.    The Settlement Administrator, subject to such supervision and direction of the Court and Class Counsel as may be necessary or as circumstances may require, shall administer and oversee any *cy pres* distribution of the Settlement Fund to an agreed upon charitable organization unaffiliated with the Parties pursuant to this Agreement.

23.    The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any taxes owed by the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution determined by the Settlement Administrator and approved by the Parties. Funds may be placed in a non-interest-bearing account as may be reasonably necessary during the check-clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

24.    All taxes owed by the Settlement Fund shall be paid out of the Settlement Fund, shall be considered part of the Notice and Settlement Administration Costs, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund

shall indemnify and hold harmless the Parties and their counsel for any taxes relating to the Settlement (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Settlement Class Representative of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Settlement Class Representative shall be solely responsible for the federal, state, and local tax consequences to them of the receipt of funds from the Settlement Fund pursuant to this Agreement. Under no circumstances will Defendant have any liability for taxes or tax expenses under the Settlement Agreement.

25.    Limitation of Liability

a.    Defendant and its counsel shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission, or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (v) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns. Defendant also shall have no obligation to communicate with Settlement Class Members and others regarding amounts paid under the Settlement.

b.    The Settlement Class Representatives and Class Counsel shall not have any liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) any losses suffered by or fluctuations in the value of the Settlement Fund; or (v) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

## V.    Benefits to Class Members

26.    As set out in Paragraph 36, the Net Settlement Fund shall be distributed via *pro rata* cash payments to Settlement Class Members who submit a valid and timely Claim Form. The

Settlement Administrator will also issue a *Pro Rata* Payment Reminder Notice to any Class Member who did not claim their *pro rata* payment within 75 days after issuance of payment. Class Members who request a replacement *pro rata* payment within 120 days after issuance will have an additional 60 days to redeem their *pro rata* payment. Any Residual Funds will then be allocated to the agreed-upon *cy pres* recipient.

**VI.    Settlement Administration**

27.    All agreed upon and reasonable Federal Rule of Civil Procedure 23 Notice and Settlement Administration Costs will be paid from the Settlement Fund.

28.    Class Counsel represent that (i) they solicited competitive bids for settlement administration, including Notice and Settlement Administration Costs, (ii) they believe that Postcard Notice and/or email notice is appropriate under the circumstances, and (iii) they will direct the Settlement Administrator to utilize other appropriate forms of notice where practicable, in order to contain the administration costs while still providing effective notice to the Settlement Class Members.

29.    The Settlement Administrator will provide written notice of the settlement terms to all Settlement Class Members for whom Defendant has provided a valid mailing address or email address. The Settlement Administrator shall perform skip-tracing for any returned mail and shall re-mail notice to any Settlement Class Members whose addresses are uncovered by skip-tracing.

30.    The Settlement Administrator will cause the Notice Program to be effectuated in accordance with the terms of the Settlement Agreement and any orders of the Court.

31.    The Settlement Administrator will administer the settlement processes as set forth in this Agreement and as directed by Class Counsel, subject to the Court's supervision and direction as circumstances may require.

32.    To make a claim, a Settlement Class Member must complete and submit a valid, timely, and sworn Claim Form. A Claim Form shall be submitted online at the Settlement Website or by U.S. mail and must be submitted on the Settlement Website or postmarked (as the case may be) no later than the Claim Deadline.

33.    The Settlement Administrator will review and evaluate each Claim Form for validity, timeliness, and completeness.

34.    If, in the determination of the Settlement Administrator, the Settlement Class Member submits a timely but incomplete Claim Form, the Settlement Administrator shall give the Settlement Class Member notice of the deficiencies, and the Settlement Class Member shall have twenty (20) Days from the date of the written notice to cure the deficiencies. The Settlement Administrator will provide notice of deficiencies concurrently to Defendant's Counsel and Class Counsel. If the defect is not cured within the 20-Day period, then the Claim will be deemed invalid. All Settlement Class Members who submit a valid and timely Claim Form, including a Claim Form deemed defective but timely cured, shall be considered "Claimants."

35.    The Settlement Administrator will maintain records of all Claim Forms submitted until three hundred sixty (360) Days after entry of a Final Approval Order and Judgment. Claim Forms and supporting documentation may be provided to the Court upon request and to Class Counsel to the extent necessary to resolve claims determination issues pursuant to this Settlement Agreement. Class Counsel or the Settlement Administrator will provide other reports or information that the Court or Parties may request.

36.    Subject to the terms and conditions of this Settlement Agreement, thirty (30) Days after the Effective Date, the Settlement Administrator shall mail or otherwise provide a payment via check ("Claim Check") or electronic means (collectively, a "Settlement Payment") to each Claimant for their *pro rata* share of the Net Settlement Fund, in accordance with the following distribution procedures:

a.    The Settlement Administrator shall utilize the Net Settlement Fund to make all Settlement Payments.

b.    The amount of each Settlement Payment shall be calculated by dividing the Net Settlement Fund by the number of valid Claimants.

37.    Each Claim Check shall be mailed to the address provided by the Claimant on their Claim Form. All Claim Checks issued under this section shall be void if not negotiated within one hundred twenty (120) Days of their date of issue and shall contain a legend to that effect. Claim Checks issued pursuant to this section that are not negotiated within one hundred twenty (120) Days of their date of issue shall not be reissued.

38.    To the extent any monies remain in the Net Settlement Fund more than one hundred twenty (120) Days after the Settlement Administrator mails the last Settlement Payment, including any and all re-issued Settlement Payments, the *cy pres* distribution of the remaining Net Settlement Fund shall be made to the charitable organization agreed upon by the Parties and accepted by the Court.

39.    For any Settlement Payments returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to find a valid address and resend the Settlement Payment within thirty (30) Days after the check is returned to the Settlement Administrator as undeliverable. The Settlement Administrator shall make only one attempt to resend a Settlement Payment.

**VII.    Notice to Class Members**

40.    The Parties agree the following Notice Program provides reasonable notice to the Settlement Class.

41.    Direct Notice shall be provided to Settlement Class Members via Email Notice for Settlement Class Members for whom the Settlement Administrator has a valid email address and otherwise by U.S. Mail for Settlement Class Members for whom the Settlement Administrator has a valid address.

42.    Within thirty (30) Days of the entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the names and last mailing and email addresses known to Defendant for the Settlement Class Members (the "Class List"). The Settlement Administrator shall, by using the National Change of Address database maintained by the United States Postal Service (the "Postal Service"), obtain updates, if any, to the mailing addresses.

43.    Within sixty (60) Days following entry of the Preliminary Approval Order ("Notice Date"), the Settlement Administrator shall email and/or mail the Postcard Notice to all Settlement Class Members for whom a valid address is available. The Settlement Administrator shall mail a Claim Form to Settlement Class Members upon written or telephonic request. The Claim Form will also be available on the Settlement Website.

a.    Defendant shall provide the Class List to the Settlement Administrator only for the purposes of settlement administration. The Settlement Administrator shall not provide the Class List to Class Counsel. Class Counsel's assent to this Agreement shall constitute consent on behalf of the Settlement Class to disclose this information.

44.    For any email addresses reported as invalid, the Settlement Administrator shall provide Postcard Notice. On a rolling basis, the Settlement Administrator shall undertake reasonable efforts to confirm the address, and to resend notice, for any Settlement Class Members for whom the Settlement Administrator receives returned mail from the U.S. Postal Service indicating that the initial mailing was not delivered. Other than as set forth above, neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail Postcard Notices.

45.    The mailed notice will consist of the Postcard Notice substantially in the form of **Exhibit C**. The Settlement Administrator shall have discretion to format this Postcard Notice in a reasonable manner to minimize mailing and administrative costs. Before the mailing of the Postcard Notice is commenced, Class Counsel and Defendant's Counsel shall first be provided with a proof copy (including what the items will look like in their final form) and shall have the right to inspect the same for compliance with the Settlement Agreement and the Court's orders.

46.    No later than forty-five (45) Days following entry of the Preliminary Approval Order, and prior to the mailing of the Postcard Notice to all Settlement Class Members, the Settlement Administrator will create a dedicated Settlement Website with the URL/domain name of the website address to be agreed upon by the parties. The Settlement Administrator shall cause the Complaint, Long-Form Notice, Claim Form, this Settlement Agreement, and other relevant settlement and court documents to be available on the Settlement Website. Any other content proposed to be included or displayed on the Settlement Website shall be approved in advance by counsel for the Parties. The website address and the fact that a more detailed Long-Form Notice are available through the website shall be included in the Postcard Notice. A toll-free number with

interactive voice response, FAQs, and an option to speak to a live operator shall also be made available to address Settlement Class Members' inquiries.

47.    The Settlement Website shall be maintained from the Notice Date until one hundred twenty (120) Days after the Effective Date.

48.    The Notice Program shall be subject to approval by the Court as meeting the requirements of Rule 23(c) of the Federal Rules of Civil Procedure.

49.    The Long Notice and Short-Form Notice approved by the Court may be adjusted by the Settlement Administrator, respectively, in consultation with and agreement by the Parties, as may be reasonable and necessary and not inconsistent with such approval.

50.    Prior to the Final Approval Hearing, the Settlement Administrator shall provide to Class Counsel to file with the Court an appropriate affidavit or declaration from the Settlement Administrator concerning compliance with the Court-approved Notice Program.

51.    The Notice Program shall commence within sixty (60) Days of entry of the Preliminary Approval Order and shall be completed within ninety (90) Days of the Preliminary Approval Order, except as otherwise specifically provided above.

## VIII.  Objections to the Settlement

52.    Any Settlement Class Member who has not excluded themselves from the Settlement and who wishes to object to the proposed Settlement must file with the Court a written objection(s) to the Settlement ("**Objection(s)**").

53.    Each Objection must, subject to any amendment to these requirements by the Court: (i) include the case name and number of the Litigation; (ii) set forth the Settlement Class Member's full name, current address, telephone number, and email address; (iii) contain the Settlement Class Member's personal and original signature; (iv) if the objecting Settlement Class Member is

represented by an attorney, or received assistance from an attorney in drafting his or her objection, the name, address, telephone number, and email address of the attorney; (v) contain a statement indicating the basis for the objecting Settlement Class Member's belief that he or she is a member of the Settlement Class; (vi) state whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (vii) set forth a statement of the legal and/or factual basis for the Objection; (viii) contain a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years; and (ix) state whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

54.    In addition to the foregoing requirements, if an objecting Settlement Class Member is represented by counsel and such counsel intends to speak at the Final Approval Hearing, the written objection must also include: (i) the identity of witnesses whom the objecting Settlement Class Member intends to call to testify at the Final Approval Hearing; and (ii) a description of any documents or evidence that the objecting Settlement Class Member intends to offer at the Final Approval Hearing.

55.    Objections must be submitted to the Court, either by filing them electronically or in person, or by mailing them to the Court's clerk's office, no later than sixty (60) Days after the Notice Date (the "Objection Deadline"). The Objection Deadline shall be included in the Short-Form and Long-Form Notices and on the Settlement Website.

56.    Class Counsel and Defendant's Counsel may, but need not, respond to the Objections, if any, by means of a memorandum of law filed with the Court prior to the Final Approval Hearing.

57.     An objecting Settlement Class Member has the right, but is not required, to attend the Final Approval Hearing.

58.     Any Settlement Class Member who fails to timely file an Objection pursuant to the requirements set forth in this section, and otherwise as ordered by the Court, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of Section VIII.

IX.     **Opt-Out Procedures**

59.     Each Person wishing to opt out of the Settlement Class shall individually sign and timely mail written notice of such intent ("Request for Exclusion") to the designated Post Office box established by the Settlement Administrator. The written notice must, subject to any amendment to these requirements by the Court: (i) identify the case name and number of this Litigation; (ii) state the Settlement Class Member's  full name, address, and telephone number; (iii) contain the Settlement Class Member's personal and original signature; (iv) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement Class; and (v) request exclusion only for that one Settlement Class Member whose personal and original signature appears on the request. To be effective, written notice must be postmarked no later than the Opt-Out Date.

60.     All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, i.e., one request is required for every Settlement Class Member seeking

exclusion. Any Requests for Exclusion purporting to seek exclusion on behalf of more than one Settlement Class Member shall be deemed invalid by the Settlement Administrator.

61.    Within seven (7) Days after the Opt-Out Date, the Settlement Administrator shall provide the Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all Requests for Exclusion that were submitted to the Settlement Administrator. Class Counsel may present to the Court the number of Opt-Outs (if any), as well as a list of Opt-Outs that includes only first name, last initial, city, and state of each Opt-Out, no later than fourteen (14) Days before the Final Approval Hearing.

62.    All Persons who submit valid and timely Requests for Exclusion, as set forth in Paragraph 59, referred to herein as "Opt-Outs," shall not receive any benefits of or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not validly and timely opt out of the Settlement Class in the manner set forth in Paragraph 61 shall be bound by the terms of this Settlement Agreement and judgment entered thereon, and all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

## X.    Attorneys' Fees, Expenses, and Service Awards

63.    Class Counsel shall request the Court to approve an award of attorneys' fees not to exceed one third (or $2,000,000) of the Settlement Fund plus reasonable Litigation Expenses not to exceed $50,000. The Attorneys' Fees and Expenses Award shall be paid no later than thirty (30) Days after the Effective Date. For the avoidance of doubt, the Attorneys' Fees and Expenses Award shall be paid by the Settlement Administrator from the Settlement Fund. Defendant shall take no position with regard to Class Counsel's application for the Attorneys' Fees and Expenses Award if the application complies with the provisions of this section.

64.     Class Counsel shall request the Court to approve a service award of two thousand five hundred dollars ($2,500.00) for each of the named Plaintiffs, which award is intended to recognize Plaintiffs for their efforts in the Litigation and commitment on behalf of the Settlement Class ("Service Award"). If approved by the Court, these Service Awards will be paid to Class Counsel for distribution no later than thirty (30) Days after the Effective Date. For the avoidance of doubt, the Court-approved amount for any Service Awards shall be paid from the Settlement Fund. Defendant shall take no position with regard to the request for a service award payment to the Plaintiffs if the request complies with the provisions of this section.

65.     Class Counsel will file applications with the Court for the requested Service Awards and Attorneys' Fees and Expenses Award no later than fifteen (15) Days prior to the Objection Deadline.

66.     The Parties agree that the Court's approval or denial of any request for the Service Awards or Attorneys' Fees and Expenses Award are not conditions to this Settlement Agreement and are to be considered by the Court separately from the final approval, reasonableness, and adequacy of the Settlement. If the Court declines to approve, in whole or in part, any request for Service Awards or for an Attorneys' Fees and Expenses Award, all remaining provisions in this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of Services Awards or an Attorneys' Fees and Expenses Award, or the amounts thereof, shall be grounds to terminate or cancel this Settlement Agreement.

## XI.    Notices

67.     All notices, instructions, and applications for Court action in connection with this Agreement shall be made in writing and communicated as follows:

All notices to Class Counsel or Plaintiffs shall be sent to:

Bryan L. Bleichner
CHESTNUT CAMBRONNE, PA
100 Washington Avenue
South, Suite 1700
Minneapolis, MN 55401
(612) 339-7300
bbleichner@chestnutcambronne.com

Gary M. Klinger
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(866) 252-0878
gklinger@milberg.com

All notices to Defendant's Counsel or Defendant shall be sent to:

Elizabeth A. Scully
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W., Suite 1100
Washington, D.C. 20036-5304
(202) 861-1500
escully@bakerlaw.com

68.    Other than attorney-client communications or communications otherwise protected from disclosure pursuant to law or rule, the Parties shall promptly provide to each other copies of comments, Objections, or other documents or filings received from a Settlement Class Member as a result of the Notice Program.

**XII.    Settlement Approval Process**

69.    After execution of this Settlement Agreement, Class Counsel shall submit this Settlement Agreement to the Court and file a motion for preliminary approval of the Settlement with the Court requesting entry of a Preliminary Approval Order in the form attached hereto as **Exhibit D**, or an order substantially similar to such form, which:

a.    Preliminarily certifies the Settlement Class for settlement purposes only;

b.    Preliminarily approves this Agreement for purposes of issuing notice;

24

c.  Finds the proposed Settlement is sufficiently fair, reasonable, adequate, and in the best interests of the Settlement Class;

d.  Finds: (i) the Notice Program constitutes valid, due, and sufficient notice to the Settlement Class Members and constitutes the best notice practicable under the circumstances, complying fully with the requirements of the laws of Minnesota, the Constitution of the United States, and any other applicable law; and (ii) that no further notice to the Settlement Class is required beyond that provided through the Notice Program;

e.  Appoints Plaintiffs as the Settlement Class Representatives for settlement purposes only;

f.  Appoints Class Counsel as counsel to the Settlement Class for settlement purposes only;

g.  Appoints the Settlement Administrator and directs the Settlement Administrator to provide notice to Settlement Class Members in accordance with the Notice Program provided for in this Settlement Agreement;

h.  Approves the Settlement Administrator to administer the Settlement in accordance with the provisions of this Settlement Agreement;

i.  Approves the Opt-Out and Objection procedures as outlined in this Settlement Agreement;

j.  Schedules an appropriate Opt-Out Date, Objection Deadline, and other Settlement-related dates and deadlines to be included in the Class Notice;

k.  Schedules a Final Approval Hearing to consider whether the proposed Settlement should be finally approved by the Court;

l.  Stays all proceedings in the Litigation other than those related to approval of the Settlement; and

m.  Contains any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement.

70.  Defendant will not oppose entry of the Preliminary Approval Order so long as it is substantially in the form attached to this Agreement as **Exhibit D** and is otherwise consistent with this Agreement.

### XIII.   Final Approval Hearing

71.     The Parties will recommend that the Final Approval Hearing shall be scheduled no earlier than one hundred sixty (160) Days after the entry of the Preliminary Approval Order.

72.     The Parties may file a response to any Objections and a Motion for Final Approval no later than fourteen (14) Days before the Final Approval Hearing.

73.     Class Counsel shall ask the Court to enter a Final Approval Order and Judgment which:

a.   Finds that the Notice Program fully and accurately informed all Settlement Class Members entitled to notice of the material elements of the Settlement; constitutes the best notice practicable under the circumstances; constitutes valid, due, and sufficient notice; and complies fully with the laws of Minnesota, the United States Constitution, and any other applicable law;

b.   Finds that after proper notice to the Settlement Class, and after sufficient opportunity to object, no timely Objections to this Settlement Agreement have been made or all timely Objections have been considered and denied;

c.   Approves of the Settlement, as set forth in this Settlement Agreement, as fair, reasonable, adequate, and in the best interests of the Settlement Class, in all respects, finding that the Settlement is in good faith, and ordering the Parties and Settlement Administrator to perform the Settlement in accordance with the terms of this Settlement Agreement;

d.   Finds that neither the Final Approval Order and Judgment, the Settlement, nor the Settlement Agreement shall constitute an admission of liability or wrongdoing by any of the Parties;

e.   Subject to the reservation of jurisdiction for matters discussed in subparagraph (g) below, dismisses the Litigation with prejudice;

f.   Finds that Plaintiffs and all Settlement Class Members shall, as of the entry of the Final Approval Order and Judgment, conclusively be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from the Released Claims; and

g.   Reserves exclusive and continuing jurisdiction over the Litigation and the Parties for the purposes of, among other things: (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement and the Final Approval Order and Judgment; and (ii) supervising the administration and distribution of the Settlement Fund and resolving any

26

disputes that may arise with regard to the foregoing. The Court's exclusive and continuing jurisdiction over the Litigation and Parties shall include, without limitation, the Court's power to enforce the bar against Settlement Class Members' prosecution of Released Claims against Released Persons pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law.

74.    If and when the Settlement becomes Final, the Litigation shall be dismissed with prejudice, with the Parties to bear their own attorneys' fees, costs, and expenses not otherwise awarded in accordance with this Settlement Agreement.

**XIV.    Termination of this Settlement Agreement**

75.    Each Party shall have the right to terminate this Settlement Agreement if:

   a.    The Court denies preliminary approval of this Settlement Agreement (or grants preliminary approval through an order that materially differs in substance to **Exhibit D** hereto), and the Parties are unable to modify the Settlement in a manner to obtain and maintain preliminary approval;

   b.    The Court denies final approval of this Settlement Agreement;

   c.    The Final Approval Order and Judgment does not become Final by reason of a higher court reversing final approval by the Court, and the Court thereafter declines to enter a further order or orders approving the Settlement on the terms set forth herein; or

   d.    The Effective Date does not occur for any reason, including but not limited to the entry of an order by any court that would require either material modification or termination of the Agreement.

76.    In addition to the grounds set forth above, Defendant shall have the sole option to withdraw from and terminate this Settlement in its entirety in the event that 1% or more of Settlement Class Members submit timely and valid Requests for Exclusion by the Opt-Out Date.

77.    If a Party elects to terminate this Settlement Agreement under this Section XIV, that Party must provide written notice to the other Party's counsel by hand delivery, mail, or email within ten (10) Days of the occurrence of the condition permitting termination.

27

78.    Nothing shall prevent Plaintiffs or Defendant from appealing or seeking other appropriate relief from an appellate court with respect to any denial by the Court of final approval of the Settlement.

79.    If this Settlement Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then: (i) this Settlement Agreement, any Preliminary Approval Order, and all of their provisions shall be rendered null and void; (ii) all Parties shall be deemed to have reverted to their respective statuses in the Litigation as of the date and time immediately preceding the execution of this Settlement Agreement; (iii) except as otherwise expressly provided, the Parties shall stand in the same position and shall proceed in all respects as if this Settlement Agreement and any related orders had never been executed, entered into, or filed; and (iv) no term or draft of this Settlement Agreement nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), nor any rulings regarding class certification for settlement purposes (including any Preliminary Approval Order), will have any effect or be admissible into evidence for any purpose in the Litigation or any other proceeding.

80.    If the Court does not approve the Settlement or the Effective Date does not occur for any reason, Defendant shall retain all its rights and defenses in the Litigation. For example, Defendant shall have the right to object to the maintenance of the Litigation as a class action, to move for summary judgment, and to assert defenses at trial. Nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Litigation may properly be maintained as a class action, or for any other purpose.

XV.    **Release**

81.    On the Effective Date, Plaintiff and each and every Settlement Class Member shall be bound by this Settlement Agreement and shall have recourse only to the benefits, rights, and remedies provided hereunder. No other action, demand, suit, arbitration, or other claim or proceeding, regardless of forum, may be pursued against Released Persons with respect to the Released Class Claims.

82.    On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, the Releasing Persons, including Plaintiffs and each Settlement Class Member, will be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from any and all past, present, and future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees and costs, losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown, or capable of being known, in law or equity, fixed or contingent, accrued or unaccrued, direct or indirect, matured or not matured, individual or representative, of every nature and description whatsoever, that arise out of, or are based upon or connected to, or relate in any way to the Pixel Disclosure or Defendant's use of Tracking Tools, the allegations in the Complaint, or that were or could have been asserted in the Litigation (the "Release"). The Release shall be included as part of any Final Approval Order and Judgment so that all claims released thereby shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion (the "Released Claims"). The Released Claims shall constitute and may be pled as a complete defense to any proceeding arising from, relating to, or filed in connection with the Released Claims. In the event any Settlement Class Member attempts to prosecute an action in contravention of a Final Approval Order and

Judgment or the Settlement Agreement, counsel for any of the Parties may forward the Settlement Agreement and the Final Approval Order and Judgment to such Settlement Class Member and advise such Settlement Class Member of the Release provided pursuant to the Settlement Agreement. If so requested by Defendant or counsel for Defendant, Class Counsel shall provide this notice.

83.    Subject to Court approval, as of the Effective Date, Plaintiffs and all Settlement Class Members who do not timely and validly opt-out of the Settlement shall be bound by this Settlement Agreement and the Release, and all of the Released Claims shall be dismissed with prejudice and released.

84.    The Released Claims include the release of Unknown Claims. "Unknown Claims" means any of the Released Claims that could have been raised in the Litigation and that any of the Plaintiffs and each of their respective heirs, executors, administrators, representatives, agents, partners, trustees, successors, attorneys, and assigns do not know to exist or suspect to exist, which, if known by them, might affect their agreement to release Defendant and all other Released Persons, or might affect their decision to agree to, or object or not to object to, or participate or not participate in the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs (on behalf of themselves and each Settlement Class Member) expressly shall have, and by operation of the Final Approval Order and Judgment the Releasing Persons shall have, released any and all Released Claims, including Unknown Claims. Plaintiffs (on behalf of themselves and each Settlement Class Member) may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and all other Releasing Persons shall be deemed to have, and by operation of the Final Approval Order and

Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims. Upon the Effective Date, the Plaintiff expressly shall have, and all other Releasing Persons shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished for the Released Claims, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, the Plaintiff expressly shall have, and all other Releasing Persons also shall be deemed to have, and by operation of the Judgment shall have, waived for the Released Claims any and all provisions, rights and benefits conferred by any law of any state or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Persons acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph. The Settling Parties acknowledge, and the Releasing Persons shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

85.    For the avoidance of doubt, no claims for medical negligence involving personal injury are included in the Released Claims.

86.    On entry of the Final Approval Order and Judgment, the Plaintiffs and Settlement Class Members shall be enjoined from prosecuting the Released Claims in any proceeding in any forum against any of the Released Persons, or based on any actions taken by any Released Persons authorized or required by this Settlement Agreement or the Court or an appellate court as part of this Settlement.

87.    The Parties agree that the Released Persons will suffer irreparable harm if any Settlement Class Member asserts any Released Claims against any Released Persons, and that in that event, the Released Persons may seek an injunction as to such action without further showing of irreparable harm in this or any other forum.

88.    Without in any way limiting the scope of the Release, the Release covers any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Litigation (except for the Attorneys' Fees and Expenses Award to be paid to Class Counsel as specifically provided in Section X and elsewhere in this Agreement), the Pixel Disclosure, Defendant's use of Tracking Tools as alleged in the Litigation, the Settlement, the administration of such Settlement and/or the Released Claims as well as any and all claims for the Service Awards to Plaintiffs.

89.    Nothing in the Release shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

## XVI.  Effective Date

90.     The "Effective Date" of this Settlement Agreement shall be the first Day after the

date when all of the following conditions have occurred:

      a.     This Settlement Agreement has been fully executed by all Parties and their counsel;

      b.     Orders have been entered by the Court certifying the **Settlement** Class, granting preliminary approval of this Settlement Agreement and approving the Notice Program and Claim Form, all as provided above;

      c.     The Court-approved Postcard Notice has been mailed, other notice required by the Notice Program has been effectuated, and the Settlement Website has been duly created and maintained as ordered by the Court;

      d.     The Court has entered a Final Approval Order and Judgment finally approving this Settlement Agreement, as provided above; and

      e.     The Final Approval Order and Judgment have become Final, as defined in Paragraph 12.

## XVII.  Miscellaneous Provisions

91.     The recitals and exhibits to this Settlement Agreement are integral parts of the

Settlement and are expressly incorporated and made a part of this Settlement Agreement.

92.     This Settlement Agreement is for settlement purposes only. Neither the fact of nor

any provision contained in this Settlement Agreement nor any action taken hereunder shall

constitute or be construed as an admission of the validity of any claim or any fact alleged in the

Complaint or Litigation or of any wrongdoing, fault, violation of law or liability of any kind on

the part of Defendant or any admission by Defendant of any claim in this Litigation or allegation

made in any other proceeding, including regulatory matters, directly or indirectly involving the

Pixel Disclosure, Defendant's use of any Tracking Tools, or allegations asserted in the Complaint

and Litigation. This Settlement Agreement shall not be offered or be admissible in evidence against

the Parties or cited or referred to in any action or proceeding between the Parties, except in an

action or proceeding brought to enforce its terms. Nothing contained herein is or shall be construed or admissible as an admission by Defendant that Plaintiffs' claims, or any similar claims, are suitable for class treatment.

93.    In the event that there are any developments in the effectuation and administration of this Settlement Agreement that are not dealt with by the terms of this Settlement Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court. The Parties and their counsel agree to reasonably undertake their best efforts and mutually cooperate to effectuate this Agreement and the terms of the proposed Settlement set forth herein, including taking all steps and efforts contemplated by this Agreement, and any other reasonable steps and efforts which may become necessary by order of the Court or otherwise.  The Parties further agree to reasonably cooperate in the defense of this Agreement against objections made to the Settlement or a Final Approval Order and Judgment at the Final Approval Hearing or in any appeal of a Final Approval Order and Judgment or in any collateral attack on this Agreement or a Final Approval Order and Judgment; provided, however, that Defendant shall have sole discretion in deciding whether Defendant will make any filing in respect of any objection, appeal, or collateral attack regarding the Settlement.

94.    No person shall have any claim against Plaintiffs, Class Counsel, Defendant, Defendant's Counsel, the Settlement Administrator, or the Released Persons, or any of the foregoing's agents or representatives based on the administration of the Settlement substantially in accordance with the terms of the Settlement Agreement or any order of the Court or appellate court.

95.    In the event a third party, such as a bankruptcy trustee, former spouse, or other third party has or claims to have a claim against any payment made to a Settlement Class Member, it is

the responsibility of the Settlement Class Member to transmit the funds to such third party. Unless otherwise ordered by the Court, the Parties will have no, and do not agree to any, responsibility for such transmittal.

96.    This Settlement Agreement constitutes the entire Settlement Agreement between and among the Parties with respect to the Settlement of the Litigation. This Settlement Agreement supersedes all prior negotiations and agreements regarding settlement and may not be modified or amended except by a writing signed by the Parties and their respective counsel. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part of the subject matter of this Settlement Agreement has been made or relied on except as expressly set forth in this Settlement Agreement.

97.    There shall be no waiver of any term or condition in this Settlement Agreement absent an express writing to that effect by the waiving Party. No waiver of any term or condition in this Settlement Agreement shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or waiver of any other term or condition of this Settlement Agreement.

98.    Defendant shall not be liable for any additional attorneys' fees and expenses of any Settlement Class Members' counsel, including any potential objectors or counsel representing a Settlement Class Member individually, other than what is expressly provided for in this Agreement. Class Counsel agree to hold Defendant harmless from any claim regarding the division of any award of Attorneys' Fees and Expenses Award, and any claim that the term "Class Counsel" fails to include any counsel, Person, or firm who claims that they are entitled to a share of any Attorneys' Fees and Expenses Award in this Litigation.

99. This Settlement Agreement shall not be construed more strictly against one Party than another merely because it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's-length negotiations resulting in this Settlement Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Settlement Agreement. All terms, conditions, and exhibits are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

100. The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest. Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

101. This Settlement Agreement shall be construed under and governed by the laws of the State of Minnesota without regard to its choice of law provisions.

102. The Parties and each Settlement Class Member irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of the Agreement and its exhibits, but for no other purpose.

103. All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Agreement, including but not limited to those relating to all information exchanged for purposes of mediation or under the auspices of Federal Rule of Evidence 408.

104. If any press release is to be issued by a Party, including their respective counsel, concerning the Settlement, the language of such press release must be approved in advance and in writing by the other Party. Otherwise, the Parties, and the Parties' counsel, shall not issue any press releases or make any postings on social media about this Litigation or the Settlement.

36

105.    In the event that one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect the other provisions of the Settlement Agreement, which shall remain in full force and effect as though the invalid, illegal, or unenforceable provision(s) had never been a part of this Settlement Agreement, as long as the benefits of this Settlement Agreement to Defendant or the Settlement Class Members are not materially altered, positively or negatively, as a result of the invalid, illegal, or unenforceable provision(s).

106.    This Settlement Agreement will be binding upon and inure to the benefit of the successors and assigns of the Parties, Released Persons, and Settlement Class Members.

107.    The headings used in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement. In construing this Settlement Agreement, the use of the singular includes the plural (and vice-versa) and the use of the masculine includes the feminine (and vice-versa).

108.    This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it and all of which shall be deemed a single Settlement Agreement. Scanned signatures or signatures sent by email or facsimile shall be as effective as original signatures.

109.    Each Party to this Settlement Agreement and the signatories thereto warrant that they are acting upon their independent judgment and the advice of their counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

110.    Each signatory below warrants that they have authority to execute this Settlement Agreement and bind the Party on whose behalf they are executing the Settlement Agreement.

IN WITNESS WHEREOF, the Parties have hereby accepted and agreed to the Settlement Agreement.

Dated: July 26, 2024

Elizabeth A. Scully*
**BAKER & HOSTETLER LLP**
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
Tel: (202) 861-1500
escully@bakerlaw.com

*admitted pro hac vice*

**Counsel for Defendant**

**Group Health Plan, Inc. d/b/a HealthPartners**

Nancy L. Evert
Senior Vice President, General Counsel and Secretary
HealthPartners, Inc.
8170 33rd Ave S
Bloomington, MN 55425

Bryan L. Bleichner (MN #0326689)
Christopher P. Renz (MN #0313415)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
(612) 339-7300
*bbleichner@chestnutcambronne.com*
*crenz@chestnutcambronne.com*

Gary M. Klinger (admitted *pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(866) 252-0878
*gklinger@milberg.com*

**Interim Co-Lead Counsel for Plaintiffs and the Settlement Class**

_____
**Kelly Vriezen, Plaintiff**

_____
**Sandra Tapp, Plaintiff**

_____
**Kaye Lockrem, Plaintiff**

38

110.    Each signatory below warrants that they have authority to execute this Settlement Agreement and bind the Party on whose behalf they are executing the Settlement Agreement.

IN WITNESS WHEREOF, the Parties have hereby accepted and agreed to the Settlement Agreement.

Dated: July _____, 2024

_____

Elizabeth A. Scully*
**BAKER & HOSTETLER LLP**
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
Tel: (202) 861-1500
escully@bakerlaw.com

*admitted pro hac vice*

**Counsel for Defendant**


**Group Health Plan, Inc. d/b/a HealthPartners**


_____

Nancy L. Evert
Senior Vice President, General Counsel and Secretary
HealthPartners, Inc.
8170 33rd Ave S
Bloomington, MN 55425

_____

Bryan L. Bleichner (MN #0326689)
Christopher P. Renz (MN #0313415)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
(612) 339-7300
*bbleichner@chestnutcambronne.com*
*crenz@chestnutcambronne.com*

Gary M. Klinger (admitted *pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(866) 252-0878
*gklinger@milberg.com*

***Interim Co-Lead Counsel for Plaintiffs and the Settlement Class***

*Kelly K. Vriezen*
_____
**Kelly Vriezen, Plaintiff**


_____
**Sandra Tapp, Plaintiff**


_____
**Kaye Lockrem, Plaintiff**

38

110.    Each signatory below warrants that they have authority to execute this Settlement Agreement and bind the Party on whose behalf they are executing the Settlement Agreement.

IN WITNESS WHEREOF, the Parties have hereby accepted and agreed to the Settlement Agreement.

Dated: July _____, 2024

_____

Elizabeth A. Scully*
**BAKER & HOSTETLER LLP**
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
Tel: (202) 861-1500
escully@bakerlaw.com

*admitted pro hac vice*

**Counsel for Defendant**

**Group Health Plan, Inc. d/b/a HealthPartners**

_____

Bryan L. Bleichner (MN #0326689)
Christopher P. Renz (MN #0313415)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
(612) 339-7300
*bbleichner@chestnutcambronne.com*
*crenz@chestnutcambronne.com*

Gary M. Klinger (admitted *pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(866) 252-0878
*gklinger@milberg.com*

**Interim Co-Lead Counsel for Plaintiffs and the Settlement Class**

_____

Nancy L. Evert
Senior Vice President, General Counsel and Secretary
HealthPartners, Inc.
8170 33rd Ave S
Bloomington, MN 55425

_____

**Kelly Vriezen, Plaintiff**

_____

**Sandra Tapp, Plaintiff**

_____

**Kaye Lockrem, Plaintiff**

38

110.    Each signatory below warrants that they have authority to execute this Settlement Agreement and bind the Party on whose behalf they are executing the Settlement Agreement.

IN WITNESS WHEREOF, the Parties have hereby accepted and agreed to the Settlement Agreement.

Dated: July __25__, 2024

_____

Elizabeth A. Scully*
**BAKER & HOSTETLER LLP**
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
Tel: (202) 861-1500
escully@bakerlaw.com

*admitted pro hac vice*

**Counsel for Defendant**

_____

Bryan L. Bleichner (MN #0326689)
Christopher P. Renz (MN #0313415)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
(612) 339-7300
*bbleichner@chestnutcambronne.com*
*crenz@chestnutcambronne.com*

Gary M. Klinger (admitted *pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(866) 252-0878
*gklinger@milberg.com*

**Group Health Plan, Inc. d/b/a HealthPartners**

***Interim Co-Lead Counsel for Plaintiffs and the Settlement Class***

_____

Nancy L. Evert
Senior Vice President, General Counsel and Secretary
HealthPartners, Inc.
8170 33rd Ave S
Bloomington, MN 55425

_____

**Kelly Vriezen, Plaintiff**

_____

**Sandra Tapp, Plaintiff**

_____

**Kaye Lockrem, Plaintiff**

38

**SETTLEMENT TIMELINE**

| From Order Granting Preliminary Approval | |
|---|---|
| | |
| Defendant will provide the list of available addresses for Settlement Class Members to the Settlement Administrator | +30 Days |
| Defendant's payment of Settlement Fund to Settlement Administrator | +30 Days |
| Notice Date | +60 Days |
| Class Counsel's Motion for Attorneys' Fees, Expenses and Settlement Class Representative Service Award | +105 Days |
| Objection Deadline | +120 Days |
| Opt-Out Date | +120 Days |
| Claim Deadline | +150 Days |
| | |
| **Final Approval Hearing** | 160 Days from Order Granting Preliminary Approval |
| Motion for Final Approval | 14 Days before Final Approval Hearing |
| | |
| **From Effective Date** | |
| | |
| Payment of Attorneys' Fees and Litigation Expenses and Settlement Class Representative Service Awards | +30 Days |
| Mailing of Settlement Payments to Claimants | +30 Days |
| *Cy Pres* Distribution of the Residual Funds | +120 Days after the issuance of the last settlement payment to a Class Member |
| Deactivation of Settlement Website | +120 Days |

# EXHIBIT A

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0 0

| **YOUR CLAIM FORM MUST BE SUBMITTED ON OR BEFORE <<DATE>>** | In re Group Health Plan Litigation [Address] | FOR OFFICE USE ONLY |
|---|---|---|

### *In re Group Health Plan Litigation*

United States District Court for the District of Minnesota (Case No. 23-cv-00483)

### <u>CLAIM FORM</u>

### SAVE TIME BY SUBMITTING YOUR CLAIM ONLINE AT WWW.XXXXXXXXXXXXX.COM

### <u>GENERAL CLAIM FORM INFORMATION</u>

You may complete and submit this Claim Form online or by mail if you are a Settlement Class Member. The Settlement Class consists of all individuals who logged into healthpartners.com and virtuwell.com between January 1, 2018 and November 10, 2023 (the "Settlement Class").

If you wish to submit a Claim for a settlement cash payment, please provide the information requested below. You must submit your Claim via the Settlement Website by the Claims Deadline of **<<date>>**, or complete and mail this Claim Form to the Settlement Administrator, postmarked by **<<date>>**.

Settlement Class Members who submit a timely and valid Claim Form will be eligible to receive a pro rata cash payment from the Net Settlement Fund. Each Settlement Class Member will receive, at most, one (1) payment.

The Notice includes only a summary of your legal rights and options. Please visit the official Settlement Website, www.xxxxxxxxxx.com, or call (xxx) xxx-xxxx for more information.

### <u>TO SUBMIT A CLAIM FOR PAYMENT BY MAIL:</u>

1.  Complete all sections of this Claim Form.
2.  Sign the Claim Form.
3.  Submit the completed Claim Form to the Settlement Administrator so that it is postmarked by **<<date>>.**

This Claim Form should only be used if a Claim is being mailed and is not being filed online. You may go to www.xxxxxxxxxxxxxx.com to submit your Claim online, or you may submit this Claim Form by mail to the address at the top of this form.

**Payment will be mailed in the form of a check to the address you provide below. If you would like to receive a payment electronically (e.g., via Venmo, PayPal, or ACH), you must submit a Claim Form online at www.xxxxxxxxxxxxxxxx.com.**

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0

00000                                    CF                                    Page 1 of 2

**1.      Settlement Class Member Information**

_____    ___    _____

\*First Name                                 MI      \*Last Name

_____

\*Mailing Address: Street Address/P.O. Box (include Apartment/Suite/Floor Number)

_____    ___ ___    ___ ___ ___ ___ ___ - ___ ___ ___ ___

\*City                                       \*State      \*Zip Code          Zip4 (Optional)

_____    @    _____

\*Current Email Address

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
Current Phone Number (Optional)

\*Settlement Claim ID: 00000 ___ ___ ___ ___ ___ ___ ___ ___
\*Settlement Claim ID: Your Settlement Claim ID can be found on the Postcard Notice you received informing you about this Settlement. If you need additional help locating this ID, please contact the Settlement Administrator at (xxx) xxx-xxxx.

\*00000\*                      \*CF\*                      \*Page 2 of 2\*

00000                                    CF

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0

2. **<u>Certification</u>**

I declare under penalty of perjury under the laws of the United States and the state where this Claim Form is signed that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

I understand that all information provided on this Claim Form is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim will be considered complete and valid.

_____         ___ ___ / ___ ___/ ___ ___ ___ ___

Signature                                                                     Date (mm/dd/yyyy)

Print Name

**Please keep a copy of your completed Claim Form for your records.**

Mail your completed Claim Form to the Settlement Administrator:

In re Group Health Plan Litigation

[Settlement Administrator Address]

or submit your Claim online at
**www.xxxxxxxxxxxx.com**

It is your responsibility to notify the Settlement Administrator of any changes to your contact information after you submit your Claim. You can update your contact information on the Contact page at
**www.xxxxxxxxxxxxxxx.com.**

# __EXHIBIT B__

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

*In re Group Health Plan, Inc.*, No. 23-cv-00483 (D. Minn.)

*A United States District Court authorized this Notice. This is not a solicitation from a lawyer.*

**THIS IS A NOTICE OF A PROPOSED SETTLEMENT OF A CLASS ACTION LAWSUIT. THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS ARE AFFECTED EVEN IF YOU DO NOTHING.**

**PLEASE READ THIS NOTICE CAREFULLY.**

**YOU MAY BE ENTITLED TO PARTICIPATE IN A CLASS ACTION SETTLEMENT BECAUSE YOUR PERSONAL INFORMATION MAY HAVE BEEN SHARED WITH THIRD PARTIES IF YOU VISITED HEALTHPARTNERS AND VIRTUWELL WEBSITES BETWEEN JANUARY 1, 2018 AND NOVEMBER 10, 2023. DEFENDANT GROUP HEALTH PLAN, INC., D/B/A HEALTHPARTNERS ("HEALTHPARTNERS") DENIES THESE ALLEGATIONS.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM BY <<date>>** | If you submit a Claim Form by <<DATE>>, you **may** receive a pro rata share of the Net Settlement Fund as compensation. You must timely submit a Claim Form either via U.S. mail or online to receive monetary compensation under this Settlement. <br><br> **IF YOU DO NOTHING**, you will not receive Settlement benefits, but you will still be bound by the Settlement. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY <<date>>** | You will receive no benefits, but you will retain any legal claims you may have against HealthPartners. |
| **OBJECT BY <<date>>** | File with the Court a written objection to the Settlement, at the address below, about why you do not like the Settlement. You must remain in the Settlement Class to object to the Settlement. |
| **GO TO THE FINAL APPROVAL HEARING ON <<date>> AT <<time>>** | Ask to speak in Court about the fairness of the Settlement. You do not need to attend the hearing to object to the Settlement, or to receive monetary compensation under the Settlement. |

## 1. What is this Notice?

This is a court-authorized Long-Form Notice of a proposed Settlement (the "Settlement") of a class action lawsuit (the "Litigation"), *In re Group Health Plan Litigation.*, Case No. 23-cv-00483, pending in the United States District for the District of Minnesota (the "Court"). The Settlement would resolve the Litigation that arose on February 2, 2023, after a class action complaint was filed alleging that because Group Health Plan, Inc., d/b/a HealthPartners ("HealthPartners" or "Defendant") had used certain Internet tracking technology supplied by a third party, including a piece of code known as a "pixel" (referred to herein as "Tracking Tools"), on its websites, certain personal or health-related information may have been disclosed to a vendor or third party. Defendant denies all claims asserted against it in the Litigation, denies all allegations of wrongdoing and liability, and denies all material allegations of the Class Action Complaint,

The Court has granted Preliminary Approval of the Settlement Agreement and has conditionally certified the Settlement Class for purposes of Settlement only. This Long-Form Notice explains the nature of the Litigation, the terms of the Settlement Agreement, and the legal rights and obligations of members of the Settlement Class. Please read the instructions and explanations below carefully so that you can better understand your legal rights. The Settlement Administrator in this case is Atticus Administration.

This notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available at www._____.com, by contacting class counsel at the information set forth in Paragraph 13, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records ("PACER") system at https://ecf.mnd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the District of Minnesota between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

## 2. Why did I get this Notice?

The Court authorized this Notice because as an identified potential Class Member you have the right to know about the proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant Final Approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for the benefits, and how to receive those benefits.

## 3. What is this lawsuit about?

The Litigation arises out of HealthPartners' implementation and use of Tracking Tools on its websites, which Plaintiffs allege caused their web usage data—containing personal and health-related information—to be shared with a third party, allegedly resulting in the invasion of Plaintiffs' and

Settlement Class Members' privacy (referred to herein as the "Pixel Disclosure"). Plaintiffs allege that the "Pixel Disclosure" occurred between January 1, 2018 and November 10, 2023.

### 4. Why is this a class action?

A class action is a lawsuit in which an individual called a "Class Representative" brings a single lawsuit on behalf of other people who have similar claims. In a class action settlement, all of these people together are a "Settlement Class" or "Settlement Class Members." When a class action is settled, the Settlement, which must be approved by the Court, resolves the claims for all Settlement Class Members, except for those who exclude themselves from the Settlement.

### 5. Why is there a settlement?

To resolve this matter without the expense, delay, and uncertainties of protracted litigation, the Parties reached a Settlement that, if approved by the Court, would resolve all claims brought on behalf of the Settlement Class related to the alleged Pixel Disclosure. If approved by the Court, the Settlement Agreement requires HealthPartners to provide cash compensation to Settlement Class Members who submit valid and timely Claim Forms. The Settlement is not an admission of wrongdoing by HealthPartners and does not imply that there has been, or would be, any finding that HealthPartners violated the law. The Court overseeing the Litigation has not determined that HealthPartners did anything wrong.

The Court already has preliminarily approved the Settlement Agreement. Nevertheless, because the settlement of a class action determines the rights of all members of the Settlement Class, the Court overseeing this Litigation must give final approval to the Settlement Agreement before it can be effective. The Court has conditionally certified the Settlement Class for settlement purposes only, so that members of the Settlement Class may be given notice and the opportunity to exclude themselves from the Settlement Class or to voice their support or opposition to final approval of the Settlement Agreement. If the Court does not grant final approval to the Settlement Agreement, or if it is terminated by the Parties, then the Settlement Agreement will be void, and the Litigation will proceed as if there had been no settlement and no certification of the Settlement Class.

### 6. How do I know if I am a part of the Settlement?

The Settlement class includes: all individuals who logged into healthpartners.com and virtuwell.com, between January 1, 2018 and November 10, 2023 ("Settlement Class").

Excluded from the Class are: (i) the officers and directors of Defendant and its affiliates, parents, and subsidiaries; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; (iii) any individual who timely and validly excludes themselves from the Settlement, and (iv) the successors or assigns of any such excluded persons. This

exclusion does not apply, and should not be read to apply, to those employees of Defendant who receive notification from the Settlement Administrator regarding this Settlement Agreement.

If you received a notice of this Settlement via mail or email, then you have been identified as a Settlement Class member based on Defendant's records.

## YOUR BENEFITS UNDER THE SETTLEMENT

| **7. What can I get from the Settlement?** |
| --- |

Settlement Class Members who file a valid and timely Claim Form may receive a pro rata cash payment from the Net Settlement Fund. The Net Settlement Fund is what remains of the $6,000,000 Settlement Fund following the payment of Notice and Settlement Administration Costs, Class Representative Service Awards ($2,500 per Class Representative), and Attorneys' Fees and Expenses Award (fees up to one third of the Settlement Fund or $2,000,000, plus expenses up to $50,000.00), subject to the Court's approval.

**\*\*\*To receive Settlement benefits, you must submit a Claim Form by _____\*\*\***

| **8. When will I receive the benefits?** |
| --- |

If you timely submit a valid Claim Form for a cash payment, you will receive payment in the amount approved by the Settlement Administrator once the Settlement is Final and has become effective.

| **9. I want to be a part of the Settlement. What do I do?** |
| --- |

All Settlement Class Members are part of the Settlement unless they request to be excluded from it. To submit a claim for cash compensation, you must timely submit the Claim Form on the Settlement Website at www.xxxxxxxxxx.com, or by mail to In re Group Health Plan Litigation c/o Atticus Administration [insert address]

You must submit any claims by **<<date>>**. There can be only one (1) valid and timely Claim per Settlement Class Member.

| **10. What am I giving up if I remain in the Settlement?** |
| --- |

By staying in the Settlement Class, you will give HealthPartners a "release," and all the Court's orders will apply to you and bind you. A release means you cannot sue or be part of any other lawsuit or other legal action against HealthPartners about or arising from the claims or issues in this Litigation, HealthPartners' use of Tracking Tools, or the alleged Pixel Disclosure.

The precise terms of the release are in the Settlement Agreement, which is available on the Settlement Website. Unless you formally exclude yourself from this Settlement, you will release your claims. If you have any questions, you can talk for free to Class Counsel identified below who have been

appointed by the Court to represent the Settlement Class, or you are welcome to talk to any other lawyer of your choosing at your own expense.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to remain in the Settlement, and instead want to keep any legal claims you may have against HealthPartners, then you must take steps to exclude yourself from this Settlement.

### 11. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail stating that you want to be excluded from *In re Group Health Plan Litigation*, Case No. 23-cv-00483 (D. Minn.) to the Settlement Administrator. Such notice must include: (1) the case name and number of the Litigation (*In re Group Health Plan Litigation*, Case No. 23-cv-00483); (2) your full name, address, and telephone number; (3) your personal and original signature; and (4) a written statement that you wish to be excluded from the Settlement. You may only request exclusion for yourself, and no one else can request exclusion for you. You must mail your exclusion request so that it is postmarked **no later than <<date>>**, to:

In re Group Health Plan Litigation
c/o Atticus Administration
[insert address]

### 12. If I exclude myself, do I still receive benefits from this Settlement?

No, if you submit an exclusion request, you will not receive anything from the Settlement, but you may sue HealthPartners over the claims raised in the Litigation.

## THE LAWYERS REPRESENTING THE SETTLEMENT CLASS

### 13. Do I have a lawyer in this case?

The Court has appointed the following attorneys to represent the Settlement Class as Class Counsel:

**Class Counsel**
Milberg Coleman Bryson Phillips Grossman, PLLC
c/o Gary M. Klinger
227 W. Monroe Street, Suite 2100
Chicago, IL 60606

Chestnut Cambronne PA
c/o Bryan L. Bleichner and Christopher P. Renz
100 Washington Ave., Ste. 1700
Minneapolis, MN 55401-2138

If you want to be represented by your own lawyer, you may hire one at your own expense.

*QUESTIONS? VISIT WWW.XXXXXXXXXXXX.COM*

**14. How will the lawyers for the Settlement Class be paid?**

Class Counsel will be paid from the Settlement Fund. Class Counsel will seek Court approval to be paid reasonable attorneys' fees up to one-third of the Settlement Fund (up to $2,000,000), plus their expenses incurred in the Litigation up to $50,000. The motion for attorneys' fees and expenses will be posted on the Settlement Website after it is filed.

# OBJECTING TO THE SETTLEMENT

**15. How do I tell the Court that I do not like the Settlement?**

If you are a Settlement Class Member, you can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

Any objection to the proposed settlement must be in writing. If you file a timely objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your attorney. If you appear through your attorney, you are responsible for hiring and paying that attorney. In order to object to the Settlement, you must submit a written objection (such as a letter or legal brief) stating that you object and the reasons why you think the Court should not approve some or all of the Settlement. Your objection must include: (i) the case name and number of the Litigation; (ii) your full name, current address, telephone number, and email address; (iii) your personal and original signature; (iv) if you are represented by an attorney, or received assistance from an attorney in drafting your objection, the name, address, telephone number, and email address of the attorney; (v) a statement indicating the basis for your belief that you are a member of the Settlement Class; (vi) a statement as to whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class; (vii) a statement of the legal and/or factual basis for the Objection; (viii a list, including case name, court, and docket number, of all other cases in which you and/or your counsel have filed an objection to any proposed class action settlement in the past three (3) years; and (ix) a statement of whether you intend to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your attorney. If you are objecting and represented by counsel, and such counsel intends to speak at the Final Approval Hearing, your written objection must also include (1) the identity of witnesses whom you intend to call to testify at the Final Approval Hearing; (2) a description of any documents or evidence that you intend to offer at the Final Approval Hearing, and (3) a list, including case name, court, and docket number, of all other cases in which you or your attorney have filed an objection to any proposed class action settlement in the past three (3) years.

If you file an objection, you may still receive benefits under the Settlement so long as you timely file a valid claim. To be timely, written notice of an objection in the appropriate form described above must be filed with the Court no later than the Objection Deadline noted below and submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the District of Minnesota or by mailing them to the Court Clerk, United States District Court for the District of Minnesota, 316 N. Robert Street, Suite 100, St. Paul, MN 55101, and serving a copy of the filed objection on Class Counsel and Defendant's counsel at the following addresses:

## CLASS COUNSEL

Milberg Coleman Bryson Phillips Grossman, PLLC
c/o Gary M. Klinger
227 W. Monroe Street, Suite 2100
Chicago, IL 60606

Chestnut Cambronne PA
c/o Bryan L. Bleichner and Christopher P. Renz
100 Washington Ave., Ste. 1700
Minneapolis, MN 55401-2138

## DEFENDANT'S COUNSEL

Baker & Hostetler LLP
c/o Elizabeth Scully
1050 Connecticut Ave., N.W., Suite 1100
Washington, D.C. 20036

## THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to grant final approval of the Settlement. You may attend if you wish, but you are not required to do so.

| 16. Where and when is the Final Approval Hearing? |
|---|

The Court has already given Preliminary Approval to the Settlement Agreement. A final hearing on the Settlement, called a Final Approval Hearing, will be held to determine the fairness of the Settlement Agreement.

The Court will hold a hearing on **<<date>>, at <<time>> CT** in the courtroom of the United States District Judge Jerry W. Blackwell, Courtroom 3B, which is located at the United States Courthouse, 316 N. Robert Street, Suite 100, St. Paul, Minnesota 55101. The purpose of the hearing will be for the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class and to determine the appropriate amount of compensation for Class Counsel and rule on the request for a Service Award for the Class Representatives. At that

hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed Settlement. The Court will then decide whether to approve the Settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THE FINAL APPROVAL HEARING TO RECIEVE BENEFITS FROM THIS SETTLEMENT. Please be aware that the hearing may be postponed to a later date without notice.

## GETTING MORE INFORMATION – CONTACT:

This notice only provides a summary of the proposed Settlement. Complete details about the Settlement can be found in the Settlement Agreement available on the Settlement Website.

**www.xxxxxxxxxxxxxx.com**

If you have any questions, you can contact the Settlement Administrator or Class Counsel at the phone numbers listed above. In addition to the documents available on the Settlement Website, all pleadings and documents filed in this Litigation may be reviewed or copied at the Clerk of Court's office.

**DO NOT CALL OR SEND ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, OR HEALTHPARTNERS OR ITS COUNSEL. ALL QUESTIONS ABOUT THE SETTLEMENT SHOULD BE REFERRED TO THE SETTLEMENT ADMINISTRATOR OR CLASS COUNSEL.**

# **<u>EXHIBIT C</u>**

In re Group Health Plan
Litigation
[address]

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, STATE ZIP
PERMIT NO. XXXX

<<Barcode>> Class Member ID:

<<Refnum>>

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

**NOTICE OF CLASS ACTION
SETTLEMENT**

**You may be entitled to submit a claim
for monetary compensation under a
proposed class action settlement.**

**www.xxxxxxxxxx.com**

## WHO IS A CLASS MEMBER?

In the lawsuit *In re Group Health Plan Litigation*, No. 23-cv-00483 (D. Minn.), you are a Settlement Class Member if you logged into healthpartners.com and virtuwell.com, between January 1, 2018 and November 10, 2023 (the "Settlement Class"). You are receiving this notice because you have been identified as a Settlement Class member according to Defendant's records.

In the lawsuit, Plaintiffs allege that Defendant Group Health, Inc., d/b/a HealthPartners ("HealthPartners") used certain Internet tracking technology supplied by a third party, including a piece of code known as a "pixel" (referred to herein as "Tracking Tools"), on its websites, that allegedly may have caused certain personal or health-related information to have been disclosed to a vendor or third party. HealthPartners denies any wrongdoing and all the claims asserted against it, and the Court has not ruled that HealthPartners did anything wrong.

## WHAT ARE THE SETTLEMENT BENEFITS AND TERMS?

Settlement Class Members who submit a valid Claim Form may receive a pro rata cash payment from the Net Settlement Fund. The Net Settlement Fund is what remains of the $6,000,000 Settlement Fund following the payment of the Notice and Settlement Administration Costs, any Class Representative Service Awards ($2,500 per Class Representative), and any Attorneys' Fees and Expenses Award (up to one-third (i.e. $2,000,000) of the Settlement Fund, plus up to $50,000 in expenses). More information, including a copy of the Settlement Agreement, is available at www.xxxxxxxxxxxx.com.

## WHAT ARE YOUR RIGHTS AND OPTIONS?

**Submit a Claim Form.** To qualify for a cash payment, you must timely mail a Claim Form that is attached to this notice or complete and submit a Claim Form online at www.xxxxxxxxxxxx.com. Your Claim Form must be postmarked or submitted online no later than _____, 2024.

**Opt-Out.** You may exclude yourself from the Settlement and retain your ability to sue Group Health by mailing a written request for exclusion to the Settlement Administrator that is postmarked no later than _____, 2024. If you do not exclude yourself, you will be bound by the Settlement and give up your right to sue regarding the released claims.

**Object.** If you do not exclude yourself, you have the right to object to the Settlement. Written objections must be filed with the Court no later than _____, 2024, and provide the reasons for the objection.

**Do Nothing.** If you do nothing, you will not receive a Settlement payment and will lose the right to sue regarding the released claims. You will be bound by the Court's decision because this is a conditionally certified class action.

**Attend the Final Approval Hearing.** The Court will hold a Final Approval Hearing at _____ _.m. on _____, 2025, in the U.S. District Courthouse at 316 N. Robert Street, Suite 100, St. Paul, Minnesota 55101, to determine if the Settlement is fair, reasonable, and adequate. You may appear at the Final Approval Hearing, but you do not have to.

**Who are the attorneys for the Plaintiffs and the proposed Settlement Class?** The Court appointed Bryan L. Bleichner, Christopher P. Renz and Gary M. Klinger as Class Counsel to represent the Settlement Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

**Do I have any obligation to pay attorneys' fees or expenses?** No. Any attorneys' fees and expenses will be paid exclusively from the Settlement Fund as approved by the Court. The motion for attorneys' fees and expenses will be posted on the Settlement Website after it is filed with the Court.

**What is the amount of the Class Representative Service Awards?** The named Plaintiffs, also called the Class Representatives, will seek Service Awards in the amount of $2,500 each for their efforts in this case.

**Who is the Judge overseeing this settlement?** Jerry W. Blackwell, United States District Judge, District of Minnesota.

**Where can I learn more about the case, the Settlement, and my options?** www.xxxxxxxxxxxx.com.

In re Group Health Plan Litigation
[insert address]

<<B a r c o d e>> Class Member ID:
<<Refnum>>

## CLAIM FORM

Claims for a cash payment must be postmarked no later than _____, 2024. You may also submit a Claim Form online at www.xxxxxxxxx.com no later than _____, 2024.

NAME: _____

ADDRESS: _____

**Cash Payment:** Would you like to receive a cash payment under the Settlement? (circle one)    Yes    No

If you are a Settlement Class Member, you may receive a cash payment from the Net Settlement Fund after all claims are received.

**Select from one of the following payment options:**

*PayPal _____    *Venmo _____    *Zelle _____    *Virtual Prepaid Card _____ (requires an email address)    Check _____

*Please provide your email address or phone number associated with your PayPal, Venmo or Zelle account, or email address for the Virtual Prepaid card:

_____

By signing my name below, I confirm that I would like to receive a cash payment under the Settlement.

_____

(signature)

# **<u>EXHIBIT D</u>**

# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| In Re: Group Health Plan Litigation | Case No. 23-cv-00267 (JWB/DJF) |
| | **PROPOSED ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement between Plaintiffs Kelly Vriezen, Sandra Tapp, and Kaye Lockrem, for themselves and on behalf of the Settlement Class, and Defendant Group Health Plan, Inc. d/b/a HealthPartners ("Group Health") for consideration of whether the Settlement reached by the parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved. Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed notice plan approved.[1] Accordingly, good cause appearing in the record, Plaintiffs' Motion is GRANTED, and **IT IS HEREBY ORDERED THAT**:

## Provisional Certification of the Settlement Class

(1)     The Court provisionally certifies the following Settlement Class:

---

[1]     Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement.

All individuals who logged into healthpartners.com and virtuwell.com, between January 1, 2018 and November 10, 2023 ("Settlement Class").

Excluded from the Class are: (i) the officers and directors of Defendant and its affiliates, parents, and subsidiaries; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; (iii) any individual who timely and validly excludes themselves from the Settlement, and (iv) the successors or assigns of any such excluded persons. This exclusion does not apply, and should not be read to apply, to those employees of Defendant who receive notification from the Settlement Administrator regarding this Settlement Agreement

This Settlement Class is provisionally certified for purposes of settlement only.

(2)    The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

(3)    Plaintiffs Kelly Vriezen, Sandra Tapp, and Kaye Lockrem are designated and appointed as the Settlement Class Representatives.

(4)    The following lawyers, who were previously appointed by the Court as interim Co-lead Counsel, are designated as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g): Bryan L. Bleichner of Chestnut Cambronne PA; and Gary M. Klinger of Milberg Coleman Bryson

2

Phillips Grossman PLLC. The Court finds that these lawyers are experienced and will adequately protect the interests of the Settlement Class.

<u>**Preliminary Approval of the Proposed Settlement**</u>

(5)    Upon preliminary review, the Court finds the proposed Settlement is fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

<u>**Final Approval Hearing**</u>

(6)    A Final Approval Hearing shall take place before the Court on _____, 2025, at ___ a.m./p.m. in Courtroom 3B before the Honorable Jerry W. Blackwell, United States District Court Judge, United States Courthouse, 316 N. Robert Street, St. Paul, Minnesota to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Consolidated Class Action Complaint and Litigation should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved; and (f) the application for Service Awards should be approved. Any other matters the Court deems necessary and appropriate will also be addressed at the hearing.

(7)    Class Counsel shall submit their application for fees, costs, and expenses and the application for Service Awards 30 days before the Final Approval Hearing. Objectors, if any, shall file any response to Class Counsel's motions no later than 17 days prior to the Final Approval Hearing. By no later than 10 days prior to the Final Approval Hearing, responses shall be filed, if

any, to any filings by objectors, and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses and for Service Awards shall be filed.

(8)    Any Settlement Class Member that has not timely and properly excluded itself from the Settlement Class in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude itself from the Settlement Class shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

### Administration

(9)    Atticus Administration, LLC is appointed as the Settlement Administrator, with responsibility for Claims Administration, the Notice Program, and all other obligations of the Claims Administrator as set forth in the Settlement. The Settlement Administrator's fees, as well as all other costs and expenses associated with notice and administration, will be paid out of the Settlement Fund, as provided in the Settlement.

### Notice to the Class

(10)    The Notice Program set forth in the Settlement, including the forms of notice set forth therein, as well as the Notice and Claim Form attached as exhibits to the Longley Declaration, satisfy the requirements of Federal Rule of Civil Procedure 23 and due process and thus are approved. Non-material modifications to the exhibits may be made without further order

4

of the Court. The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement and to perform all other tasks that the Settlement requires.

(11)    The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Settlement and exhibits: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

## Exclusions from the Class

(12)    Any Settlement Class Member that wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude itself to the Settlement Administrator, Class Counsel, and Group Health's counsel at the addresses provided in the Notice, postmarked no later than _____ [90 days after the date of this Order] (the "Opt-Out Deadline") and sent via first class postage pre-paid United States mail. The written notification must include the name of this Litigation (*In Re: Group Health Plan Litigation*, Case No. 23-cv-00267 (JWB/DJF) (D. Minn.)); the full name, address, and telephone number of the Settlement Class Member; the name, address, email address, telephone number, position, and signature of the individual who is acting on behalf of the Settlement Class Member; and the words "Request for Exclusion" at the top of the document or a statement in the body of the document requesting exclusion from the Settlement. If the Settlement Class Member fails to provide all of the required

information on or before the deadlines specified in the Settlement and fails to cure any deficiency within the time allowed in the Settlement, then its attempt to opt out shall be invalid and have no legal effect, and the Settlement Class Member shall be bound by the Settlement, including the releases, if finally approved.

(13)    All Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement shall not receive any benefits of or be bound by the terms of the Settlement. Any Settlement Class Member that does not timely and validly exclude itself from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member that has not submitted a timely, valid written notice of exclusion from the Settlement (in accordance with the requirements of the Settlement) shall be bound by all subsequent proceedings, orders and judgments in this matter, the Settlement, including but not limited to the releases set forth in the Settlement, and the Final Approval Order and Judgment.

(14)    The Settlement Administrator shall provide the parties with copies of all opt-out notifications promptly upon receipt, and a final list of all that have timely and validly excluded themselves from the Settlement Class in accordance with the terms of the Settlement, which Class Counsel may move to file under seal with the Court no later than ten (10) days prior to the Final Approval Hearing.

## Objections to the Settlement

(15)    A Settlement Class Member that complies with the requirements of this Order may object to the Settlement, the request of Class Counsel for an award of attorneys' fees, costs, and expenses, and/or the request for Service Awards.

(16)    No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by

6

the Court, unless the objection is (a) electronically filed with the Court by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Class Counsel, and Group Health's Counsel, at the addresses listed in the Notice, and postmarked by no later than the Objection Deadline, which shall be _____ [90 days after the date of this Order], as specified in the Notice. Objections shall not exceed twenty-five (25) pages. For the objection to be considered by the Court, the objection shall set forth:

a.   the name of the Litigation (*In Re: Group Health Plan Litigation*, Case No. 23-cv-00267 (JWB/DJF) (D. Minn.));

b.   the full name of the objector and the full name, address, telephone number, and email address of the person acting on its behalf;

c.   the Settlement Class Member's personal and original signature;

d.   if the objecting Settlement Class Member is represented by an attorney, or received assistance from an attorney in drafting his or her objection, the name, address, telephone number, and email address of the attorney;

e.   a statement indicating the basis for the objecting Settlement Class Member's belief that he or she is a member of the Settlement Class;

f.   a statement of whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class;

g.   a statement of the legal and/or factual basis for the Objection;

h.   a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years; and

i.      a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel..

(17)    In addition, any Settlement Class Member that objects to the proposed Settlement must make itself available to be deposed regarding the grounds for its objection and must provide along with its objection the dates when the objector will be available to be deposed during the period from when the objection is filed through the date five days before the Final Approval Hearing.

(18)    Any Settlement Class Member that fails to comply with the provisions in this Order will waive and forfeit any and all rights it may have to object, and shall be bound by all the terms of the Settlement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the releases in the Settlement, if finally approved. Any Settlement Class Member who both objects to the Settlement and opts out will be deemed to have opted out and the objection shall be deemed null and void.

## Claims Process and Distribution Plan

(19)    The Settlement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form. The Court preliminarily approves this process.

(20)    Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Settlement is finally approved, all Settlement Class Members that qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and Claim Form shall be forever barred from receiving any such

benefit, but will in all other respects be subject to and bound by the provisions of the Settlement, including the releases included in the Settlement, and the Final Approval Order and Judgment.

### Termination of the Settlement and Use of this Order

(21)  This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

(22)  If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Group Health of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that its claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims it may have in this Litigation or in any other lawsuit.

### Stay of Proceedings

(23)  Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

**Continuance of Final Approval Hearing**

(24)    The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

**Actions by Settlement Class Members**

(25)    The Court stays and enjoins, pending Final Approval of the Settlement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against Group Health related to the Defendant's alleged use of Tracking Tools.

**Summary of Deadlines**

(26)    The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include but are not limited to the following:

- Notice Deadline: [30 days after entry of this Order]

- Objection and Opt-Out Deadline: [90 days after entry of this Order]

- Claims Deadline: [210 days after entry of this Order]

- Final Approval Hearing: [a date to be set by the Court no earlier than 230 days after entry of this order]

- Application for Attorneys' Fees, Expenses and Service Awards ("Fee Application") [30 days before the Final Approval Hearing]

- Motion for Final Approval of the Settlement ("Final Approval Motion"): [30 days before the Final Approval Hearing]

- Objectors', if any, Response to Final Approval Motion and Fee Application [17 days before the Final Approval Hearing]

- Replies in Support of Final Approval and Fee Motion [10 days before the Final Approval Hearing]

IT IS SO ORDERED this _____ day of _____, 2024.


_____
The Honorable Jerry W. Blackwell
United States District Court Judge
District of Minnesota

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement" or "Settlement Agreement") is entered into by and between Group Health Plan, Inc. d/b/a HealthPartners (the "Defendant" or "Group Health") and Kelly Vriezen, Sandra Tapp, and Kaye Lockrem (the "Plaintiffs" and, together with Defendant, the "Parties"), individually and on behalf of the Settlement Class (as defined below), by and through their respective counsel.

## I.    Recitals

1.    Group Health is an integrated health care organization providing healthcare services and health plan financing and administration headquartered at 8170 33rd Ave. S. Bloomington, MN 55425.

2.    On February 2, 2023, Plaintiff Kelly Vriezen filed a class action complaint in the United States District Court for the District of Minnesota, captioned *Vriezen v. Group Health Plan, Inc., d/b/a Health Partners,* Case No. 23-cv-00267. On February 24, 2023, Plaintiff Kaye Lockrem filed a class action complaint in the United States District Court for the District of Minnesota, captioned *Kaye Lockrem, et al., v. Group Health Plan Inc., d/b/a HealthPartners*, Case No. 23-cv-00461. And, on February 28, 2023, Plaintiff Sandra Tapp filed a class action complaint in the United States District Court for the District of Minnesota, captioned *Tapp v. Group Health Plan, Inc. d/b/a/ HealthPartners*, Case No. 23-cv-00483. These cases were subsequently consolidated under this case number and retitled *In re: Group Health Plan Litigation,* (the "Litigation") and a consolidated complaint was filed on July 14, 2023 (the "Complaint").

3.    The Litigation arises from Plaintiffs' claim that Defendant used an Internet tracking technology supplied by a third party, called a pixel (referred to as a "Tracking Tool" herein), which Plaintiffs allege may have led to the disclosure of certain personal or health-related information to

1

a vendor or third-party (defined below as the "Pixel Disclosure"). Plaintiffs claim that Defendant's implementation and usage of such Tracking Tools allegedly resulted in the invasion of Plaintiffs' and Settlement Class Members' privacy and other alleged common law and statutory violations.

4.    Defendant denies all claims asserted against it in the Litigation, denies all allegations of wrongdoing and liability, and denies all material allegations of the Complaint.

5.    Class Counsel (defined below) have investigated the facts relating to the claims and defenses alleged and the underlying events in the Litigation, have made a thorough study of the legal principles applicable to the claims and defenses asserted in the Litigation, and have conducted a thorough assessment of the strengths and weaknesses of the Parties' respective positions.

6.    The Parties desire to settle the Litigation and all claims arising out of or related to the allegations or subject matter of the Complaint, the Litigation, the Pixel Disclosure, and/or Defendant's use of any Tracking Tools on the terms and conditions set forth herein for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing the Litigation.

7.    Plaintiffs and Class Counsel, on behalf of the Settlement Class (as defined below), have concluded—based upon their pre-suit investigation, informal discovery for settlement purposes, formal discovery, and taking into account the contested issues involved, the expense and time necessary to prosecute the Litigation through trial, the risks and costs associated with further prosecution of the Litigation, the uncertainties of complex litigation, the desired outcome from continued litigation, and the substantial benefits to be received pursuant to this Settlement Agreement—that a settlement with Defendant on the terms set forth herein is fair and reasonable and in the best interest of Plaintiffs and the Settlement Class. Plaintiffs and Class Counsel believe that the Settlement reflected in this Settlement Agreement confers substantial benefits upon the Settlement Class.

2

8.    The Settlement Agreement allocates the Settlement Fund as follows:

a.    Settlement Class Representative Service Awards;

b.    the Settlement Administrator's Notice and Settlement Administration Costs;

c.    a *pro rata* cash payment to all Class Members submitting valid Claim Forms under the Settlement;

d.    the Settlement Administrator will reissue a notice via email (or by mail if no email is available) ("*Pro Rata* Payment Reminder Notice") to any Class Member who did not redeem their *pro rata* cash payment within the first seventy-five (75) days after issuance of the *pro rata* cash payment;

e.    any Class Member who requests a replacement *pro rata* cash payment within 120 days from the date of issuance will receive a replacement *pro rata* cash payment that must be redeemed within 60 days;

f.    any uncashed funds that remain after the *Pro Rata* Payment Reminder Notice will be considered Residual Funds and distributed via *cy pres* distribution as designated in Paragraph 14; and

g.    Class Counsel's Attorneys' Fees and Expenses Award.

9.    The Parties agree and understand that neither this Settlement Agreement, nor the Settlement it represents, shall be construed as an admission by Defendant of any wrongdoing whatsoever, including an admission of a violation of any statute or law or of liability on the claims or allegations in the Litigation or any other similar claims in other proceedings, or that any such claims would be suitable for class treatment.

10.    The Settlement Agreement is intended to fully, finally, and forever resolve all claims and causes of action asserted, and that could have been asserted, arising out of or related to the allegations or subject matter of the Complaint and Litigation, against Defendant and the Released Persons, by and on behalf of the Plaintiffs and Settlement Class Members (as defined in Paragraph 12 below).

11.    The Parties, by and through their respective duly authorized counsel of record, and intending to be legally bound hereby, agree that, subject to the approval of the Court as provided

3

for in this Agreement, the Litigation, all matters and claims in the Complaint, and all matters and claims arising out of or related to the allegations or subject matter of the Complaint, the Litigation, the Pixel Disclosure, and/or Defendant's use of any Tracking Tools shall be settled, compromised, and dismissed, on the merits and with prejudice, upon the following terms and conditions.

## II.    Definitions

12.    As used herein and in the related documents attached hereto as exhibits, the following terms have the meanings specified below:

a.    "**Agreement**" or "**Settlement Agreement**" means this settlement agreement, including all exhibits, which the Parties understand and agree set forth all material terms and conditions of the Settlement of the Litigation between them and which is subject to approval by the Court.

b.    "**Attorneys' Fees and Expenses Award**" means the amount awarded by the Court to be paid to Class Counsel from the Settlement Fund, such amount to be in full and complete satisfaction of Class Counsel's claim or request (and any request made by any other attorneys) for payment of reasonable attorneys' fees and Litigation Expenses incurred in respect of the Litigation.

c.    "**Claim Form**" means the claim form that will be mailed and/or emailed to Settlement Class Members whereby they may receive a cash payment under the Settlement, substantially in the form attached hereto as **Exhibit A**.

d.    "**Claim Deadline**" is the date by which Settlement Class Members must submit a valid Claim Form to receive a cash payment under the Settlement. The Claim Deadline is ninety (90) Days after the Notice Date.

e.    "**Class Counsel**" shall mean Bryan L. Bleichner and Christopher P. Renz of Chestnut Cambronne PA, and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; and

f.    "**Class Notice**" means the notice of this Settlement, which shall include the Long-Form Notice and Short-Form or Postcard Notice, substantially in the form attached hereto as **Exhibits B and C**, respectively.

g.    "**Court**" means the United States District Court for the District of Minnesota.

h.    "**Day(s)**" means calendar days but does not include the day of the act, event, or default from which the designated period of time begins to run. Further, and notwithstanding the above, when computing any period of time prescribed or allowed by this Settlement Agreement, "Days" includes the last day of the

4

period unless it is a Saturday, a Sunday, or a federal legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or federal legal holiday.

i.      "**Defendant's Counsel**" means Cynthia A. Bremer and Nathan T. Boone of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. and Elizabeth A. Scully and Paul G. Karlsgodt of Baker & Hostetler, LLP.

j.      "**Effective Date**" means the date defined in Paragraph 89 of this Settlement Agreement.

k.      "**Final**" with respect to a judgment or order means that the following have occurred: (i) the expiration of all deadlines to notice any appeal; (ii) if there is an appeal or appeals, the completion, in a manner that finally affirms and leaves in place the judgment or order without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration, rehearing en banc, or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand).

l.      "**Final Approval Hearing**" means the hearing at which the Court will determine whether the Settlement should be given final approval pursuant to Federal Rule of Civil Procedure 23 and whether any Attorneys' Fees and Expenses Award and Settlement Class Representative Service Awards should be approved.

m.      "**Final Approval Order and Judgment**" means an order and judgment that the Court enters after the Final Approval Hearing which, among other things, finally approves the Settlement, certifies the Settlement Class, dismisses the Litigation with prejudice, and otherwise satisfies the settlement-related provisions of Federal Rule of Civil Procedure 23 in all respects.

n.      "**Litigation Expenses**" means costs and expenses incurred by Class Counsel in connection with commencing, prosecuting, mediating, and settling the Litigation, and obtaining a Final Approval Order and Judgment.

o.      "**Long-Form Notice**" means the written notice substantially in the form of **Exhibit B** to this Settlement Agreement.

p.      "**Notice and Settlement Administration Costs**" means all approved reasonable costs incurred or charged by the Settlement Administrator in connection with providing notice to members of the Settlement Class, processing claims, and otherwise administering the Settlement including issuing any notice required under the Class Action Fairness Act, 28 U.S.C. § 1715. This does not include any separate costs incurred directly by Defendant or any of Defendant's attorneys, agents, or representatives in this Litigation.

q.  "**Net Settlement Fund**" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) reasonable Notice and Settlement Administration Costs incurred pursuant to this Settlement Agreement; (ii) any taxes owed by the Settlement Fund; (iii) any Service Awards approved by the Court; and (iv) any Attorneys' Fees and Expenses Award approved by the Court.

r.  "**Notice Date**" means the date, within sixty (60) Days of the entry of the Preliminary Approval Order, when the Settlement Administrator shall email and/or mail by First-Class United States mail the Postcard Notice to all Settlement Class Members for whom Defendant has valid addresses.

s.  "**Notice Program**" means the notice program described in Section VII.

t.  "**Objection Deadline**" shall have the meaning set forth in Paragraph 57 or as otherwise ordered by the Court.

u.  "**Opt-Out**" means a Settlement Class Member (i) who timely submits a properly completed and executed Request for Exclusion, (ii) who does not rescind that Request for Exclusion before the end of the Opt-Out Period, and (iii) as to which there is not a successful challenge to the Request for Exclusion.

v.  "**Opt-Out Date**" means the date by which Settlement Class Members must mail their Request for Exclusion in order to be excluded from the Settlement Class. The postmark date shall constitute evidence of the date of mailing for these purposes. The Opt-Out Date shall be sixty (60) Days after the Notice Date.

w.  "**Opt-Out Period**" means the period commencing on the date of entry of the Preliminary Approval Order and ending on the Opt-Out Date, during which Settlement Class Members may submit a timely Request for Exclusion.

x.  "**Person**" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

y.  "**Pixel Disclosure**" means the alleged disclosure of personal and/or health-related information of Plaintiffs and Settlement Class Members to any third party, including but not limited to Meta (formerly known as Facebook) as a result of any use of Tracking Tools on Defendant's websites and patient portal, including but not limited to www.healthpartners.com, and www.virtuwell.com, between January 1, 2018 and the date this Settlement Agreement is executed.

6

z. "**Postcard Notice**" or "**Short-Form Notice**" means the written notice to be sent to Settlement Class Members pursuant to the Preliminary Approval Order substantially in the form attached as **Exhibit C** to this Settlement Agreement.

aa. "**Preliminary Approval Date**" means the date the Preliminary Approval Order has been executed and entered by the Court.

bb. "**Preliminary Approval Order**" means the order certifying the proposed Settlement Class for settlement purposes, preliminarily approving this Settlement Agreement, approving the Notice Program, and setting a date for the Final Approval Hearing, entered in a format the same as or substantially similar to that of the Proposed Preliminary Approval Order attached hereto as **Exhibit D**.

cc. "***Pro Rata* Payment Reminder Notice"** means the reminder notice that the Settlement Administrator will issue to every Class Member who does not redeem their check within 75 days after receiving the *pro rata* payment.

dd. "**Related Parties**" means Defendant's past or present parents, subsidiaries, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as each of Defendant's and these entities' respective predecessors, successors, assigns, shareholders, members, trustees, directors, officers, employees, principals, agents, attorneys, representatives, providers, advisors, consultants, contractors, vendors, partners, insurers, reinsurers, and subrogees, and includes, without limitation, any Person related to any such entity who could have been named as a defendant in this Litigation.

ee. "**Released Claims**" means all claims and other matters released in and by Section XV of this Settlement Agreement. Released Claims do not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement contained in this Agreement.

ff. "**Released Persons**" means Defendant and the Related Parties.

gg. "**Releasing Persons**" means Plaintiffs and the Settlement Class Members who do not timely opt out of the Settlement Class, and each of their respective present or past spouses, heirs, estates, trustees, principals, beneficiaries, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, and/or anyone claiming through them or acting or purporting to act for them or on their behalf.

hh. "**Residual Funds**" means any funds that remain in the Settlement Fund after all deductions from the Settlement Fund and after all settlement payments to Settlement Class Members. Often in class action settlements, some number of class members who submit valid claims and are then issued Settlement Payments fail to cash or deposit their settlement payments. The funds remaining in the Settlement Fund after Settlement Payments have been distributed and the

7

time for cashing and/or depositing such payments has expired will be Residual Funds. The Residual Funds will be sent to a 501(c)(3) charitable organization to be agreed upon by the Parties and approved by the Court.

ii.     "**Request for Exclusion**" means a fully completed and properly executed written request that is timely submitted to the Settlement Administrator by a Settlement Class Member under Section IX of this Agreement and is postmarked on or before the end of the Opt-Out Period. For a Request for Exclusion to be properly completed and executed, it must: (a) identify the case name and number of the Litigation; (b) state the Settlement Class Member's full name, address and telephone number; (c) contain the Settlement Class Member's personal and original signature; (d) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement; and (e) request exclusion only for that one Settlement Class Member whose personal and original signature appears on the request. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, i.e., one request is required for every Settlement Class Member seeking exclusion.

jj.     "**Settlement**" means the settlement reflected by this Settlement Agreement.

kk.     "**Settlement Administrator**" means the Court-appointed class action settlement administrator retained to carry out the notice plan, issue any required notice under the Class Action Fairness Act, administer the Settlement Fund distribution process, and perform other actions as specified in this Settlement Agreement, as agreed to by the Parties, or as ordered by the Court. The Parties, subject to Court approval, have agreed that Class Counsel will engage Atticus Administration LLC as Settlement Administrator in this matter.

ll.     "**Settlement Agreement**" means this Settlement Agreement, including all exhibits hereto.

mm.    "**Settlement Class**" means all individuals who logged into healthpartners.com or virtuwell.com between January 1, 2018 and November 10, 2023. Excluded from the Class are: (i) the officers and directors of Defendant and its affiliates, parents, and subsidiaries; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; (iii) any individual who timely and validly excludes themselves from the Settlement, and (iv) the successors or assigns of any such excluded persons. This exclusion does not apply, and should not be read to apply, to those employees of Defendant who receive notification from the Settlement Administrator regarding this Settlement Agreement. The Settlement Class consists of approximately 978,305 individuals.

nn.     "**Settlement Class Representatives**" means Plaintiffs who filed the Complaint in the Litigation: Kelly Vriezen, Kaye Lockrem, and Sandra Tapp.

oo.    "**Settlement Fund**" means the non-reversionary sum of six million dollars and zero cents ($6,000,000), to be paid by Defendant as specified in this Agreement, including any interest accrued thereon after payment, which shall be used as the only source of payment for all costs of the Settlement.

pp.    "**Settlement Class Members**" means all Persons who are members of the Settlement Class.

qq.    "**Settlement Website**" means a dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Postcard Notice, and the Long-Form Notice, among other things, as agreed upon by the Parties and approved by the Court.

rr.    "**Tracking Tools**" means any third-party pixels, web analytics, and/or advertising technologies, that allow website owners to track or monitor visitor activity on their websites, including but not limited to the Meta Pixel.

### III.    Certification of the Settlement Class

13.    For settlement purposes only and within the context of the Settlement Agreement only, Plaintiffs will request that the Court certify the Settlement Class.

14.    The Plaintiffs identified in the Complaint will move to be appointed Settlement Class Representatives for settlement purposes only and Class Counsel will move to be appointed as counsel to the Settlement Class for settlement purposes only.

15.    If this Settlement Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then Plaintiffs' request for certification of the Settlement Class will be withdrawn and deemed to be of no force or effect for any purpose in this or any other proceeding. In that event, Defendant reserves the right to assert any and all objections and defenses to certification of a class, and neither the Settlement Agreement nor any order or other action relating to the Settlement Agreement shall be offered by any Person in any litigation or other proceeding against Defendant or any Related Party as evidence in support of a motion to certify any class.

IV.    **Settlement Consideration**

16.    Defendant agrees to make a payment of six million dollars and zero cents ($6,000,000.00) and deposit that payment into the Settlement Fund within thirty (30) Days after the Court enters a Preliminary Approval Order. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Defendant's liability under this Agreement shall not exceed six million dollars and zero cents ($6,000,000.00), inclusive of Class Counsel's Attorneys' Fees and Litigation Expenses, all Notice and Settlement Administration Costs, any taxes applicable to the Settlement Fund, and any Service Awards. The timing set forth in this provision is contingent upon Defendant's receipt of a Form W-9 and payment instructions from the Settlement Administrator for the Settlement Fund by the date that the Preliminary Approval Order is issued. If Defendant does not receive this information by the date that the Preliminary Approval Order is issued, the payments specified by this paragraph shall be made within thirty (30) Days after Defendant receives this information.

17.    The Settlement Fund shall be deposited in an appropriate qualified settlement fund established by the Settlement Administrator but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Agreement or returned to those who paid the Settlement Fund in the event this Agreement is voided, terminated, or cancelled.

18.    In the event this Agreement is voided, terminated, or cancelled due to lack of approval from the Court or any other reason: (i) the Settlement Class Representatives and Class Counsel shall have no obligation to repay any of the Notice and Settlement Administration Costs that have been paid or incurred in accordance with the terms and conditions of this Agreement; (ii) any amounts remaining in the Settlement Fund (after payment of Notice and Settlement

10

Administration Costs already paid or incurred in accordance with the terms and conditions of this Agreement), including all interest earned on the Settlement Fund net of any taxes, shall be returned to Defendant; and (iii) no other person or entity shall have any further claim whatsoever to such amounts.

19.    This Settlement is non-reversionary. As of the Effective Date, all rights of Defendant in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is voided, cancelled, or terminated, as described in Section XIV of this Agreement. In the event the Effective Date occurs, no portion of the Settlement Fund shall be returned to Defendant.

20.    As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for: (i) reasonable Notice and Settlement Administration Costs incurred pursuant to this Settlement Agreement as approved by Class Counsel and approved by the Court; (ii) any taxes owed by the Settlement Fund; (iii) any Service Awards approved by the Court; (iv) any Attorneys' Fees and Expenses Award as approved by the Court; and (v) any *cy pres* payment to an agreed upon and court-approved charitable organization unaffiliated with the Parties. The Settlement Administrator will maintain control over the Settlement Fund and shall be responsible for all disbursements, including payment of any applicable taxes.

21.    No amounts may be withdrawn from the Settlement Fund unless (i) expressly authorized by the Settlement Agreement, or as may be (ii) approved by the Court. Class Counsel may authorize the periodic payment of actual reasonable Notice and Settlement Administration Costs from the Settlement Fund as such expenses are invoiced without further order of the Court. The Settlement Administrator shall provide Class Counsel and Defendant with notice of any withdrawal or other payment the Settlement Administrator proposes to make from the Settlement

Fund before the Effective Date at least seven (7) business days prior to making such withdrawal or payment.

22.     The Settlement Administrator, subject to such supervision and direction of the Court and Class Counsel as may be necessary or as circumstances may require, shall administer and oversee any *cy pres* distribution of the Settlement Fund to an agreed upon charitable organization unaffiliated with the Parties pursuant to this Agreement.

23.     The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any taxes owed by the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution determined by the Settlement Administrator and approved by the Parties. Funds may be placed in a non-interest-bearing account as may be reasonably necessary during the check-clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

24.     All taxes owed by the Settlement Fund shall be paid out of the Settlement Fund, shall be considered part of the Notice and Settlement Administration Costs, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund

12

shall indemnify and hold harmless the Parties and their counsel for any taxes relating to the Settlement (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Settlement Class Representative of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Settlement Class Representative shall be solely responsible for the federal, state, and local tax consequences to them of the receipt of funds from the Settlement Fund pursuant to this Agreement. Under no circumstances will Defendant have any liability for taxes or tax expenses under the Settlement Agreement.

25.     Limitation of Liability

a.     Defendant and its counsel shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission, or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (v) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns. Defendant also shall have no obligation to communicate with Settlement Class Members and others regarding amounts paid under the Settlement.

b.     The Settlement Class Representatives and Class Counsel shall not have any liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) any losses suffered by or fluctuations in the value of the Settlement Fund; or (v) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

**V.     Benefits to Class Members**

26.     As set out in Paragraph 36, the Net Settlement Fund shall be distributed via *pro rata* cash payments to Settlement Class Members who submit a valid and timely Claim Form. The

13

Settlement Administrator will also issue a *Pro Rata* Payment Reminder Notice to any Class Member who did not claim their *pro rata* payment within 75 days after issuance of payment. Class Members who request a replacement *pro rata* payment within 120 days after issuance will have an additional 60 days to redeem their *pro rata* payment.  Any Residual Funds will then be allocated to the agreed-upon *cy pres* recipient.

### VI.    Settlement Administration

27.    All agreed upon and reasonable Federal Rule of Civil Procedure 23 Notice and Settlement Administration Costs will be paid from the Settlement Fund.

28.    Class Counsel represent that (i) they solicited competitive bids for settlement administration, including Notice and Settlement Administration Costs, (ii) they believe that Postcard Notice and/or email notice is appropriate under the circumstances, and (iii) they will direct the Settlement Administrator to utilize other appropriate forms of notice where practicable, in order to contain the administration costs while still providing effective notice to the Settlement Class Members.

29.    The Settlement Administrator will provide written notice of the settlement terms to all Settlement Class Members for whom Defendant has provided a valid mailing address or email address. The Settlement Administrator shall perform skip-tracing for any returned mail and shall re-mail notice to any Settlement Class Members whose addresses are uncovered by skip-tracing.

30.    The Settlement Administrator will cause the Notice Program to be effectuated in accordance with the terms of the Settlement Agreement and any orders of the Court.

31.    The Settlement Administrator will administer the settlement processes as set forth in this Agreement and as directed by Class Counsel, subject to the Court's supervision and direction as circumstances may require.

32.    To make a claim, a Settlement Class Member must complete and submit a valid, timely, and sworn Claim Form. A Claim Form shall be submitted online at the Settlement Website or by U.S. mail and must be submitted on the Settlement Website or postmarked (as the case may be) no later than the Claim Deadline.

33.    The Settlement Administrator will review and evaluate each Claim Form for validity, timeliness, and completeness.

34.    If, in the determination of the Settlement Administrator, the Settlement Class Member submits a timely but incomplete Claim Form, the Settlement Administrator shall give the Settlement Class Member notice of the deficiencies, and the Settlement Class Member shall have twenty (20) Days from the date of the written notice to cure the deficiencies. The Settlement Administrator will provide notice of deficiencies concurrently to Defendant's Counsel and Class Counsel. If the defect is not cured within the 20-Day period, then the Claim will be deemed invalid. All Settlement Class Members who submit a valid and timely Claim Form, including a Claim Form deemed defective but timely cured, shall be considered "Claimants."

35.    The Settlement Administrator will maintain records of all Claim Forms submitted until three hundred sixty (360) Days after entry of a Final Approval Order and Judgment. Claim Forms and supporting documentation may be provided to the Court upon request and to Class Counsel to the extent necessary to resolve claims determination issues pursuant to this Settlement Agreement. Class Counsel or the Settlement Administrator will provide other reports or information that the Court or Parties may request.

36.    Subject to the terms and conditions of this Settlement Agreement, thirty (30) Days after the Effective Date, the Settlement Administrator shall mail or otherwise provide a payment via check ("Claim Check") or electronic means (collectively, a "Settlement Payment") to each Claimant for their *pro rata* share of the Net Settlement Fund, in accordance with the following distribution procedures:

   a.    The Settlement Administrator shall utilize the Net Settlement Fund to make all Settlement Payments.

   b.    The amount of each Settlement Payment shall be calculated by dividing the Net Settlement Fund by the number of valid Claimants.

37.    Each Claim Check shall be mailed to the address provided by the Claimant on their Claim Form. All Claim Checks issued under this section shall be void if not negotiated within one hundred twenty (120) Days of their date of issue and shall contain a legend to that effect. Claim Checks issued pursuant to this section that are not negotiated within one hundred twenty (120) Days of their date of issue shall not be reissued.

38.    To the extent any monies remain in the Net Settlement Fund more than one hundred twenty (120) Days after the Settlement Administrator mails the last Settlement Payment, including any and all re-issued Settlement Payments, the *cy pres* distribution of the remaining Net Settlement Fund shall be made to the charitable organization agreed upon by the Parties and accepted by the Court.

39.    For any Settlement Payments returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to find a valid address and resend the Settlement Payment within thirty (30) Days after the check is returned to the Settlement Administrator as undeliverable. The Settlement Administrator shall make only one attempt to resend a Settlement Payment.

VII.     **Notice to Class Members**

40.     The Parties agree the following Notice Program provides reasonable notice to the Settlement Class.

41.     Direct Notice shall be provided to Settlement Class Members via Email Notice for Settlement Class Members for whom the Settlement Administrator has a valid email address and otherwise by U.S. Mail for Settlement Class Members for whom the Settlement Administrator has a valid address.

42.     Within thirty (30) Days of the entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the names and last mailing and email addresses known to Defendant for the Settlement Class Members (the "Class List"). The Settlement Administrator shall, by using the National Change of Address database maintained by the United States Postal Service (the "Postal Service"), obtain updates, if any, to the mailing addresses.

43.     Within sixty (60) Days following entry of the Preliminary Approval Order ("Notice Date"), the Settlement Administrator shall email and/or mail the Postcard Notice to all Settlement Class Members for whom a valid address is available. The Settlement Administrator shall mail a Claim Form to Settlement Class Members upon written or telephonic request. The Claim Form will also be available on the Settlement Website.

        a.  Defendant shall provide the Class List to the Settlement Administrator only for the purposes of settlement administration. The Settlement Administrator shall not provide the Class List to Class Counsel. Class Counsel's assent to this Agreement shall constitute consent on behalf of the Settlement Class to disclose this information.

44.    For any email addresses reported as invalid, the Settlement Administrator shall provide Postcard Notice. On a rolling basis, the Settlement Administrator shall undertake reasonable efforts to confirm the address, and to resend notice, for any Settlement Class Members for whom the Settlement Administrator receives returned mail from the U.S. Postal Service indicating that the initial mailing was not delivered. Other than as set forth above, neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail Postcard Notices.

45.    The mailed notice will consist of the Postcard Notice substantially in the form of **Exhibit C**. The Settlement Administrator shall have discretion to format this Postcard Notice in a reasonable manner to minimize mailing and administrative costs. Before the mailing of the Postcard Notice is commenced, Class Counsel and Defendant's Counsel shall first be provided with a proof copy (including what the items will look like in their final form) and shall have the right to inspect the same for compliance with the Settlement Agreement and the Court's orders.

46.    No later than forty-five (45) Days following entry of the Preliminary Approval Order, and prior to the mailing of the Postcard Notice to all Settlement Class Members, the Settlement Administrator will create a dedicated Settlement Website with the URL/domain name of the website address to be agreed upon by the parties. The Settlement Administrator shall cause the Complaint, Long-Form Notice, Claim Form, this Settlement Agreement, and other relevant settlement and court documents to be available on the Settlement Website. Any other content proposed to be included or displayed on the Settlement Website shall be approved in advance by counsel for the Parties. The website address and the fact that a more detailed Long-Form Notice are available through the website shall be included in the Postcard Notice. A toll-free number with

interactive voice response, FAQs, and an option to speak to a live operator shall also be made available to address Settlement Class Members' inquiries.

47.    The Settlement Website shall be maintained from the Notice Date until one hundred twenty (120) Days after the Effective Date.

48.    The Notice Program shall be subject to approval by the Court as meeting the requirements of Rule 23(c) of the Federal Rules of Civil Procedure.

49.    The Long Notice and Short-Form Notice approved by the Court may be adjusted by the Settlement Administrator, respectively, in consultation with and agreement by the Parties, as may be reasonable and necessary and not inconsistent with such approval.

50.    Prior to the Final Approval Hearing, the Settlement Administrator shall provide to Class Counsel to file with the Court an appropriate affidavit or declaration from the Settlement Administrator concerning compliance with the Court-approved Notice Program.

51.    The Notice Program shall commence within sixty (60) Days of entry of the Preliminary Approval Order and shall be completed within ninety (90) Days of the Preliminary Approval Order, except as otherwise specifically provided above.

## VIII.    Objections to the Settlement

52.    Any Settlement Class Member who has not excluded themselves from the Settlement and who wishes to object to the proposed Settlement must file with the Court a written objection(s) to the Settlement ("**Objection(s)**").

53.    Each Objection must, subject to any amendment to these requirements by the Court: (i) include the case name and number of the Litigation; (ii) set forth the Settlement Class Member's full name, current address, telephone number, and email address; (iii) contain the Settlement Class Member's personal and original signature; (iv) if the objecting Settlement Class Member is

represented by an attorney, or received assistance from an attorney in drafting his or her objection, the name, address, telephone number, and email address of the attorney; (v) contain a statement indicating the basis for the objecting Settlement Class Member's belief that he or she is a member of the Settlement Class; (vi) state whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (vii) set forth a statement of the legal and/or factual basis for the Objection; (viii) contain a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years; and (ix) state whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

54.    In addition to the foregoing requirements, if an objecting Settlement Class Member is represented by counsel and such counsel intends to speak at the Final Approval Hearing, the written objection must also include: (i) the identity of witnesses whom the objecting Settlement Class Member intends to call to testify at the Final Approval Hearing; and (ii) a description of any documents or evidence that the objecting Settlement Class Member intends to offer at the Final Approval Hearing.

55.    Objections must be submitted to the Court, either by filing them electronically or in person, or by mailing them to the Court's clerk's office, no later than sixty (60) Days after the Notice Date (the "Objection Deadline"). The Objection Deadline shall be included in the Short-Form and Long-Form Notices and on the Settlement Website.

56.    Class Counsel and Defendant's Counsel may, but need not, respond to the Objections, if any, by means of a memorandum of law filed with the Court prior to the Final Approval Hearing.

57.    An objecting Settlement Class Member has the right, but is not required, to attend the Final Approval Hearing.

58.    Any Settlement Class Member who fails to timely file an Objection pursuant to the requirements set forth in this section, and otherwise as ordered by the Court, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of Section VIII.

IX.    **Opt-Out Procedures**

59.    Each Person wishing to opt out of the Settlement Class shall individually sign and timely mail written notice of such intent ("Request for Exclusion") to the designated Post Office box established by the Settlement Administrator. The written notice must, subject to any amendment to these requirements by the Court: (i) identify the case name and number of this Litigation; (ii) state the Settlement Class Member's  full name, address, and telephone number; (iii) contain the Settlement Class Member's personal and original signature; (iv) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement Class; and (v) request exclusion only for that one Settlement Class Member whose personal and original signature appears on the request. To be effective, written notice must be postmarked no later than the Opt-Out Date.

60.    All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, i.e., one request is required for every Settlement Class Member seeking

exclusion. Any Requests for Exclusion purporting to seek exclusion on behalf of more than one Settlement Class Member shall be deemed invalid by the Settlement Administrator.

61.     Within seven (7) Days after the Opt-Out Date, the Settlement Administrator shall provide the Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all Requests for Exclusion that were submitted to the Settlement Administrator. Class Counsel may present to the Court the number of Opt-Outs (if any), as well as a list of Opt-Outs that includes only first name, last initial, city, and state of each Opt-Out, no later than fourteen (14) Days before the Final Approval Hearing.

62.     All Persons who submit valid and timely Requests for Exclusion, as set forth in Paragraph 59, referred to herein as "Opt-Outs," shall not receive any benefits of or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not validly and timely opt out of the Settlement Class in the manner set forth in Paragraph 61 shall be bound by the terms of this Settlement Agreement and judgment entered thereon, and all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

## X.     Attorneys' Fees, Expenses, and Service Awards

63.     Class Counsel shall request the Court to approve an award of attorneys' fees not to exceed one third (or $2,000,000) of the Settlement Fund plus reasonable Litigation Expenses not to exceed $50,000. The Attorneys' Fees and Expenses Award shall be paid no later than thirty (30) Days after the Effective Date. For the avoidance of doubt, the Attorneys' Fees and Expenses Award shall be paid by the Settlement Administrator from the Settlement Fund. Defendant shall take no position with regard to Class Counsel's application for the Attorneys' Fees and Expenses Award if the application complies with the provisions of this section.

64.     Class Counsel shall request the Court to approve a service award of two thousand five hundred dollars ($2,500.00) for each of the named Plaintiffs, which award is intended to recognize Plaintiffs for their efforts in the Litigation and commitment on behalf of the Settlement Class ("Service Award"). If approved by the Court, these Service Awards will be paid to Class Counsel for distribution no later than thirty (30) Days after the Effective Date. For the avoidance of doubt, the Court-approved amount for any Service Awards shall be paid from the Settlement Fund. Defendant shall take no position with regard to the request for a service award payment to the Plaintiffs if the request complies with the provisions of this section.

65.     Class Counsel will file applications with the Court for the requested Service Awards and Attorneys' Fees and Expenses Award no later than fifteen (15) Days prior to the Objection Deadline.

66.     The Parties agree that the Court's approval or denial of any request for the Service Awards or Attorneys' Fees and Expenses Award are not conditions to this Settlement Agreement and are to be considered by the Court separately from the final approval, reasonableness, and adequacy of the Settlement. If the Court declines to approve, in whole or in part, any request for Service Awards or for an Attorneys' Fees and Expenses Award, all remaining provisions in this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of Services Awards or an Attorneys' Fees and Expenses Award, or the amounts thereof, shall be grounds to terminate or cancel this Settlement Agreement.

**XI.     Notices**

67.     All notices, instructions, and applications for Court action in connection with this Agreement shall be made in writing and communicated as follows:

All notices to Class Counsel or Plaintiffs shall be sent to:

Bryan L. Bleichner
CHESTNUT CAMBRONNE, PA
100 Washington Avenue
South, Suite 1700
Minneapolis, MN  55401
(612) 339-7300
bbleichner@chestnutcambronne.com

Gary M. Klinger
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(866) 252-0878
gklinger@milberg.com

All notices to Defendant's Counsel or Defendant shall be sent to:

Elizabeth A. Scully
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W., Suite 1100
Washington, D.C. 20036-5304
(202) 861-1500
escully@bakerlaw.com

68.     Other than attorney-client communications or communications otherwise protected from disclosure pursuant to law or rule, the Parties shall promptly provide to each other copies of comments, Objections, or other documents or filings received from a Settlement Class Member as a result of the Notice Program.

## XII.    Settlement Approval Process

69.     After execution of this Settlement Agreement, Class Counsel shall submit this Settlement Agreement to the Court and file a motion for preliminary approval of the Settlement with the Court requesting entry of a Preliminary Approval Order in the form attached hereto as **Exhibit D**, or an order substantially similar to such form, which:

a.     Preliminarily certifies the Settlement Class for settlement purposes only;

b.     Preliminarily approves this Agreement for purposes of issuing notice;

24

c.    Finds the proposed Settlement is sufficiently fair, reasonable, adequate, and in the best interests of the Settlement Class;

d.    Finds: (i) the Notice Program constitutes valid, due, and sufficient notice to the Settlement Class Members and constitutes the best notice practicable under the circumstances, complying fully with the requirements of the laws of Minnesota, the Constitution of the United States, and any other applicable law; and (ii) that no further notice to the Settlement Class is required beyond that provided through the Notice Program;

e.    Appoints Plaintiffs as the Settlement Class Representatives for settlement purposes only;

f.    Appoints Class Counsel as counsel to the Settlement Class for settlement purposes only;

g.    Appoints the Settlement Administrator and directs the Settlement Administrator to provide notice to Settlement Class Members in accordance with the Notice Program provided for in this Settlement Agreement;

h.    Approves the Settlement Administrator to administer the Settlement in accordance with the provisions of this Settlement Agreement;

i.    Approves the Opt-Out and Objection procedures as outlined in this Settlement Agreement;

j.    Schedules an appropriate Opt-Out Date, Objection Deadline, and other Settlement-related dates and deadlines to be included in the Class Notice;

k.    Schedules a Final Approval Hearing to consider whether the proposed Settlement should be finally approved by the Court;

l.    Stays all proceedings in the Litigation other than those related to approval of the Settlement; and

m.    Contains any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement.

70.    Defendant will not oppose entry of the Preliminary Approval Order so long as it is substantially in the form attached to this Agreement as **Exhibit D** and is otherwise consistent with this Agreement.

25

## XIII.  Final Approval Hearing

71.    The Parties will recommend that the Final Approval Hearing shall be scheduled no earlier than one hundred sixty (160) Days after the entry of the Preliminary Approval Order.

72.    The Parties may file a response to any Objections and a Motion for Final Approval no later than fourteen (14) Days before the Final Approval Hearing.

73.    Class Counsel shall ask the Court to enter a Final Approval Order and Judgment which:

a.    Finds that the Notice Program fully and accurately informed all Settlement Class Members entitled to notice of the material elements of the Settlement; constitutes the best notice practicable under the circumstances; constitutes valid, due, and sufficient notice; and complies fully with the laws of Minnesota, the United States Constitution, and any other applicable law;

b.    Finds that after proper notice to the Settlement Class, and after sufficient opportunity to object, no timely Objections to this Settlement Agreement have been made or all timely Objections have been considered and denied;

c.    Approves of the Settlement, as set forth in this Settlement Agreement, as fair, reasonable, adequate, and in the best interests of the Settlement Class, in all respects, finding that the Settlement is in good faith, and ordering the Parties and Settlement Administrator to perform the Settlement in accordance with the terms of this Settlement Agreement;

d.    Finds that neither the Final Approval Order and Judgment, the Settlement, nor the Settlement Agreement shall constitute an admission of liability or wrongdoing by any of the Parties;

e.    Subject to the reservation of jurisdiction for matters discussed in subparagraph (g) below, dismisses the Litigation with prejudice;

f.    Finds that Plaintiffs and all Settlement Class Members shall, as of the entry of the Final Approval Order and Judgment, conclusively be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from the Released Claims; and

g.    Reserves exclusive and continuing jurisdiction over the Litigation and the Parties for the purposes of, among other things: (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement and the Final Approval Order and Judgment; and (ii) supervising the administration and distribution of the Settlement Fund and resolving any

26

disputes that may arise with regard to the foregoing. The Court's exclusive and continuing jurisdiction over the Litigation and Parties shall include, without limitation, the Court's power to enforce the bar against Settlement Class Members' prosecution of Released Claims against Released Persons pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law.

74.    If and when the Settlement becomes Final, the Litigation shall be dismissed with prejudice, with the Parties to bear their own attorneys' fees, costs, and expenses not otherwise awarded in accordance with this Settlement Agreement.

## XIV.    Termination of this Settlement Agreement

75.    Each Party shall have the right to terminate this Settlement Agreement if:

a.    The Court denies preliminary approval of this Settlement Agreement (or grants preliminary approval through an order that materially differs in substance to **Exhibit D** hereto), and the Parties are unable to modify the Settlement in a manner to obtain and maintain preliminary approval;

b.    The Court denies final approval of this Settlement Agreement;

c.    The Final Approval Order and Judgment does not become Final by reason of a higher court reversing final approval by the Court, and the Court thereafter declines to enter a further order or orders approving the Settlement on the terms set forth herein; or

d.    The Effective Date does not occur for any reason, including but not limited to the entry of an order by any court that would require either material modification or termination of the Agreement.

76.    In addition to the grounds set forth above, Defendant shall have the sole option to withdraw from and terminate this Settlement in its entirety in the event that 1% or more of Settlement Class Members submit timely and valid Requests for Exclusion by the Opt-Out Date.

77.    If a Party elects to terminate this Settlement Agreement under this Section XIV, that Party must provide written notice to the other Party's counsel by hand delivery, mail, or email within ten (10) Days of the occurrence of the condition permitting termination.

27

78.     Nothing shall prevent Plaintiffs or Defendant from appealing or seeking other appropriate relief from an appellate court with respect to any denial by the Court of final approval of the Settlement.

79.     If this Settlement Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then: (i) this Settlement Agreement, any Preliminary Approval Order, and all of their provisions shall be rendered null and void; (ii) all Parties shall be deemed to have reverted to their respective statuses in the Litigation as of the date and time immediately preceding the execution of this Settlement Agreement; (iii) except as otherwise expressly provided, the Parties shall stand in the same position and shall proceed in all respects as if this Settlement Agreement and any related orders had never been executed, entered into, or filed; and (iv) no term or draft of this Settlement Agreement nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), nor any rulings regarding class certification for settlement purposes (including any Preliminary Approval Order), will have any effect or be admissible into evidence for any purpose in the Litigation or any other proceeding.

80.     If the Court does not approve the Settlement or the Effective Date does not occur for any reason, Defendant shall retain all its rights and defenses in the Litigation. For example, Defendant shall have the right to object to the maintenance of the Litigation as a class action, to move for summary judgment, and to assert defenses at trial. Nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Litigation may properly be maintained as a class action, or for any other purpose.

## XV.    Release

81.    On the Effective Date, Plaintiff and each and every Settlement Class Member shall be bound by this Settlement Agreement and shall have recourse only to the benefits, rights, and remedies provided hereunder. No other action, demand, suit, arbitration, or other claim or proceeding, regardless of forum, may be pursued against Released Persons with respect to the Released Class Claims.

82.    On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, the Releasing Persons, including Plaintiffs and each Settlement Class Member, will be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from any and all past, present, and future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees and costs, losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown, or capable of being known, in law or equity, fixed or contingent, accrued or unaccrued, direct or indirect, matured or not matured, individual or representative, of every nature and description whatsoever, that arise out of, or are based upon or connected to, or relate in any way to the Pixel Disclosure or Defendant's use of Tracking Tools, the allegations in the Complaint, or that were or could have been asserted in the Litigation (the "Release"). The Release shall be included as part of any Final Approval Order and Judgment so that all claims released thereby shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion (the "Released Claims"). The Released Claims shall constitute and may be pled as a complete defense to any proceeding arising from, relating to, or filed in connection with the Released Claims. In the event any Settlement Class Member attempts to prosecute an action in contravention of a Final Approval Order and

Judgment or the Settlement Agreement, counsel for any of the Parties may forward the Settlement Agreement and the Final Approval Order and Judgment to such Settlement Class Member and advise such Settlement Class Member of the Release provided pursuant to the Settlement Agreement. If so requested by Defendant or counsel for Defendant, Class Counsel shall provide this notice.

83.    Subject to Court approval, as of the Effective Date, Plaintiffs and all Settlement Class Members who do not timely and validly opt-out of the Settlement shall be bound by this Settlement Agreement and the Release, and all of the Released Claims shall be dismissed with prejudice and released.

84.    The Released Claims include the release of Unknown Claims. "Unknown Claims" means any of the Released Claims that could have been raised in the Litigation and that any of the Plaintiffs and each of their respective heirs, executors, administrators, representatives, agents, partners, trustees, successors, attorneys, and assigns do not know to exist or suspect to exist, which, if known by them, might affect their agreement to release Defendant and all other Released Persons, or might affect their decision to agree to, or object or not to object to, or participate or not participate in the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs (on behalf of themselves and each Settlement Class Member) expressly shall have, and by operation of the Final Approval Order and Judgment the Releasing Persons shall have, released any and all Released Claims, including Unknown Claims. Plaintiffs (on behalf of themselves and each Settlement Class Member) may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and all other Releasing Persons shall be deemed to have, and by operation of the Final Approval Order and

Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims. Upon the Effective Date, the Plaintiff expressly shall have, and all other Releasing Persons shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished for the Released Claims, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, the Plaintiff expressly shall have, and all other Releasing Persons also shall be deemed to have, and by operation of the Judgment shall have, waived for the Released Claims any and all provisions, rights and benefits conferred by any law of any state or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Persons acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph. The Settling Parties acknowledge, and the Releasing Persons shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

85.     For the avoidance of doubt, no claims for medical negligence involving personal injury are included in the Released Claims.

86.     On entry of the Final Approval Order and Judgment, the Plaintiffs and Settlement Class Members shall be enjoined from prosecuting the Released Claims in any proceeding in any forum against any of the Released Persons, or based on any actions taken by any Released Persons authorized or required by this Settlement Agreement or the Court or an appellate court as part of this Settlement.

87.     The Parties agree that the Released Persons will suffer irreparable harm if any Settlement Class Member asserts any Released Claims against any Released Persons, and that in that event, the Released Persons may seek an injunction as to such action without further showing of irreparable harm in this or any other forum.

88.     Without in any way limiting the scope of the Release, the Release covers any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Litigation (except for the Attorneys' Fees and Expenses Award to be paid to Class Counsel as specifically provided in Section X and elsewhere in this Agreement), the Pixel Disclosure, Defendant's use of Tracking Tools as alleged in the Litigation, the Settlement, the administration of such Settlement and/or the Released Claims as well as any and all claims for the Service Awards to Plaintiffs.

89.     Nothing in the Release shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

## XVI.  Effective Date

90.    The "Effective Date" of this Settlement Agreement shall be the first Day after the

date when all of the following conditions have occurred:

   a.    This Settlement Agreement has been fully executed by all Parties and their
         counsel;

   b.    Orders have been entered by the Court certifying the Settlement Class,
         granting preliminary approval of this Settlement Agreement and approving the
         Notice Program and Claim Form, all as provided above;

   c.    The Court-approved Postcard Notice has been mailed, other notice required
         by the Notice Program has been effectuated, and the Settlement Website has
         been duly created and maintained as ordered by the Court;

   d.    The Court has entered a Final Approval Order and Judgment finally approving
         this Settlement Agreement, as provided above; and

   e.    The Final Approval Order and Judgment have become Final, as defined in
         Paragraph 12.

## XVII.  Miscellaneous Provisions

91.    The recitals and exhibits to this Settlement Agreement are integral parts of the

Settlement and are expressly incorporated and made a part of this Settlement Agreement.

92.    This Settlement Agreement is for settlement purposes only. Neither the fact of nor

any provision contained in this Settlement Agreement nor any action taken hereunder shall

constitute or be construed as an admission of the validity of any claim or any fact alleged in the

Complaint or Litigation or of any wrongdoing, fault, violation of law or liability of any kind on

the part of Defendant or any admission by Defendant of any claim in this Litigation or allegation

made in any other proceeding, including regulatory matters, directly or indirectly involving the

Pixel Disclosure, Defendant's use of any Tracking Tools, or allegations asserted in the Complaint

and Litigation. This Settlement Agreement shall not be offered or be admissible in evidence against

the Parties or cited or referred to in any action or proceeding between the Parties, except in an

action or proceeding brought to enforce its terms. Nothing contained herein is or shall be construed or admissible as an admission by Defendant that Plaintiffs' claims, or any similar claims, are suitable for class treatment.

93.    In the event that there are any developments in the effectuation and administration of this Settlement Agreement that are not dealt with by the terms of this Settlement Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court. The Parties and their counsel agree to reasonably undertake their best efforts and mutually cooperate to effectuate this Agreement and the terms of the proposed Settlement set forth herein, including taking all steps and efforts contemplated by this Agreement, and any other reasonable steps and efforts which may become necessary by order of the Court or otherwise.  The Parties further agree to reasonably cooperate in the defense of this Agreement against objections made to the Settlement or a Final Approval Order and Judgment at the Final Approval Hearing or in any appeal of a Final Approval Order and Judgment or in any collateral attack on this Agreement or a Final Approval Order and Judgment; provided, however, that Defendant shall have sole discretion in deciding whether Defendant will make any filing in respect of any objection, appeal, or collateral attack regarding the Settlement.

94.    No person shall have any claim against Plaintiffs, Class Counsel, Defendant, Defendant's Counsel, the Settlement Administrator, or the Released Persons, or any of the foregoing's agents or representatives based on the administration of the Settlement substantially in accordance with the terms of the Settlement Agreement or any order of the Court or appellate court.

95.    In the event a third party, such as a bankruptcy trustee, former spouse, or other third party has or claims to have a claim against any payment made to a Settlement Class Member, it is

the responsibility of the Settlement Class Member to transmit the funds to such third party. Unless otherwise ordered by the Court, the Parties will have no, and do not agree to any, responsibility for such transmittal.

96.    This Settlement Agreement constitutes the entire Settlement Agreement between and among the Parties with respect to the Settlement of the Litigation. This Settlement Agreement supersedes all prior negotiations and agreements regarding settlement and may not be modified or amended except by a writing signed by the Parties and their respective counsel. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part of the subject matter of this Settlement Agreement has been made or relied on except as expressly set forth in this Settlement Agreement.

97.    There shall be no waiver of any term or condition in this Settlement Agreement absent an express writing to that effect by the waiving Party. No waiver of any term or condition in this Settlement Agreement shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or waiver of any other term or condition of this Settlement Agreement.

98.    Defendant shall not be liable for any additional attorneys' fees and expenses of any Settlement Class Members' counsel, including any potential objectors or counsel representing a Settlement Class Member individually, other than what is expressly provided for in this Agreement. Class Counsel agree to hold Defendant harmless from any claim regarding the division of any award of Attorneys' Fees and Expenses Award, and any claim that the term "Class Counsel" fails to include any counsel, Person, or firm who claims that they are entitled to a share of any Attorneys' Fees and Expenses Award in this Litigation.

99.     This Settlement Agreement shall not be construed more strictly against one Party than another merely because it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's-length negotiations resulting in this Settlement Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Settlement Agreement. All terms, conditions, and exhibits are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

100.    The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest. Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

101.    This Settlement Agreement shall be construed under and governed by the laws of the State of Minnesota without regard to its choice of law provisions.

102.    The Parties and each Settlement Class Member irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of the Agreement and its exhibits, but for no other purpose.

103.    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Agreement, including but not limited to those relating to all information exchanged for purposes of mediation or under the auspices of Federal Rule of Evidence 408.

104.    If any press release is to be issued by a Party, including their respective counsel, concerning the Settlement, the language of such press release must be approved in advance and in writing by the other Party. Otherwise, the Parties, and the Parties' counsel, shall not issue any press releases or make any postings on social media about this Litigation or the Settlement.

36

105.    In the event that one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect the other provisions of the Settlement Agreement, which shall remain in full force and effect as though the invalid, illegal, or unenforceable provision(s) had never been a part of this Settlement Agreement, as long as the benefits of this Settlement Agreement to Defendant or the Settlement Class Members are not materially altered, positively or negatively, as a result of the invalid, illegal, or unenforceable provision(s).

106.    This Settlement Agreement will be binding upon and inure to the benefit of the successors and assigns of the Parties, Released Persons, and Settlement Class Members.

107.    The headings used in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement. In construing this Settlement Agreement, the use of the singular includes the plural (and vice-versa) and the use of the masculine includes the feminine (and vice-versa).

108.    This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it and all of which shall be deemed a single Settlement Agreement. Scanned signatures or signatures sent by email or facsimile shall be as effective as original signatures.

109.    Each Party to this Settlement Agreement and the signatories thereto warrant that they are acting upon their independent judgment and the advice of their counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

110.    Each signatory below warrants that they have authority to execute this Settlement Agreement and bind the Party on whose behalf they are executing the Settlement Agreement.

IN WITNESS WHEREOF, the Parties have hereby accepted and agreed to the Settlement Agreement.

Dated: July 26, 2024

Elizabeth A. Scully*
**BAKER & HOSTETLER LLP**
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
Tel: (202) 861-1500
escully@bakerlaw.com

*admitted pro hac vice

**Counsel for Defendant**


**Group Health Plan, Inc. d/b/a HealthPartners**

Nancy L. Evert
Senior Vice President, General Counsel and Secretary
HealthPartners, Inc.
8170 33rd Ave S
Bloomington, MN 55425

Bryan L. Bleichner (MN #0326689)
Christopher P. Renz (MN #0313415)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
(612) 339-7300
*bbleichner@chestnutcambronne.com*
*crenz@chestnutcambronne.com*

Gary M. Klinger (admitted *pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(866) 252-0878
*gklinger@milberg.com*

**Interim Co-Lead Counsel for Plaintiffs and the Settlement Class**


_____
**Kelly Vriezen, Plaintiff**


_____
**Sandra Tapp, Plaintiff**


_____
**Kaye Lockrem, Plaintiff**

38

110.    Each signatory below warrants that they have authority to execute this Settlement Agreement and bind the Party on whose behalf they are executing the Settlement Agreement.

IN WITNESS WHEREOF, the Parties have hereby accepted and agreed to the Settlement Agreement.

Dated: July _____, 2024

_____                    _____
Elizabeth A. Scully*                        Bryan L. Bleichner (MN #0326689)
**BAKER & HOSTETLER LLP**                    Christopher P. Renz (MN #0313415)
Washington Square, Suite 1100               **CHESTNUT CAMBRONNE PA**
1050 Connecticut Avenue, N.W.               100 Washington Avenue South, Suite 1700
Washington, DC 20036-5304                   Minneapolis, MN 55401
Tel: (202) 861-1500                         (612) 339-7300
escully@bakerlaw.com                        *bbleichner@chestnutcambronne.com*
                                            *crenz@chestnutcambronne.com*
*admitted pro hac vice*

**Counsel for Defendant**                    Gary M. Klinger (admitted *pro hac vice*)
                                            **MILBERG COLEMAN BRYSON PHILLIPS**
                                            **GROSSMAN, PLLC**
                                            227 W. Monroe Street, Suite 2100
                                            Chicago, IL 60606
                                            (866) 252-0878
                                            *gklinger@milberg.com*

**Group Health Plan, Inc. d/b/a**
**HealthPartners**                           ***Interim Co-Lead Counsel for Plaintiffs and the***
                                            ***Settlement Class***

                                            *Kelly K. Vriezen*
_____                    _____
Nancy L. Evert                              **Kelly Vriezen, Plaintiff**
Senior Vice President, General Counsel
and Secretary
HealthPartners, Inc.
8170 33rd Ave S                             _____
Bloomington, MN 55425                       **Sandra Tapp, Plaintiff**


                                            _____
                                            **Kaye Lockrem, Plaintiff**

38

Doc ID: ba0e2207035a0d653bbadcf054159bcce4924e17

110.    Each signatory below warrants that they have authority to execute this Settlement Agreement and bind the Party on whose behalf they are executing the Settlement Agreement.

IN WITNESS WHEREOF, the Parties have hereby accepted and agreed to the Settlement Agreement.

Dated: July _____, 2024

_____
Elizabeth A. Scully*
**BAKER & HOSTETLER LLP**
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
Tel: (202) 861-1500
escully@bakerlaw.com

*admitted pro hac vice*

**Counsel for Defendant**

**Group Health Plan, Inc. d/b/a HealthPartners**

_____
Nancy L. Evert
Senior Vice President, General Counsel and Secretary
HealthPartners, Inc.
8170 33rd Ave S
Bloomington, MN 55425

_____
Bryan L. Bleichner (MN #0326689)
Christopher P. Renz (MN #0313415)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
(612) 339-7300
*bbleichner@chestnutcambronne.com*
*crenz@chestnutcambronne.com*

Gary M. Klinger (admitted *pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(866) 252-0878
*gklinger@milberg.com*

***Interim Co-Lead Counsel for Plaintiffs and the Settlement Class***

_____
**Kelly Vriezen, Plaintiff**

_____
**Sandra Tapp, Plaintiff**

_____
**Kaye Lockrem, Plaintiff**

110.    Each signatory below warrants that they have authority to execute this Settlement

Agreement and bind the Party on whose behalf they are executing the Settlement Agreement.

IN WITNESS WHEREOF, the Parties have hereby accepted and agreed to the Settlement

Agreement.

Dated: July __25__, 2024

_____

Elizabeth A. Scully*
**BAKER & HOSTETLER LLP**
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
Tel: (202) 861-1500
escully@bakerlaw.com

*admitted pro hac vice*

**Counsel for Defendant**




**Group Health Plan, Inc. d/b/a
HealthPartners**




_____

Nancy L. Evert
Senior Vice President, General Counsel
and Secretary
HealthPartners, Inc.
8170 33rd Ave S
Bloomington, MN 55425

_____

Bryan L. Bleichner (MN #0326689)
Christopher P. Renz (MN #0313415)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
(612) 339-7300
*bbleichner@chestnutcambronne.com*
*crenz@chestnutcambronne.com*

Gary M. Klinger (admitted *pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(866) 252-0878
*gklinger@milberg.com*

***Interim Co-Lead Counsel for Plaintiffs and the
Settlement Class***




_____

**Kelly Vriezen, Plaintiff**


_____

**Sandra Tapp, Plaintiff**


_____

**Kaye Lockrem, Plaintiff**

38

**SETTLEMENT TIMELINE**

| From Order Granting Preliminary Approval | |
|---|---|
| | |
| Defendant will provide the list of available addresses for Settlement Class Members to the Settlement Administrator | +30 Days |
| Defendant's payment of Settlement Fund to Settlement Administrator | +30 Days |
| Notice Date | +60 Days |
| Class Counsel's Motion for Attorneys' Fees, Expenses and Settlement Class Representative Service Award | +105 Days |
| Objection Deadline | +120 Days |
| Opt-Out Date | +120 Days |
| Claim Deadline | +150 Days |
| | |
| **Final Approval Hearing** | 160 Days from Order Granting Preliminary Approval |
| Motion for Final Approval | 14 Days before Final Approval Hearing |
| | |
| **From Effective Date** | |
| | |
| Payment of Attorneys' Fees and Litigation Expenses and Settlement Class Representative Service Awards | +30 Days |
| Mailing of Settlement Payments to Claimants | +30 Days |
| *Cy Pres* Distribution of the Residual Funds | +120 Days after the issuance of the last settlement payment to a Class Member |
| Deactivation of Settlement Website | +120 Days |

## ADDENDUM TO SETTLEMENT AGREEMENT AND RELEASE

In order to ensure compliance with the Class Action Fairness Act Notice requirements set forth in 28 U.S.C § 1715(b), Group Health Plan, Inc. d/b/a HealthPartners (the "Defendant" or "Group Health") and Kelly Vriezen, Sandra Tapp, and Kaye Lockrem (the "Plaintiffs" and, together with Defendant, the "Parties"), individually and on behalf of the Settlement Class (as defined below), by and through their respective counsel, hereby agree that the Settlement Agreement and Release that was initially executed by the Parties, respectively, between July 24 and July 30, 2024, shall be deemed finally dated as of August 28, 2024.

Dated: August 28, 2024

Elizabeth A. Scully*
**BAKER & HOSTETLER LLP**
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
Tel: (202) 861-1500
escully@bakerlaw.com

*admitted pro hac vice*

*Counsel for Defendant*

Bryan L. Bleichner (MN #0326689)
Christopher P. Renz (MN #0313415)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
(612) 339-7300
*bbleichner@chestnutcambronne.com*
*crenz@chestnutcambronne.com*

Gary M. Klinger (admitted *pro hac vice*)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(866) 252-0878
*gklinger@milberg.com*

*Interim Co-Lead Counsel for Plaintiffs and the Settlement Class*

# **EXHIBIT A**

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0

| YOUR CLAIM FORM MUST BE SUBMITTED ON OR BEFORE <<DATE>> | In re Group Health Plan Litigation [Address] | FOR OFFICE USE ONLY |
|---|---|---|

### *In re Group Health Plan Litigation*

United States District Court for the District of Minnesota (Case No. 23-cv-00483)

#### CLAIM FORM

#### SAVE TIME BY SUBMITTING YOUR CLAIM ONLINE AT WWW.XXXXXXXXXXXXXX.COM

#### GENERAL CLAIM FORM INFORMATION

You may complete and submit this Claim Form online or by mail if you are a Settlement Class Member. The Settlement Class consists of all individuals who logged into healthpartners.com and virtuwell.com between January 1, 2018 and November 10, 2023 (the "Settlement Class").

If you wish to submit a Claim for a settlement cash payment, please provide the information requested below. You must submit your Claim via the Settlement Website by the Claims Deadline of **<<date>>**, or complete and mail this Claim Form to the Settlement Administrator, postmarked by **<<date>>**.

Settlement Class Members who submit a timely and valid Claim Form will be eligible to receive a pro rata cash payment from the Net Settlement Fund. Each Settlement Class Member will receive, at most, one (1) payment.

The Notice includes only a summary of your legal rights and options. Please visit the official Settlement Website, www.xxxxxxxxxx.com, or call (xxx) xxx-xxxx for more information.

#### TO SUBMIT A CLAIM FOR PAYMENT BY MAIL:

1. Complete all sections of this Claim Form.
2. Sign the Claim Form.
3. Submit the completed Claim Form to the Settlement Administrator so that it is postmarked by **<<date>>.**

This Claim Form should only be used if a Claim is being mailed and is not being filed online. You may go to www.xxxxxxxxxxxxxxx.com to submit your Claim online, or you may submit this Claim Form by mail to the address at the top of this form.

**Payment will be mailed in the form of a check to the address you provide below. If you would like to receive a payment electronically (e.g., via Venmo, PayPal, or ACH), you must submit a Claim Form online at www.xxxxxxxxxxxxxxxx.com.**

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0

00000                                        CF                                        Page 1 of 2

**1.    <u>Settlement Class Member Information</u>**

_____    ____    _____

\*First Name                                        MI        \*Last Name


_____

\*Mailing Address: Street Address/P.O. Box (include Apartment/Suite/Floor Number)


_____    ___ ___    ___ ___ ___ ___ ___ - ___ ___ ___ ___

\*City                                        \*State        \*Zip Code            Zip4 (Optional)

_____    @    _____

\*Current Email Address


( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___

Current Phone Number (Optional)


\*Settlement Claim ID: 00000  ___ ___ ___ ___ ___ ___ ___ ___

\*Settlement Claim ID: Your Settlement Claim ID can be found on the Postcard Notice you received informing you about this Settlement. If you need additional help locating this ID, please contact the Settlement Administrator at (xxx) xxx-xxxx.


\*00000\*                        \*CF\*                        \*Page 2 of 2\*

00000                                        CF

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0

## 2. <u>Certification</u>

I declare under penalty of perjury under the laws of the United States and the state where this Claim Form is signed that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

I understand that all information provided on this Claim Form is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim will be considered complete and valid.

_____          ___ ___ / ___ ___/ ___ ___ ___ ___

Signature                                          Date (mm/dd/yyyy)

Print Name

**Please keep a copy of your completed Claim Form for your records.**

Mail your completed Claim Form to the Settlement Administrator:

In re Group Health Plan Litigation

[Settlement Administrator Address]

or submit your Claim online at
**www.xxxxxxxxxxxx.com**

It is your responsibility to notify the Settlement Administrator of any changes to your contact information after you submit your Claim. You can update your contact information on the Contact page at
**www.xxxxxxxxxxxxxxx.com.**

# **<u>EXHIBIT B</u>**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

*In re Group Health Plan, Inc.*, No. 23-cv-00483 (D. Minn.)

*A United States District Court authorized this Notice. This is not a solicitation from a lawyer.*

**THIS IS A NOTICE OF A PROPOSED SETTLEMENT OF A CLASS ACTION LAWSUIT. THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS ARE AFFECTED EVEN IF YOU DO NOTHING.**

**PLEASE READ THIS NOTICE CAREFULLY.**

**YOU MAY BE ENTITLED TO PARTICIPATE IN A CLASS ACTION SETTLEMENT BECAUSE YOUR PERSONAL INFORMATION MAY HAVE BEEN SHARED WITH THIRD PARTIES IF YOU VISITED HEALTHPARTNERS AND VIRTUWELL WEBSITES BETWEEN JANUARY 1, 2018 AND NOVEMBER 10, 2023. DEFENDANT GROUP HEALTH PLAN, INC., D/B/A HEALTHPARTNERS ("HEALTHPARTNERS") DENIES THESE ALLEGATIONS.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM BY <<date>>** | If you submit a Claim Form by <<DATE>>, you **may** receive a pro rata share of the Net Settlement Fund as compensation. You must timely submit a Claim Form either via U.S. mail or online to receive monetary compensation under this Settlement. <br><br> **IF YOU DO NOTHING**, you will not receive Settlement benefits, but you will still be bound by the Settlement. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY <<date>>** | You will receive no benefits, but you will retain any legal claims you may have against HealthPartners. |
| **OBJECT BY <<date>>** | File with the Court a written objection to the Settlement, at the address below, about why you do not like the Settlement. You must remain in the Settlement Class to object to the Settlement. |
| **GO TO THE FINAL APPROVAL HEARING ON <<date>> AT <<time>>** | Ask to speak in Court about the fairness of the Settlement. You do not need to attend the hearing to object to the Settlement, or to receive monetary compensation under the Settlement. |

## 1. What is this Notice?

This is a court-authorized Long-Form Notice of a proposed Settlement (the "Settlement") of a class action lawsuit (the "Litigation"), *In re Group Health Plan Litigation.*, Case No. 23-cv-00483, pending in the United States District for the District of Minnesota (the "Court"). The Settlement would resolve the Litigation that arose on February 2, 2023, after a class action complaint was filed alleging that because Group Health Plan, Inc., d/b/a HealthPartners ("HealthPartners" or "Defendant") had used certain Internet tracking technology supplied by a third party, including a piece of code known as a "pixel" (referred to herein as "Tracking Tools"), on its websites, certain personal or health-related information may have been disclosed to a vendor or third party. Defendant denies all claims asserted against it in the Litigation, denies all allegations of wrongdoing and liability, and denies all material allegations of the Class Action Complaint,

The Court has granted Preliminary Approval of the Settlement Agreement and has conditionally certified the Settlement Class for purposes of Settlement only. This Long-Form Notice explains the nature of the Litigation, the terms of the Settlement Agreement, and the legal rights and obligations of members of the Settlement Class. Please read the instructions and explanations below carefully so that you can better understand your legal rights. The Settlement Administrator in this case is Atticus Administration.

This notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available at www._____.com, by contacting class counsel at the information set forth in Paragraph 13, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records ("PACER") system at https://ecf.mnd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the District of Minnesota between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

## 2. Why did I get this Notice?

The Court authorized this Notice because as an identified potential Class Member you have the right to know about the proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant Final Approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for the benefits, and how to receive those benefits.

## 3. What is this lawsuit about?

The Litigation arises out of HealthPartners' implementation and use of Tracking Tools on its websites, which Plaintiffs allege caused their web usage data—containing personal and health-related information—to be shared with a third party, allegedly resulting in the invasion of Plaintiffs' and

Settlement Class Members' privacy (referred to herein as the "Pixel Disclosure"). Plaintiffs allege that the "Pixel Disclosure" occurred between January 1, 2018 and November 10, 2023.

## 4. Why is this a class action?

A class action is a lawsuit in which an individual called a "Class Representative" brings a single lawsuit on behalf of other people who have similar claims. In a class action settlement, all of these people together are a "Settlement Class" or "Settlement Class Members." When a class action is settled, the Settlement, which must be approved by the Court, resolves the claims for all Settlement Class Members, except for those who exclude themselves from the Settlement.

## 5. Why is there a settlement?

To resolve this matter without the expense, delay, and uncertainties of protracted litigation, the Parties reached a Settlement that, if approved by the Court, would resolve all claims brought on behalf of the Settlement Class related to the alleged Pixel Disclosure. If approved by the Court, the Settlement Agreement requires HealthPartners to provide cash compensation to Settlement Class Members who submit valid and timely Claim Forms. The Settlement is not an admission of wrongdoing by HealthPartners and does not imply that there has been, or would be, any finding that HealthPartners violated the law. The Court overseeing the Litigation has not determined that HealthPartners did anything wrong.

The Court already has preliminarily approved the Settlement Agreement. Nevertheless, because the settlement of a class action determines the rights of all members of the Settlement Class, the Court overseeing this Litigation must give final approval to the Settlement Agreement before it can be effective. The Court has conditionally certified the Settlement Class for settlement purposes only, so that members of the Settlement Class may be given notice and the opportunity to exclude themselves from the Settlement Class or to voice their support or opposition to final approval of the Settlement Agreement. If the Court does not grant final approval to the Settlement Agreement, or if it is terminated by the Parties, then the Settlement Agreement will be void, and the Litigation will proceed as if there had been no settlement and no certification of the Settlement Class.

## 6. How do I know if I am a part of the Settlement?

The Settlement class includes: all individuals who logged into healthpartners.com and virtuwell.com, between January 1, 2018 and November 10, 2023 ("Settlement Class").

Excluded from the Class are: (i) the officers and directors of Defendant and its affiliates, parents, and subsidiaries; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; (iii) any individual who timely and validly excludes themselves from the Settlement, and (iv) the successors or assigns of any such excluded persons. This

*QUESTIONS? VISIT WWW.XXXXXXXXXXXX.COM*

exclusion does not apply, and should not be read to apply, to those employees of Defendant who receive notification from the Settlement Administrator regarding this Settlement Agreement.

If you received a notice of this Settlement via mail or email, then you have been identified as a Settlement Class member based on Defendant's records.

## YOUR BENEFITS UNDER THE SETTLEMENT

| 7. What can I get from the Settlement? |
|---|

Settlement Class Members who file a valid and timely Claim Form may receive a pro rata cash payment from the Net Settlement Fund. The Net Settlement Fund is what remains of the $6,000,000 Settlement Fund following the payment of Notice and Settlement Administration Costs, Class Representative Service Awards ($2,500 per Class Representative), and Attorneys' Fees and Expenses Award (fees up to one third of the Settlement Fund or $2,000,000, plus expenses up to $50,000.00), subject to the Court's approval.

***To receive Settlement benefits, you must submit a Claim Form by _____***

| 8. When will I receive the benefits? |
|---|

If you timely submit a valid Claim Form for a cash payment, you will receive payment in the amount approved by the Settlement Administrator once the Settlement is Final and has become effective.

| 9. I want to be a part of the Settlement. What do I do? |
|---|

All Settlement Class Members are part of the Settlement unless they request to be excluded from it. To submit a claim for cash compensation, you must timely submit the Claim Form on the Settlement Website at www.xxxxxxxxxxx.com, or by mail to In re Group Health Plan Litigation c/o Atticus Administration [insert address]

You must submit any claims by <<date>>. There can be only one (1) valid and timely Claim per Settlement Class Member.

| 10. What am I giving up if I remain in the Settlement? |
|---|

By staying in the Settlement Class, you will give HealthPartners a "release," and all the Court's orders will apply to you and bind you. A release means you cannot sue or be part of any other lawsuit or other legal action against HealthPartners about or arising from the claims or issues in this Litigation, HealthPartners' use of Tracking Tools, or the alleged Pixel Disclosure.

The precise terms of the release are in the Settlement Agreement, which is available on the Settlement Website. Unless you formally exclude yourself from this Settlement, you will release your claims. If you have any questions, you can talk for free to Class Counsel identified below who have been

appointed by the Court to represent the Settlement Class, or you are welcome to talk to any other lawyer of your choosing at your own expense.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to remain in the Settlement, and instead want to keep any legal claims you may have against HealthPartners, then you must take steps to exclude yourself from this Settlement.

### 11. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail stating that you want to be excluded from *In re Group Health Plan Litigation*, Case No. 23-cv-00483 (D. Minn.) to the Settlement Administrator. Such notice must include: (1) the case name and number of the Litigation (*In re Group Health Plan Litigation*, Case No. 23-cv-00483); (2) your full name, address, and telephone number; (3) your personal and original signature; and (4) a written statement that you wish to be excluded from the Settlement. You may only request exclusion for yourself, and no one else can request exclusion for you. You must mail your exclusion request so that it is postmarked **no later than <<date>>**, to:

In re Group Health Plan Litigation
c/o Atticus Administration
[insert address]

### 12. If I exclude myself, do I still receive benefits from this Settlement?

No, if you submit an exclusion request, you will not receive anything from the Settlement, but you may sue HealthPartners over the claims raised in the Litigation.

## THE LAWYERS REPRESENTING THE SETTLEMENT CLASS

### 13. Do I have a lawyer in this case?

The Court has appointed the following attorneys to represent the Settlement Class as Class Counsel:

**Class Counsel**
Milberg Coleman Bryson Phillips Grossman, PLLC
c/o Gary M. Klinger
227 W. Monroe Street, Suite 2100
Chicago, IL 60606

Chestnut Cambronne PA
c/o Bryan L. Bleichner and Christopher P. Renz
100 Washington Ave., Ste. 1700
Minneapolis, MN 55401-2138

If you want to be represented by your own lawyer, you may hire one at your own expense.

*QUESTIONS? VISIT WWW.XXXXXXXXXXXX.COM*

## 14. How will the lawyers for the Settlement Class be paid?

Class Counsel will be paid from the Settlement Fund. Class Counsel will seek Court approval to be paid reasonable attorneys' fees up to one-third of the Settlement Fund (up to $2,000,000), plus their expenses incurred in the Litigation up to $50,000. The motion for attorneys' fees and expenses will be posted on the Settlement Website after it is filed.

# OBJECTING TO THE SETTLEMENT

## 15. How do I tell the Court that I do not like the Settlement?

If you are a Settlement Class Member, you can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement.  If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue.  If that is what you want to happen, you should object.

Any objection to the proposed settlement must be in writing. If you file a timely objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your attorney.  If you appear through your attorney, you are responsible for hiring and paying that attorney. In order to object to the Settlement, you must submit a written objection (such as a letter or legal brief) stating that you object and the reasons why you think the Court should not approve some or all of the Settlement. Your objection must include: (i) the case name and number of the Litigation; (ii) your full name, current address, telephone number, and email address; (iii) your personal and original signature; (iv) if you are represented by an attorney, or received assistance from an attorney in drafting your objection, the name, address, telephone number, and email address of the attorney; (v) a statement indicating the basis for your belief that you are a member of the Settlement Class; (vi) a statement as to whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class; (vii) a statement of the legal and/or factual basis for the Objection; (viii a list, including case name, court, and docket number, of all other cases in which you and/or your counsel have filed an objection to any proposed class action settlement in the past three (3) years; and (ix) a statement of whether you intend to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your attorney. If you are objecting and represented by counsel, and such counsel intends to speak at the Final Approval Hearing, your written objection must also include (1) the identity of witnesses whom you intend to call to testify at the Final Approval Hearing; (2) a description of any documents or evidence that you intend to offer at the Final Approval Hearing, and (3) a list, including case name, court, and docket number, of all other cases in which you or your attorney have filed an objection to any proposed class action settlement in the past three (3) years.

If you file an objection, you may still receive benefits under the Settlement so long as you timely file a valid claim. To be timely, written notice of an objection in the appropriate form described above must be filed with the Court no later than the Objection Deadline noted below and submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the District of Minnesota or by mailing them to the Court Clerk, United States District Court for the District of Minnesota, 316 N. Robert Street, Suite 100, St. Paul, MN 55101, and serving a copy of the filed objection on Class Counsel and Defendant's counsel at the following addresses:

### CLASS COUNSEL

Milberg Coleman Bryson Phillips Grossman, PLLC
c/o Gary M. Klinger
227 W. Monroe Street, Suite 2100
Chicago, IL 60606

Chestnut Cambronne PA
c/o Bryan L. Bleichner and Christopher P. Renz
100 Washington Ave., Ste. 1700
Minneapolis, MN 55401-2138

### DEFENDANT'S COUNSEL

Baker & Hostetler LLP
c/o Elizabeth Scully
1050 Connecticut Ave., N.W., Suite 1100
Washington, D.C. 20036

## THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to grant final approval of the Settlement. You may attend if you wish, but you are not required to do so.

| 16. Where and when is the Final Approval Hearing? |
| --- |

The Court has already given Preliminary Approval to the Settlement Agreement. A final hearing on the Settlement, called a Final Approval Hearing, will be held to determine the fairness of the Settlement Agreement.

The Court will hold a hearing on **<<date>>, at <<time>> CT** in the courtroom of the United States District Judge Jerry W. Blackwell, Courtroom 3B, which is located at the United States Courthouse, 316 N. Robert Street, Suite 100, St. Paul, Minnesota 55101. The purpose of the hearing will be for the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class and to determine the appropriate amount of compensation for Class Counsel and rule on the request for a Service Award for the Class Representatives. At that

hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed Settlement. The Court will then decide whether to approve the Settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THE FINAL APPROVAL HEARING TO RECIEVE BENEFITS FROM THIS SETTLEMENT. Please be aware that the hearing may be postponed to a later date without notice.

## GETTING MORE INFORMATION – CONTACT:

This notice only provides a summary of the proposed Settlement. Complete details about the Settlement can be found in the Settlement Agreement available on the Settlement Website.

**www.xxxxxxxxxxxxxx.com**

If you have any questions, you can contact the Settlement Administrator or Class Counsel at the phone numbers listed above. In addition to the documents available on the Settlement Website, all pleadings and documents filed in this Litigation may be reviewed or copied at the Clerk of Court's office.

**DO NOT CALL OR SEND ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, OR HEALTHPARTNERS OR ITS COUNSEL. ALL QUESTIONS ABOUT THE SETTLEMENT SHOULD BE REFERRED TO THE SETTLEMENT ADMINISTRATOR OR CLASS COUNSEL.**

# **EXHIBIT C**

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, STATE ZIP
PERMIT NO. XXXX

<<Barcode>> Class Member ID:

<<Refnum>>

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

In re Group Health Plan
Litigation
[address]

NOTICE OF CLASS ACTION
SETTLEMENT

You may be entitled to submit a claim
for monetary compensation under a
proposed class action settlement.

www.xxxxxxxxxx.com

## WHO IS A CLASS MEMBER?

In the lawsuit *In re Group Health Plan Litigation*, No. 23-cv-00483 (D. Minn.), to determine if the you are a Settlement Class Member if you logged into healthpartners.com and Settlement is fair, reasonable, and adequate. You may appear at the Final virtuwell.com, between January 1, 2018 and November 10, 2023 (the "Settlement Approval Hearing, but you do not have to.
Class"). You are receiving this notice because you have been identified as a **Who are the attorneys for the Plaintiffs and the proposed Settlement Class?**
Settlement Class member according to Defendant's records.                                                The Court appointed Bryan L. Bleichner, Christopher P. Renz and Gary M.
In the lawsuit, Plaintiffs allege that Defendant Group Health, Inc., d/b/a Klinger as Class Counsel to represent the Settlement Class. If you want to be
HealthPartners ("HealthPartners") used certain Internet tracking technology represented by your own lawyer, you may hire one at your own expense.
supplied by a third party, including a piece of code known as a "pixel" (referred **Do I have any obligation to pay attorneys' fees or expenses?** No. Any
to herein as "Tracking Tools"), on its websites, that allegedly may have caused attorneys' fees and expenses will be paid exclusively from the Settlement Fund
certain personal or health-related information to have been disclosed to a vendor as approved by the Court. The motion for attorneys' fees and expenses will be
or third party. HealthPartners denies any wrongdoing and all the claims asserted posted on the Settlement Website after it is filed with the Court.
against it, and the Court has not ruled that HealthPartners did anything wrong.          **What is the amount of the Class Representative Service Awards?** The named
                                                                                        Plaintiffs, also called the Class Representatives, will seek Service Awards in the
## WHAT ARE THE SETTLEMENT BENEFITS AND TERMS?                                          amount of $2,500 each for their efforts in this case.
Settlement Class Members who submit a valid Claim Form may receive a pro rata **Who is the Judge overseeing this settlement?** Jerry W. Blackwell, United States
cash payment from the Net Settlement Fund. The Net Settlement Fund is what District Judge, District of Minnesota.
remains of the $6,000,000 Settlement Fund following the payment of the Notice **Where can I learn more about the case, the Settlement, and my options?**
and Settlement Administration Costs, any Class Representative Service Awards www.xxxxxxxxxxxxxx.com.
($2,500 per Class Representative), and any Attorneys' Fees and Expenses Award
(up to one-third (i.e. $2,000,000) of the Settlement Fund, plus up to $50,000 in
expenses). More information, including a copy of the Settlement Agreement, is
available at www.xxxxxxxxxxxxxx.com.

## WHAT ARE YOUR RIGHTS AND OPTIONS?

**Submit a Claim Form.** To qualify for a cash payment, you must timely mail a
Claim Form that is attached to this notice or complete and submit a Claim Form
online at www.xxxxxxxxxxxxxx.com. Your Claim Form must be postmarked or
submitted online no later than _____ 2024.
**Opt-Out.** You may exclude yourself from the Settlement and retain your ability
to sue Group Health by mailing a written request for exclusion to the Settlement
Administrator that is postmarked no later than _____, 2024. If you do not
exclude yourself, you will be bound by the Settlement and give up your right to
sue regarding the released claims.
**Object.** If you do not exclude yourself, you have the right to object to the
Settlement. Written objections must be filed with the Court no later than
_____ 2024, and provide the reasons for the objection.
**Do Nothing.** If you do nothing, you will not receive a Settlement payment and
will lose the right to sue regarding the released claims. You will be bound by the
Court's decision because this is a conditionally certified class action.
**Attend the Final Approval Hearing.** The Court will hold a Final Approval

Hearing at _____ .m. on _____, 2025, in the U.S. District Courthouse
at 316 N. Robert Street, Suite 100, St. Paul, Minnesota 55101, to determine if the

In re Group Health Plan Litigation
[insert address]

<<B a r c o d e>> Class Member ID:
<<Refnum>>

## CLAIM FORM

Claims for a cash payment must be postmarked no later than _____, 2024. You may also submit a Claim Form online at www.xxxxxxxxx.com no later than _____, 2024.

NAME: _____

ADDRESS: _____

**Cash Payment:** Would you like to receive a cash payment under the Settlement? (circle one)    Yes    No

If you are a Settlement Class Member, you may receive a cash payment from the Net Settlement Fund after all claims are received.

**Select from one of the following payment options:**

*PayPal _____    *Venmo _____    *Zelle_____    *Virtual Prepaid Card _____    (requires an email address)    Check _____

*Please provide your email address or phone number associated with your PayPal, Venmo or Zelle account, or email address for the Virtual Prepaid card:

_____

By signing my name below, I confirm that I would like to receive a cash payment under the Settlement.

_____
(signature)

# __EXHIBIT D__

# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: Group Health Plan Litigation | Case No. 23-cv-00267 (JWB/DJF) |
| | **PROPOSED ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement between Plaintiffs Kelly Vriezen, Sandra Tapp, and Kaye Lockrem, for themselves and on behalf of the Settlement Class, and Defendant Group Health Plan, Inc. d/b/a HealthPartners ("Group Health") for consideration of whether the Settlement reached by the parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved. Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed notice plan approved.[1] Accordingly, good cause appearing in the record, Plaintiffs' Motion is GRANTED, and **IT IS HEREBY ORDERED THAT**:

### Provisional Certification of the Settlement Class

(1)     The Court provisionally certifies the following Settlement Class:

---

[1]     Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement.

All individuals who logged into healthpartners.com and virtuwell.com, between January 1, 2018 and November 10, 2023 ("Settlement Class").

Excluded from the Class are: (i) the officers and directors of Defendant and its affiliates, parents, and subsidiaries; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; (iii) any individual who timely and validly excludes themselves from the Settlement, and (iv) the successors or assigns of any such excluded persons. This exclusion does not apply, and should not be read to apply, to those employees of Defendant who receive notification from the Settlement Administrator regarding this Settlement Agreement

This Settlement Class is provisionally certified for purposes of settlement only.

(2)     The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

(3)     Plaintiffs Kelly Vriezen, Sandra Tapp, and Kaye Lockrem are designated and appointed as the Settlement Class Representatives.

(4)     The following lawyers, who were previously appointed by the Court as interim Co-lead Counsel, are designated as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g): Bryan L. Bleichner of Chestnut Cambronne PA; and Gary M. Klinger of Milberg Coleman Bryson

Phillips Grossman PLLC. The Court finds that these lawyers are experienced and will adequately protect the interests of the Settlement Class.

<strong><u>Preliminary Approval of the Proposed Settlement</u></strong>

(5)    Upon preliminary review, the Court finds the proposed Settlement is fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

<strong><u>Final Approval Hearing</u></strong>

(6)    A Final Approval Hearing shall take place before the Court on _____, 2025, at ___ a.m./p.m. in Courtroom 3B before the Honorable Jerry W. Blackwell, United States District Court Judge, United States Courthouse, 316 N. Robert Street, St. Paul, Minnesota to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Consolidated Class Action Complaint and Litigation should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved; and (f) the application for Service Awards should be approved. Any other matters the Court deems necessary and appropriate will also be addressed at the hearing.

(7)    Class Counsel shall submit their application for fees, costs, and expenses and the application for Service Awards 30 days before the Final Approval Hearing. Objectors, if any, shall file any response to Class Counsel's motions no later than 17 days prior to the Final Approval Hearing. By no later than 10 days prior to the Final Approval Hearing, responses shall be filed, if

3

any, to any filings by objectors, and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses and for Service Awards shall be filed.

(8)    Any Settlement Class Member that has not timely and properly excluded itself from the Settlement Class in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude itself from the Settlement Class shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

### Administration

(9)    Atticus Administration, LLC is appointed as the Settlement Administrator, with responsibility for Claims Administration, the Notice Program, and all other obligations of the Claims Administrator as set forth in the Settlement. The Settlement Administrator's fees, as well as all other costs and expenses associated with notice and administration, will be paid out of the Settlement Fund, as provided in the Settlement.

### Notice to the Class

(10)    The Notice Program set forth in the Settlement, including the forms of notice set forth therein, as well as the Notice and Claim Form attached as exhibits to the Longley Declaration, satisfy the requirements of Federal Rule of Civil Procedure 23 and due process and thus are approved. Non-material modifications to the exhibits may be made without further order

of the Court. The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement and to perform all other tasks that the Settlement requires.

(11)    The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Settlement and exhibits: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

### Exclusions from the Class

(12)    Any Settlement Class Member that wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude itself to the Settlement Administrator, Class Counsel, and Group Health's counsel at the addresses provided in the Notice, postmarked no later than _____ [90 days after the date of this Order] (the "Opt-Out Deadline") and sent via first class postage pre-paid United States mail. The written notification must include the name of this Litigation (*In Re: Group Health Plan Litigation*, Case No. 23-cv-00267 (JWB/DJF) (D. Minn.)); the full name, address, and telephone number of the Settlement Class Member; the name, address, email address, telephone number, position, and signature of the individual who is acting on behalf of the Settlement Class Member; and the words "Request for Exclusion" at the top of the document or a statement in the body of the document requesting exclusion from the Settlement. If the Settlement Class Member fails to provide all of the required

information on or before the deadlines specified in the Settlement and fails to cure any deficiency within the time allowed in the Settlement, then its attempt to opt out shall be invalid and have no legal effect, and the Settlement Class Member shall be bound by the Settlement, including the releases, if finally approved.

(13)    All Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement shall not receive any benefits of or be bound by the terms of the Settlement. Any Settlement Class Member that does not timely and validly exclude itself from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member that has not submitted a timely, valid written notice of exclusion from the Settlement (in accordance with the requirements of the Settlement) shall be bound by all subsequent proceedings, orders and judgments in this matter, the Settlement, including but not limited to the releases set forth in the Settlement, and the Final Approval Order and Judgment.

(14)    The Settlement Administrator shall provide the parties with copies of all opt-out notifications promptly upon receipt, and a final list of all that have timely and validly excluded themselves from the Settlement Class in accordance with the terms of the Settlement, which Class Counsel may move to file under seal with the Court no later than ten (10) days prior to the Final Approval Hearing.

## Objections to the Settlement

(15)    A Settlement Class Member that complies with the requirements of this Order may object to the Settlement, the request of Class Counsel for an award of attorneys' fees, costs, and expenses, and/or the request for Service Awards.

(16)    No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by

6

the Court, unless the objection is (a) electronically filed with the Court by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Class Counsel, and Group Health's Counsel, at the addresses listed in the Notice, and postmarked by no later than the Objection Deadline, which shall be _____ [90 days after the date of this Order], as specified in the Notice. Objections shall not exceed twenty-five (25) pages. For the objection to be considered by the Court, the objection shall set forth:

a.   the name of the Litigation (*In Re: Group Health Plan Litigation*, Case No. 23-cv-00267 (JWB/DJF) (D. Minn.));

b.   the full name of the objector and the full name, address, telephone number, and email address of the person acting on its behalf;

c.   the Settlement Class Member's personal and original signature;

d.   if the objecting Settlement Class Member is represented by an attorney, or received assistance from an attorney in drafting his or her objection, the name, address, telephone number, and email address of the attorney;

e.   a statement indicating the basis for the objecting Settlement Class Member's belief that he or she is a member of the Settlement Class;

f.   a statement of whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class;

g.   a statement of the legal and/or factual basis for the Objection;

h.   a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years; and

     i.     a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel..

(17)    In addition, any Settlement Class Member that objects to the proposed Settlement must make itself available to be deposed regarding the grounds for its objection and must provide along with its objection the dates when the objector will be available to be deposed during the period from when the objection is filed through the date five days before the Final Approval Hearing.

(18)    Any Settlement Class Member that fails to comply with the provisions in this Order will waive and forfeit any and all rights it may have to object, and shall be bound by all the terms of the Settlement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the releases in the Settlement, if finally approved. Any Settlement Class Member who both objects to the Settlement and opts out will be deemed to have opted out and the objection shall be deemed null and void.

### Claims Process and Distribution Plan

(19)    The Settlement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form. The Court preliminarily approves this process.

(20)    Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Settlement is finally approved, all Settlement Class Members that qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and Claim Form shall be forever barred from receiving any such

benefit, but will in all other respects be subject to and bound by the provisions of the Settlement, including the releases included in the Settlement, and the Final Approval Order and Judgment.

## **Termination of the Settlement and Use of this Order**

(21)    This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

(22)    If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Group Health of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that its claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims it may have in this Litigation or in any other lawsuit.

## **Stay of Proceedings**

(23)    Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

**Continuance of Final Approval Hearing**

(24)      The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

**Actions by Settlement Class Members**

(25)      The Court stays and enjoins, pending Final Approval of the Settlement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against Group Health related to the Defendant's alleged use of Tracking Tools.

**Summary of Deadlines**

(26)      The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include but are not limited to the following:

- Notice Deadline: [30 days after entry of this Order]

- Objection and Opt-Out Deadline: [90 days after entry of this Order]

- Claims Deadline: [210 days after entry of this Order]

- Final Approval Hearing: [a date to be set by the Court no earlier than 230  days after entry of this order]

- Application for Attorneys' Fees, Expenses and Service Awards ("Fee Application") [30 days before the Final Approval Hearing]

- Motion for Final Approval of the Settlement ("Final Approval Motion"): [30 days before the Final Approval Hearing]

10

- Objectors', if any, Response to Final Approval Motion and Fee Application [17 days before the Final Approval Hearing]

- Replies in Support of Final Approval and Fee Motion [10 days before the Final Approval Hearing]

IT IS SO ORDERED this ____ day of _____, 2024.

_____
The Honorable Jerry W. Blackwell
United States District Court Judge
District of Minnesota