# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: Group Health Plan Litigation | Case No. 23-cv-00267 (JWB/DJF) <br><br> **PROPOSED ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter is before the Court on Plaintiffs' Unopposed Amended Motion for Preliminary Approval of the Settlement between Plaintiffs Kelly Vriezen, Sandra Tapp, and Kaye Lockrem, for themselves and on behalf of the Settlement Class, and Defendant Group Health Plan, Inc. d/b/a HealthPartners ("Group Health") for consideration of whether the Settlement reached by the parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved. Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed notice plan approved.[1] Accordingly, good cause appearing in the record, Plaintiffs' Motion is GRANTED, and **IT IS HEREBY ORDERED THAT**:

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement.

**Provisional Certification of the Settlement Class**

(1) The Court provisionally certifies the following Settlement Class:

All individuals who logged into healthpartners.com and virtuwell.com, between January 1, 2018 and November 10, 2023

("Settlement Class").

Excluded from the Class are: (i) the officers and directors of Defendant and its affiliates, parents, and subsidiaries; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; (iii) any individual who timely and validly excludes themselves from the Settlement, and (iv) the successors or assigns of any such excluded persons. This exclusion does not apply, and should not be read to apply, to those employees of Defendant who receive notification from the Settlement Administrator regarding this Settlement Agreement

This Settlement Class is provisionally certified for purposes of settlement only.

(2) The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

(3) Plaintiffs Kelly Vriezen, Sandra Tapp, and Kaye Lockrem are designated and appointed as the Settlement Class Representatives.

(4) The following lawyers, who were previously appointed by the Court as interim Co-lead Counsel, are designated as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g): Bryan L. Bleichner of Chestnut Cambronne PA; and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC. The Court finds that these lawyers are experienced and will adequately protect the interests of the Settlement Class.

## **Preliminary Approval of the Proposed Settlement**

(5) Upon preliminary review, the Court finds the proposed Settlement is fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

## **Final Approval Hearing**

(6) A Final Approval Hearing shall take place before the Court on _____, 2025, at ___ a.m./p.m. in Courtroom 3B before the Honorable Jerry W. Blackwell, United States District Court Judge, United States Courthouse, 316 N. Robert Street, St. Paul, Minnesota to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Consolidated Class Action Complaint and Litigation should be dismissed with prejudice;

(c) Settlement Class Members should be bound by the releases set forth in the Settlement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved; and (f) the application for Service Awards should be approved. Any other matters the Court deems necessary and appropriate will also be addressed at the hearing.

(7) Class Counsel shall submit their application for fees, costs, and expenses and the application for Service Awards 30 days before the Final Approval Hearing. Objectors, if any, shall file any response to Class Counsel's motions no later than 17 days prior to the Final Approval Hearing. By no later than 10 days prior to the Final Approval Hearing, responses shall be filed, if any, to any filings by objectors, and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses and for Service Awards shall be filed.

(8) Any Settlement Class Member that has not timely and properly excluded itself from the Settlement Class in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude itself from the Settlement Class shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

### Administration

(9) Atticus Administration, LLC is appointed as the Settlement Administrator, with responsibility for Claims Administration, the Notice Program, and all other obligations of the Claims Administrator as set forth in the Settlement. The Settlement Administrator's fees, as well as all other costs and expenses associated with notice and administration, will be paid out of the Settlement Fund, as provided in the Settlement.

### Notice to the Class

(10) The Notice Program set forth in the Settlement, including the forms of notice set forth therein, as well as the Notice and Claim Form attached as exhibits to Settlement Agreement, satisfy the requirements of Federal Rule of Civil Procedure 23 and due process and thus are approved. Non-material modifications to the exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement and to perform all other tasks that the Settlement requires.

(11) The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Settlement and exhibits: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court

further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

## Exclusions from the Class

(12)   Any Settlement Class Member that wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude itself to the Settlement Administrator, Class Counsel, and Group Health's counsel at the addresses provided in the Notice, postmarked no later than the Opt-Out Date as defined in the Settlement Agreement, and sent via first class postage pre-paid United States mail. The written notification must include the name of this Litigation (*In Re: Group Health Plan Litigation*, Case No. 23-cv-00267 (JWB/DJF) (D. Minn.)); the full name, address, and telephone number of the Settlement Class Member; the name, address, email address, telephone number, position, and signature of the individual who is acting on behalf of the Settlement Class Member; and the words "Request for Exclusion" at the top of the document or a statement in the body of the document requesting exclusion from the Settlement. If the Settlement Class Member fails to provide all of the required information on or before the deadlines specified in the Settlement and fails to cure any deficiency within the time allowed in the Settlement, then its attempt to opt out shall be invalid and have no legal effect, and the Settlement Class Member shall be bound by the Settlement, including the releases, if finally approved.

(13)   All Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement shall not receive any benefits of or be bound by the terms of the Settlement. Any Settlement Class Member that does not timely and validly

exclude itself from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member that has not submitted a timely, valid written notice of exclusion from the Settlement (in accordance with the requirements of the Settlement) shall be bound by all subsequent proceedings, orders and judgments in this matter, the Settlement, including but not limited to the releases set forth in the Settlement, and the Final Approval Order and Judgment.

(14) The Settlement Administrator shall provide the parties with copies of all opt-out notifications promptly upon receipt, and a final list of all that have timely and validly excluded themselves from the Settlement Class in accordance with the terms of the Settlement, which Class Counsel may move to file under seal with the Court no later than ten (10) days prior to the Final Approval Hearing.

## Objections to the Settlement

(15) A Settlement Class Member that complies with the requirements of this Order may object to the Settlement, the request of Class Counsel for an award of attorneys' fees, costs, and expenses, and/or the request for Service Awards.

(16) No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) electronically filed with the Court by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Class Counsel, and Group Health's Counsel, at the addresses listed in the Notice, and postmarked by no later than the Objection Deadline defined in Paragraph 55 of the Settlement Agreement, and as specified in the Notice. Objections shall not exceed twenty-

five (25) pages. For the objection to be considered by the Court, the objection shall set forth:

    a.    the name of the Litigation (*In Re: Group Health Plan Litigation*, Case No. 23-cv-00267 (JWB/DJF) (D. Minn.));

    b.    the full name of the objector and the full name, address, telephone number, and email address of the person acting on its behalf;

    c.    the Settlement Class Member's personal and original signature;

    d.    if the objecting Settlement Class Member is represented by an attorney, or received assistance from an attorney in drafting his or her objection, the name, address, telephone number, and email address of the attorney;

    e.    a statement indicating the basis for the objecting Settlement Class Member's belief that he or she is a member of the Settlement Class;

    f.    a statement of whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class;

    g.    a statement of the legal and/or factual basis for the Objection;

    h.    a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past three (3) years; and

    i.    a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel..

(17) In addition, any Settlement Class Member that objects to the proposed Settlement must make itself available to be deposed regarding the grounds for its objection and must provide along with its objection the dates when the objector will be available to be deposed during the period from when the objection is filed through the date five days before the Final Approval Hearing.

(18) Any Settlement Class Member that fails to comply with the provisions in this Order will waive and forfeit any and all rights it may have to object, and shall be bound by all the terms of the Settlement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the releases in the Settlement, if finally approved. Any Settlement Class Member who both objects to the Settlement and opts out will be deemed to have opted out and the objection shall be deemed null and void.

## Claims Process and Distribution Plan

(19) The Settlement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form. The Court preliminarily approves this process.

(20) Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Settlement is finally approved, all Settlement Class Members that qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound

by the provisions of the Settlement, including the releases included in the Settlement, and the Final Approval Order and Judgment.

### **Termination of the Settlement and Use of this Order**

(21) This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

(22) If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Group Health of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that its claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims it may have in this Litigation or in any other lawsuit.

### Stay of Proceedings

(23) Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

### Continuance of Final Approval Hearing

(24) The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

### Actions by Settlement Class Members

(25) The Court stays and enjoins, pending Final Approval of the Settlement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against Group Health related to the Defendant's alleged use of Tracking Tools.

### Summary of Deadlines

(26) The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include but are not limited to the following:

- Notice Deadline: [60 days after entry of this Order]

- Objection and Opt-Out Deadline: [120 days after entry of this Order]

- Claims Deadline: [150 days after entry of this Order]

- Final Approval Hearing: [a date to be set by the Court no earlier than 230 days after entry of this order]

- Application for Attorneys' Fees, Expenses and Service Awards ("Fee Application") [30 days before the Final Approval Hearing]

- Motion for Final Approval of the Settlement ("Final Approval Motion"): [30 days before the Final Approval Hearing]

- Objectors', if any, Response to Final Approval Motion and Fee Application [17 days before the Final Approval Hearing]

- Replies in Support of Final Approval and Fee Motion [10 days before the Final Approval Hearing]

IT IS SO ORDERED this ____ day of _____, 2024.

_____
The Honorable Jerry W. Blackwell
United States District Court Judge
District of Minnesota