UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re: Group Health Plan Litigation          Civ. No. 23-267 (JWB/DJF)

**FINAL APPROVAL ORDER
AND JUDGMENT**

Before this Court is Plaintiff's Motion for Final Approval of Class Action Settlement ("Motion"), as well as Plaintiffs' Application for an Award of Attorneys' Fees and Class Representative Awards. The Court has reviewed the Motion, its supporting documents, compliance with the notice required by the Court, and the underlying Settlement Agreement between Plaintiffs Kelly Vriezen, Sandra Tapp, and Kaye Lockrem and Defendant Group Health Plan, Inc. d/b/a HealthPartners ("Group Health"). After reviewing Plaintiff's Motion, and having a hearing regarding the same, this Court grants the Motion and concludes that the proposed Settlement is fair, reasonable, and adequate and certifies the Settlement Class for settlement purposes.

**IT IS HEREBY ORDERED** that:

1.    The Settlement Agreement,[1] including the proposed Notice Plan and forms of Notice to the Class, the appointment of Plaintiffs Kelly Vriezen, Sandra Tapp, and Kaye

---

[1] All capitalized terms used in this Order shall have the same meanings as set for in the Settlement Agreement, a true and correct copy of which is attached as Exhibit 1 to the Declaration of Christopher P. Renz in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Notice Plan (Doc. No. 140) (hereinafter the "Settlement" or "Settlement Agreement").

Lockrem as the Class Representatives, the appointment of Class Counsel for Plaintiffs and the Settlement Class, the approval of Atticus Administration, LLC ("Atticus") as the Settlement Administrator, the cash payments provided under the terms of the Settlement and the proposed method of distributing the Settlement benefits, are fair, reasonable, and adequate, as well as entered into in good faith, at arms' length and without collusion.

2. Neither this Order, the related Judgment, or the Settlement shall constitute an admission of liability or wrongdoing by any of the parties.

3. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court does hereby approve and certify, for settlement purposes, the following Settlement Class:

> All individuals who logged into healthpartners.com or virtuwell.com between January 1, 2018 and November 10, 2023. Excluded from the Class are: (i) the officers and directors of Defendant and its affiliates, parents, and subsidiaries; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and judicial staff; (iii) any individual who timely and validly excludes themselves from the Settlement, and (iv) the successors or assigns of any such excluded persons. This exclusion does not apply, and should not be read to apply, to those employees of Defendant who receive notification from the Settlement Administrator regarding this Settlement Agreement.

4. Pursuant to Fed. R. Civ. P. 23(c)(3), all such persons who satisfy the Settlement Class definition above are members of the Settlement Class. All members of the Settlement Class, other than the 67 who opted out of the Settlement, are bound by this Final Approval Order.

5. The Court has reviewed the single objection to this Settlement, filed with the Court at Doc. No. 147. Having reviewed the objection, and Class Counsel's response thereto, the objection is overruled.

6. The Court grants final approval to its appointment of Kelly Vriezen, Sandra Tapp, and Kaye Lockrem as Class Representatives. The Court finds that the Class Representatives are similarly situated to absent Settlement Class Members, are typical of the Settlement Class, and are adequate Class Representatives, and that Class Counsel and Class Representatives have fairly and adequately represented the Class.

7. The Court grants final approval to its appointment of Class Counsel as provided for in the Preliminary Approval Order (Doc. No. 146). Class Counsel have extensive experience handling class action cases and have thoroughly represented the Class's interests in this case.

8. For purposes of settlement, based on the information provided: the Settlement Class is ascertainable; it consists of roughly 978,305 Settlement Class Members satisfying numerosity; there are common questions of law and fact including whether the alleged communications and information that were transmitted as a result of the Pixel Installation were private or confidential information, and whether the Settlement Class should have had an expectation of privacy in interacting with the websites at issue; the proposed Class Representatives' claims are typical in that they are members of the Settlement Class, they had similar interactions with the same websites of Defendant and they allege they were damaged by the same conduct as the other members of the Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Settlement Class; questions of law and fact common to members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and

efficient adjudication of this Litigation.

9. The Notice Plan was appropriate and appropriately implemented by Atticus and distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement, and the Notice to Class Members complied with Fed. R. Civ. P. 23, due process, and any other applicable law.

10. The Court orders the following actions to be taken by the following deadlines, which deadlines were previously approved by this Court (Doc. No. 146), whether explicitly or through approval of the Settlement and the deadlines set forth therein:

   a. The final approval in this Order will be effective 35 days after its issuance (the "Effective Date"); and

   b. The Settlement Administrator shall deactivate the Settlement Website ninety (90) days after the Effective Date.

11. The Settlement Administrator shall execute the following distributions from the Common Fund as follows:

   a. Settlement Administrator shall issue Settlement Payments in accordance with the amounts and means described in Paragraph 36 and 37 of the Settlement within thirty (30) days after the Effective Date.

   b. Settlement Administrator will issue a reminder notice to any Settlement Class Member who did not claim their Settlement Payment within seventy-five (75) days of issuance.

   c. Settlement Administrator will provide a replacement Settlement Payment to any Settlement Class Member who requests a replacement Settlement

        Payment within 120 days after its issuance and any such Settlement Class Member will have 60 days to redeem the Settlement Payment.

    d.  Settlement Administrator will make reasonable efforts to find a valid address and resend the Settlement Payment within 30 days for any Settlement Payment returned to the Settlement Administrator as undeliverable.

    e.  One hundred twenty (120) days following the last payment issued by the Settlement Administrator in accordance with subparts a-d above, the Settlement Administrator shall take any amounts remaining in the Common Fund, including as a result of payments having not been deposited by Class Members, and pay them to the *cy pres* recipient.

12.    Within 30 days of the deadline in subpart 9.e above, the parties shall file a Post-Distribution Accounting, which provides the following information: the number and value of Settlement Payments redeemed, the number of Settlement Payments sent but not redeemed, and the amounts distributed to the *cy pres* recipient.

13.    Upon the date of this Final Approval Order and Judgment, Plaintiffs and each and every Settlement Class Member who did not opt out of the Settlement Class (whether or not such members submit claims), and each of their respective present or past spouses, heirs, estates, trustees, principals, beneficiaries, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, and/or anyone claiming through them or acting or purporting to act for them or on their behalf ("Releasing Persons") shall be deemed to have fully, finally, and forever completely

5

released, relinquished, and discharged the Defendant and Defendant's past or present parents, subsidiaries, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as each of Defendant's and these entities' respective predecessors, successors, assigns, shareholders, members, trustees, directors, officers, employees, principals, agents, attorneys, representatives, providers, advisors, consultants, contractors, vendors, partners, insurers, reinsurers, and subrogees, and includes, without limitation, any Person related to any such entity who could have been named as a defendant in this Litigation ("Released Persons") from any and all past, present, and future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees and costs, losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown, or capable of being known, in law or equity, fixed or contingent, accrued or unaccrued, direct or indirect, matured or not matured, individual or representative, of every nature and description whatsoever, that arise out of, or are based upon or connected to, or relate in any way to the alleged disclosure of personal and/or health-related information of Plaintiffs and Settlement Class Members to any third party, including but not limited to Meta (formerly known as Facebook) as a result of any use of Tracking Tools on Defendant's websites and patient portal, including but not limited to www.healthpartners.com, and www.virtuwell.com, between January 1, 2018 and November 10, 2023, or Defendant's use of Tracking Tools, the allegations in the Complaint, or that were or could have been asserted in the Litigation (the "Release").

        14.    The Released Claims include the release of Unknown Claims. "Unknown

6

Claims" means any of the Released Claims that could have been raised in the Litigation and that any of the Plaintiffs and each of the Releasing Persons do not know to exist or suspect to exist, which, if known by them, might affect their agreement to release Defendant and all other Released Persons, or might affect their decision to agree to, or object or not to object to, or participate or not participate in the Settlement. With respect to any and all Released Claims, the Parties have stipulated and agreed that upon the date of this Final Approval Order and Judgment, Plaintiffs (on behalf of themselves and each Settlement Class Member) expressly shall have, and by operation of this Final Approval Order and Judgment the Releasing Persons shall have, released any and all Released Claims, including Unknown Claims. Plaintiffs (on behalf of themselves and each Settlement Class Member) may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and all other Releasing Persons shall be deemed to have, and by operation of this Final Approval Order and Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims. Upon the date of this Final Approval Order and Judgment, the Plaintiff expressly shall have, and all other Releasing Persons shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished for the Released Claims, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF

EXECUTING THE RELEASE, AND THAT IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the date of this Final Judgment Date, the Plaintiff expressly shall have, and all other Releasing Persons also shall be deemed to have, and by operation of the Judgment shall have, waived for the Released Claims any and all provisions, rights and benefits conferred by any law of any state or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to § 1542 of the California Civil Code. The Releasing Persons acknowledged that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph. The Settling Parties acknowledged, and the Releasing Persons shall be deemed by operation of this Final Approval Order and Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement.

15. Upon the date of this Final Approval Order and Judgment, the Plaintiffs, Settlement Class Members and Releasing Persons shall be enjoined from prosecuting the Released Claims in any proceeding in any forum against any of the Released Persons, or based on any actions taken by any Released Persons authorized or required by the Settlement Agreement or the Court or an appellate court as part of the approved Settlement.

16. The Court finds that the planned distribution method set forth herein is fair,

reasonable, and adequate and treats all Class Members equitably relative to each other.

17. The Court awards Class Counsel a Fee Award of $2,000,000.00, inclusive of attorneys' costs and expenses.

18. The Court awards a Service Award of $2,500.00 to be paid to each of the Class Representatives Kelly Vriezen, Sandra Tapp, and Kaye Lockrem for their time and contributions in participating in the above-captioned litigation on behalf of the Class.

19. This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the lawsuit. This Final Approval Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Defendant, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Approval Order and Judgment shall

not be construed or admissible as an admission by Defendant that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval Order and Judgment that are maintained by, or on behalf of, Plaintiffs, any Settlement Class Member, or any other Releasing Persons subject to the provisions of this Final Approval Order and Judgment.

20.     If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, Defendant will pay amounts already billed or incurred for costs of notice to the Settlement

Class, and Claims Administration, and will not, at any time, seek recovery of same from any other Party to the Litigation or from counsel to any other Party to the Litigation.

21. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994) and the parties' agreement, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

22. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes. This includes, among other things: (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement and the Final Approval Order and Judgment; and (ii) supervising the administration and distribution of the Settlement Fund and resolving any disputes that may arise with regard to the foregoing. The Court's exclusive and continuing jurisdiction over the above-captioned matter and Parties shall include, without limitation, the Court's power to enforce the bar against Settlement Class Members' prosecution of Released Claims against Released Persons pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law. The Court's reservation of jurisdiction concludes once the Settlement becomes Final, as that term is defined in the Settlement.

23. This Order resolves all claims against all Parties in this action and is a final order.

24. The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: July 9, 2025              _s/ Jerry W. Blackwell_____
                                JERRY W. BLACKWELL
                                United States District Judge